1 | JOHN P. LeCRONE (State Bar No. 115875)
    johnlecrone@dwt.com
2 | JONATHAN L. SEGAL (State Bar No. 264238)
    jonathansegal@dwt.com
3 | EVELYN F. WANG (State Bar No. 273622)
    evelynwang@dwt.com
4 | DAVIS WRIGHT TREMAINE LLP
    865 South Figueroa Street, 24th Floor
5 | Los Angeles, California 90017-2566
    Telephone: (213) 633-6800
6 | Fax: (213) 633-6899

7 | Attorneys for Defendants
8 | REDFLEX TRAFFIC SYSTEMS, INC., and
    REDFLEX TRAFFIC SYSTEMS
9 | (CALIFORNIA), INC.

FILED
CLERK, U.S. DISTRICT COURT

MAY 2 - 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

10

11 |                UNITED STATES DISTRICT COURT

12 |                CENTRAL DISTRICT OF CALIFORNIA

13

14 | AARON M. ROSENBERG, an          ) Case No. CV14-3420 GW RZx
     individual,                     )
15 |                                 )
                  Plaintiff,         ) NOTICE OF REMOVAL OF
16 |                                 ) ACTION UNDER 28 U.S.C. § 1441
          vs.                        ) (DIVERSITY)
17 | REDFLEX TRAFFIC SYSTEMS, INC.,  )
     an Arizona corporation; REDFLEX )
18 | TRAFFIC SYSTEMS (CALIFORNIA),   )
     INC., a California corporation; )
19 | REDFLEX TRAFFIC SYSTEMS, INC., a)
     Delaware corporation; REDFLEX   )
20 | HOLDINGS LIMITED, an Australian  )
     form of entity unknown; and DOES 1 )
21 | through 25, inclusive,          )
                                     )
22

23

24

25

26

27

28

NOTICE OF REMOVAL
DWT 23988645v4 0090234-000018

1  **TO THE CLERK OF THE COURT OF THE UNITED STATES DISTRICT**
2  **COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**
3  **PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441 and 1446,
4  defendant and petitioner Redflex Traffic Systems, Inc., a Delaware Corporation,
5  ("Defendant") hereby removes to this Court the state action described below.  In
6  support of this Notice of Removal, Defendant alleges as follows:
7        1.    On or about February 19, 2014, plaintiff Aaron M. Rosenberg
8  ("Plaintiff") filed the above-entitled action as Civil Case No. BC536891 in the
9  Superior Court of the State of California, County of Los Angeles ("State Action").
10  (A true and correct copy of the Complaint for Damages (the "Complaint") is attached
11  hereto as **Exhibit A**.)  The Complaint alleges claims for wrongful termination in
12  violation of public policy, violation of California Labor Code § 1102.5, and violation
13  of California Labor Code § 2802 against Defendant, sham defendant Redflex Traffic
14  Systems (California), Inc., ("Sham Defendant"), Redflex Holdings Limited, and
15  Arizona corporation Redflex Traffic Systems, Inc., which does not exist.
16        2.    Redflex Holdings Limited has not been served in this lawsuit.  There is
17  no Arizona corporation known as Redflex Traffic Systems, Inc.  (Declaration of
18  Robert DeVincenzi filed concurrently ("DeVincenzi Decl."), at ¶ 3; Declaration of
19  John LeCrone filed concurrently ("LeCrone Decl."), at ¶ 7.)  Plaintiff served a copy
20  of the Summons and Complaint in the State Action on Defendant's agent for service
21  of process on April 4, 2014.  A true and correct copy of the Summons received by
22  Defendant is attached as **Exhibit B**.  Plaintiff also served a copy of the Summons and
23  Complaint in the State Action on Sham Defendant's agent for service of process on
24  April 4, 2014.  A true and correct copy of the Summons received by Sham Defendant
25  is attached as **Exhibit C**.  Accordingly, this Notice of Removal is timely filed within
26  the 30-day period set forth in 28 U.S.C. § 1446(b).  *See, Murphy Bros., Inc. v.*
27  *Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) ("the defendant's period for
28  removal will be no less than 30 days from service").

NOTICE OF REMOVAL
DWT 23988645v4 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566

3.      Sham Defendant consents to removal of this action.

4.      The Complaint also identifies "Does 1 through 25" as defendants in the above-entitled action. Because "Does 1 through 25" are fictitious, as discussed below, and because they have not yet been served, their consent to joinder in removal is not necessary. In addition, because Redflex Holdings Limited has not been served, its consent to joinder in removal is not necessary. *See Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429-30 (9th Cir. 1984) (defendants named in the state court action but not yet served need not be joined in the removal); *see also Cmty. Bldg. Co. v. Maryland Cas. Co.*, 8 F.2d 678, 678-79 (9th Cir. 1925) ("defendants over whom the court has not acquired jurisdiction may be disregarded in removal proceedings, and that the defendants who have been summoned must of necessity be allowed to exercise their right of removal").

## DIVERSITY OF CITIZENSHIP

5.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and is one which may be removed to this Court under 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Because the State Action is pending in the Central District of the Los Angeles County Superior Court, removal of the State Action to this District Court is proper under 28 U.S.C. § 1446(a).

6.      According to the Complaint, Plaintiff is domiciled in California. (Ex. A, Complaint ¶ 9.) Accordingly, Plaintiff is a citizen of California.

7.      In contrast, Defendant was not at the time of filing, and is not now, a citizen of the State of California. For purposes of determining corporate citizenship, a corporation is deemed a citizen of any state in which it has been incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Here, at the time of the filing of the State Action, Defendant was a corporation incorporated in the state of Delaware, with its principal place of business in Arizona,

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566

and Defendant's residence has not changed.  As the Supreme Court has held, a corporation's principal place of business is where "the corporation's high level officers direct, control, and coordinate the corporation's activities.  Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' . . . [T]he 'nerve center' will typically be found at a corporation's headquarters." *The Hertz Corp. v. Friend*, 559 U.S. 77, 81; 130 S. Ct. 1181, 1186 (Feb. 23, 2010) (internal citations omitted).  Here, Defendant maintains its principal offices in Arizona, and its high-level officers direct, control and coordinate its operations primarily from its offices in Arizona.  Accordingly, for purposes of jurisdiction under 28 U.S. § 1332(a), Defendant is a citizen of Delaware with its principal place of business in Arizona.  (DeVincenzi Decl. ¶ 2.)  Defendant is not now nor was it at the time of filing a citizen of the State of California; and Defendant's high level officers do not direct, control and coordinate its operations from California. *Id.*

8.     Pursuant to 28 U.S.C. § 1441(a), "[f]or purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." Consequently, the fictitious "Does 1 through 100" shall be disregarded for determining diversity jurisdiction.

9.     Sham Defendant is a California corporation with its principal place of business in California who has been fraudulently joined and named in the Complaint for the specific purpose of defeating diversity jurisdiction.  Sham Defendant will promptly move for dismissal from this action.

10.     The joinder of non-diverse Sham Defendant should be ignored for the purpose of determining diversity because Plaintiff cannot state a valid cause of action against Sham Defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Joinder of a nondiverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for the purpose of determining diversity [i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.  Further, the

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566

1  defendant is entitled to present the facts showing the joinder to be fraudulent")

2  (internal quotations and citations omitted).

3      11.    In his Complaint, for the purposes of obscuring the roles and identities

4  of each party he has named, Plaintiff combines the identities of four corporations –

5  one of which (Redflex Arizona) does not even exist – into one, collectively defining

6  them as Redflex. (Ex. A, Complaint ¶¶ 5-6.)  Indeed, Plaintiff fails to allege specific

7  facts against any particular Redflex entity.

8      12.    Plaintiff was the employee of <u>only one of the entities named in the</u>

9  <u>Complaint</u> – Defendant. (DeVincenzi Decl. ¶¶ 4, 6-7, Ex. A.)  Plaintiff was not an

10  employee of Sham Defendant: Sham Defendant had no control over Plaintiff's hours

11  of work, type of work, or working conditions, did not pay Plaintiff or set his wages,

12  and did not administer Plaintiff's benefits or maintain any of his employment or

13  payroll records. (*Id.* at ¶ 5.)

14      13.    Additionally, Plaintiff's allegations that Sham Defendant acted as

15  Defendant's agent with respect to Plaintiff, or that Sham Defendant is Plaintiff's

16  alter-ego are conclusory, boiler-plate allegations, and, as such, should be discarded.

17  *See Neilson v. Union Bank of Cal., N.A.,* 290 F. Supp. 2d 1101, 1116 (C.D. Cal.

18  2003) ("Conclusory allegations of 'alter ego' status are insufficient to state a claim.

19  Rather, a plaintiff must allege specifically both of the elements of alter ego liability,

20  as well as facts supporting each."); *Hydroxycut Mktg. & Sales Practices Litig. v.*

21  *Iovate Health,* 801 F. Supp. 2d 993 ("Although Plaintiffs' claim of agency is not

22  subject to a heightened pleading requirement, Plaintiffs must allege sufficient fact to

23  support a plausible claim of agency.").  Even if Plaintiff was able to show that Sham

24  Defendant was Defendant's alter ego, it would still not lead to diversity jurisdiction,

25  as a subsidiary is not liable for its parent's deeds.  *See TPS Utilicom Servs. v. AT&T*

26  *Corp.,* 223 F. Supp. 2d 1089, 1103 (C.D. Cal. 2002) (holding that "the subsidiary

27  corporation is not liable for the acts of the parent or shareholder merely on the basis

28

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566

1   of alter ego" and finding that a subsidiary was a sham defendant) (citation and

2   quotation omitted).

3        14.    All of Plaintiff's allegations against all defendants are premised entirely

4   on the existence of an employer/employee relationship:

5         a.  California Labor Code § 1102.5 only addresses conduct by "an

6           employer" or a "person acting on behalf of the employer" (emphasis

7           added).

8         b.  California Labor Code § 2802 requires that "[a]n employer shall

9           indemnify his or her employee for all necessary expenditures or

10          losses incurred by the employee in direct consequence of the

11          discharge of his or her duties, or of his or her obedience to the

12          directions of the employer, even though unlawful, unless the

13          employee, at the time of obeying the directions, believed them to be

14          unlawful." (emphasis added).

15        c.  A cause of action for wrongful termination in violation of public

16          policy may only be stated by an employee against his employer. *See*

17          *Miklosky v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 901 (2008)

18          ("We conclude therefore that the common law *Tameny* cause of

19          action for wrongful termination in violation of public policy lies only

20          against an employer.") (emphasis added).  Indeed, "there can be no

21          *Tameny* cause of action without the prior existence of an

22          employment relationship between the parties." *Id.* at 900 (emphasis

23          added).

24       15.    Plaintiff is not, and has never been, an employee of Sham Defendant.

25  First, as noted on Plaintiff's written employment contract, which Plaintiff executed,

26  Plaintiff was the employee of Defendant.  (DeVincenzi Decl. ¶ 7, Ex. A.)  Second, to

27  the extent that Plaintiff has any relationship with Sham Defendant, his relationship

28  was not an employer/employee relationship.  The relevant factors in determining

5

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566

whether there is employment include whether the Sham Defendant had the exclusive power to control Plaintiff's wages or rate of pay, his hours of work, the type of work he did, his place of work and working conditions, whether it had the power to discharge him, and the parties' belief as to the employment relationship. *See Jones v. County of Los Angeles*, 99 Cal. App. 4th 1039, 1045 (2002) (holding that a court employee was not jointly employed by the County simply because the County paid the employee's salary). Even if one factor weighs in favor of finding an employer/employee relationship, it is insufficient. *See Futrell v. Payday Cal.*, 190 Cal. App. 4th 1419, 1430-35 (2010) (payroll company that calculates pay, tax withholdings and issues paychecks not employer because it did not control employees). Here, the only entity that could, and did, exercise the level of control over Plaintiff necessary to create an employment relationship was Defendant. (DeVincenzi Decl. ¶¶ 6-9, Ex. A.) Sham Defendant had no control over Plaintiff, did not supervise him, could not terminate him, did not control his wages or rate of pay, did not control his duties, and did not control his place of employment. (DeVincenzi Decl. ¶ 5.) In fact, Plaintiff reported to Karen Finley, who was Defendant's Chief Executive Officer, and had no involvement with Sham Defendant. (*Id.* at ¶ 7.) The Board of Directors for Defendant made the decision to terminate Plaintiff and informed Plaintiff that he was terminated. (*Id.* at ¶ 9.)

16.    Additionally, Sham Defendant had no role in Plaintiff's participation in any investigations alleged in the Complaint, and had nothing to do with the alleged reimbursement or indemnification of Plaintiff. (*Id.* at ¶¶ 10-11.) At no time did Sham Defendant act as Defendant's agent with respect to the alleged investigation discussed in the Complaint, or with respect to Plaintiff's termination of employment. (*Id.* at ¶¶ 5, 9-11.)

17.    Because Plaintiff was only the employee of Defendant, and was not employed by Sham Defendant, Plaintiff cannot state a claim for either wrongful

termination or violation of California Labor Code § 1102.5 or § 2802 against Sham Defendant.

18.    For the reasons set forth in paragraphs 5 through 16, above, there is complete diversity between Plaintiff and Defendant, and this action may be removed to this Court.  28 U.S.C. § 1441(a).

## AMOUNT IN CONTROVERSY

19.    With respect to the amount in controversy, the threshold amount is satisfied in this action.  In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted).  In addition, courts should aggregate damages in determining whether the amount in controversy exceeds $75,000.  *Id.* at 1001-1002; *Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F. 2d 489, 491 (9th Cir. 1972).

20.    Certain allegations, separately and together, sufficiently satisfy the amount in controversy requirement and confirm that Plaintiff is seeking in excess of $75,000.

   a. First, the Complaint seeks to <u>recover back pay, benefits and future earnings</u>.  (*See* Ex. A, Complaint at Prayer ¶¶ 3-5, 9).  At the time Plaintiff's employment terminated on February 20, 2013, Plaintiff was earning approximately $256,791 per year.  (DeVincenzi Decl. ¶ 12.)  Over one year has elapsed since the separation of Plaintiff's employment; therefore, Plaintiff's lost salary earnings alone at this time are in excess of $256,791.

   b. Second, Plaintiff seeks to recover damages for emotional distress, and punitive damages.  (*See* Ex. A, Complaint at Prayer ¶ 10.) Emotional distress damages have value for purposes of determining

the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F. 3d 976, 980 (9th Cir. 2005) (emotional distress damages of at least $25,000 considered in calculating amount in controversy).

c. Third, Plaintiff seeks to recover <u>punitive damages</u>. (*See* Ex. A, Complaint at Prayer ¶ 13.) "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

d. Thus, based on the nature of Plaintiff's allegations, the extent and number of claims asserted, and the relief sought by Plaintiff in the Complaint – including past and future lost employment earnings and benefits, emotional distress damages, and punitive damages – it is apparent that the amount in controversy exceeds $75,000.

21. Venue is proper in this district under 28 U.S.C. § 1391(a) because Defendant is subject to personal jurisdiction in and the acts alleged in the Complaint took place in the Central District of California.

## STATE COURT FILE

22. The following constitutes all of the process, pleadings or orders received by Defendant or otherwise found in the State Action file. True and correct copies are attached:

| Ex. A: | Complaint |
| Ex. B: | Summons to Defendant |
| Ex. C: | Summons to Sham Defendant |
| Ex. D: | Civil Case Cover Sheet |
| Ex. E: | Addendum and Statement of Location |
| Ex. F: | Notice of Order to Show Cause Hearing |
| Ex. G: | Notice of Case Assignment – Unlimited Civil Case |
| Ex. H: | Voluntary Efficient Litigation Stipulations |
| Ex I: | Stipulation – Early Organizational Meeting |

| | |
|---|---|
| 1 | Ex. J:     Stipulation – Discovery Resolution |
| 2 | Ex. K:     Informal Discovery Conference |
| 3 | Ex. L:     Stipulation and Order – Motions in Limine |

23.    Concurrently with the filing of this Notice, Defendant has provided written notice of removal to all adverse parties and has filed a copy of this Notice of Removal with the Clerk of the Los Angeles County Superior Court.

24.    Based upon the foregoing, Defendant hereby removes this action from the Los Angeles County Superior Court to this Court, and requests that further proceedings be conducted in this Court as provided by law.

DATED: May 2, 2014

DAVIS WRIGHT TREMAINE LLP
JOHN P. LeCRONE
JONATHAN L. SEGAL
EVELYN F. WANG

By: _____
John P. LeCrone

Attorneys for Redflex Traffic Systems, Inc., and Redflex Traffic Systems (California), Inc.

NOTICE OF REMOVAL
DWT 23988645v4 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566

# EXHIBIT A

1 | Thomas H. Bienert, Jr., (State Bar No. 135311)
tbienert@bmkattorneys.com
2 | Michael R. Williams, (State Bar No. 192222)
mwilliams@bmkattorneys.com
3 | Ali Matin, (State Bar No. 268452)
amatin@bmkattorneys.com
4 | BIENERT, MILLER & KATZMAN, PLC
5 | 903 Calle Amanecer, Suite 350
San Clemente, California 92673
6 | Telephone (949) 369-3700/Facsimile (949) 369-3701

7 | Attorneys for Plaintiff
AARON M. ROSENBERG
8 |

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

FEB 19 2014

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | COUNTY OF COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE

11 |

12 | AARON M. ROSENBERG, an individual;

13 | Plaintiff,

14 | v.

15 |

16 | REDFLEX TRAFFIC SYSTEMS, INC., an Arizona Corporation; REDFLEX TRAFFIC

17 | SYSTEMS (CALIFORNIA), INC., a California Corporation; REDFLEX TRAFFIC SYSTEMS,

18 | INC., a Delaware Corporation; REDFLEX HOLDINGS LIMITED, an Australian form of

19 | entity unknown; and DOES 1 through 25, inclusive,

20 |

21 | Defendants.

Case No.   BC536891

COMPLAINT FOR:

(1) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
(2) VIOLATION OF LABOR CODE § 1102.5 ET AL.
(3) VIOLATION OF LABOR CODE § 2808 ET AL.

22 |
23 |
24 |
25 |
26 |
27 |
28 |

COMPLAINT

Plaintiff Aaron M. Rosenberg submits the following complaint for: Wrongful Termination in Violation of Public Policy; Violation of Labor Code § 1102.5 et al.; and Violation of Labor Code § 2808 et al., and respectfully alleges as follows:

### PARTIES IN THE ACTION

1.      Plaintiff Aaron M. Rosenberg ("Plaintiff"), an individual, was at all pertinent times mentioned herein a resident of the County Los Angeles, California.

2.      Plaintiff is informed and believes, and on that basis alleges, that Defendant Redflex Traffic Systems, Inc. is an Arizona corporation ("Redflex AZ") engaged in the development and manufacturing of digital photo enforcement devices, including red light camera, speed camera, and school bus arm camera systems, which utilize sensor and image capture technologies.

3.      Plaintiff is informed and believes, and on that basis alleges, that Defendant Redflex Traffic Systems (California), Inc. is a California corporation ("Redflex CA") engaged in the development and manufacturing of digital photo enforcement devices, including red light camera, speed camera, and school bus arm camera systems, which utilize sensor and image capture technologies.

4.      Plaintiff is informed and believes, and on that basis alleges, that Defendant Redflex Traffic Systems, Inc. is a Delaware corporation ("Redflex DE") engaged in the development and manufacturing of digital photo enforcement devices, including red light camera, speed camera, and school bus arm camera systems, which utilize sensor and image capture technologies.

5.      Plaintiff is informed and believes, and on that basis alleges, that Defendant Redflex Holdings Limited ("Redflex Holdings") is an Australian company, the form of entity unknown, and the parent company of Redflex AZ, Reflex CA, and/or Redflex DE.

6.      Redflex AZ, Redflex CA, Redflex DE, and Redflex Holdings shall be collectively referred to herein as "Redflex."

7.      Plaintiff is informed and believes, and on that basis alleges, that at all times relevant, Defendants, and each of them, including Does 1 through 25, inclusive, and each of them, were the agents, servants, employees, representatives, co-conspirators, retailers, distributors, wholesalers, management companies, subsidiaries, parent companies, and/or joint venturers of the remaining Defendants, and were

1
COMPLAINT

1  at all times material hereto acting within the course, scope, and purpose of their agency, employment
2  and/or that all of the acts and conduct described herein were subsequently performed with the
3  knowledge, acquiescence, ratification, and consent of the respective principals, and the benefits thereof
4  accepted by their principals.

5       8.     Plaintiff is informed and believes, and on that basis alleges, that all of the acts and conduct
6  described herein of each and every corporate Defendant, was duly authorized, ordered, and directed by
7  the respective and collective Defendant corporate employers, officers, and management-level employees
8  of the corporate employers.   Additionally, the corporate employers participated in the aforementioned
9  acts and conduct of their employees, agents and representatives and each of them; and upon completion
10  of the acts and conduct described herein, corporate employees, agents and representatives, and the
11  Defendant corporations, respectively and collectively, ratified, accepted the benefits of, condoned,
12  lauded, acquiesced, approved, and consented to each and every of the acts and conduct of the corporate
13  employees, agents and representatives.

14                          **JURISDICTION AND VENUE**

15       9.     Jurisdiction is proper in this Court because Plaintiff and Redflex CA are domiciled in
16  California.   Plaintiff alleges that Redflex AZ, Redflex DE, and Redflex Holdings have availed
17  themselves of forum benefits by directing Redflex CA's activities, have a pervasive and continual degree
18  of control over Redflex CA, and/or have engaged in interstate business activities within California.
19  Plaintiff is informed and believes that Redflex DE is qualified to do business in California and does
20  business in California.

21       10.    Plaintiff alleges that venue in the above-entitled Court is proper pursuant to California
22  Code of Civil Procedure §§ 395(a) and 395.5, because Redflex CA resides in Culver City, California.
23  Plaintiff further alleges that Redflex DE is qualified to do business in California and does business in
24  California.

25  ///
26  ///
27  ///
28  ///

## GENERAL ALLEGATIONS

11.     In or about March 2002, Plaintiff and Redflex entered into an employment agreement. During his tenure with Redflex, Plaintiff repeatedly was promoted.  As Plaintiff's title and position changed within the company, the Parties entered into separate employment agreements in 2006, 2008, and 2011 reflecting such change.

12.     Throughout his employment with Redflex, Plaintiff received outstanding performance reviews.  Among the key factors in Redflex's positive assessment of Plaintiff's job performance was his success in building relationships with government employees and officials in the jurisdictions in which Redflex did or sought to do business.  From the outset of his employment with the company, Redflex management instructed and otherwise made clear to Plaintiff that one of the ways in which he was to build such relationships was through the use of entertainment, gifts, and other inducements to government employees and officials.  At no time prior to late 2012 did Redflex provide Plaintiff with any training regarding the legal limitations on the use of such entertainment, gifts, or inducements.  Rather, Plaintiff repeatedly was instructed and encouraged by his supervisors to do whatever was necessary to build and maintain positive relationships with government employees and officials.

13.     The entertainment, gifts, and inducements were reflected in Plaintiff's periodic expense reports and/or other corporate records, which were routinely reviewed and approved by Redflex management.  On many occasions, Plaintiff incurred and/or approved such expenses at the express direction of his supervisors at Redflex.  At no time did Redflex management inform Plaintiff that his expenses relating to government employees or officials were unlawful or inconsistent with Redflex's corporate policies and procedures.  Indeed, at no time during his employment with Redflex did Plaintiff engage in any conduct outside of the course and scope of his employment as defined by Redflex management, including the company's Board of Directors and Chief Executive Officer.

14.     In approximately October 2012, as Redflex's corporate policies and procedures regarding entertainment, gifts, and inducements to government employees and officials began to come to light publicly, Redflex falsely portrayed Plaintiff as a rogue employee, inaccurately claiming that he was solely responsible for an improper expense incurred in 2010 for the benefit of a City of Chicago employee.  Despite this false accusation, however, Redflex took no adverse employment action against

1    Plaintiff. Indeed, in statements to the press, Redflex management stated that it had reprimanded Plaintiff
2    and sent him to "anti-bribery training" after learning of the improper 2010 expense. Both statements
3    were patently false, and in fact Redflex had never reprimanded or taken any adverse employment action
4    whatsoever against Plaintiff relating to his use of company funds to provide entertainment, gifts, or
5    inducements to government employees or officials.

6           15.    In November 2012, after receiving Redflex's first ever "foreign corrupt practices act"
7    training, Plaintiff contacted Redflex's General Counsel to report his concerns about the legality of certain
8    of Redflex's expense practices. Redflex's General Counsel instructed Plaintiff to report his concerns to
9    Sidley Austin, a private law firm that Redflex was paying to conduct an "internal investigation" of the
10   company's practices. Notably, Redflex's General Counsel did not instruct Plaintiff to report any of his
11   concerns or the facts underlying them to any law enforcement or government authorities.

12          16.    Plaintiff subsequently participated in the "internal investigation" conducted by Redflex's
13   lawyers at Sidley Austin.  In a series of interviews beginning in December 2012, Plaintiff informed
14   Sidley Austin attorneys of Redflex's corporate practice and policy of providing entertainment, gifts, and
15   inducements to government employees and officials.  Following these disclosures in December of 2012,
16   Redflex still took no adverse employment action against Plaintiff.

17          17.    On or about February 4, 2014, Plaintiff met with the Office of the Inspector General of the
18   City of Chicago ("Chicago IG") in California (the "Chicago IG Meeting") as part of an investigation by
19   the Chicago IG into Redflex's expense practices relating to Chicago city employees and officials.
20   Plaintiff, though his counsel, had expressly requested that no Redflex representatives attend the Chicago
21   IG Meeting, stating that Plaintiff "would like to be able to provide full and complete cooperation to the
22   Inspector General's Office without worrying that such cooperation will result in retaliation or other
23   adverse action against him by Redflex." Redflex's lawyers at Sidley Austin insisted on attending the
24   Chicago IG Meeting over Plaintiff's objection.

25          18.    During the Chicago IG Meeting, with a Sidley Austin attorney present, Plaintiff provided
26   detailed information regarding the conduct of Redflex employees, executives, and Board members in
27   providing and encouraging entertainment, gifts, and other inducements to Chicago city employees and
28   officials, as well as similar conduct in other jurisdictions.

---

4
COMPLAINT

19.   Two weeks later, on February 20, 2013, Redflex terminated Plaintiff's employment. Plaintiff is informed and believes, and on that basis alleges, that Redflex terminated Plaintiff's employment in direct retaliation for Plaintiff's disclosure of facts regarding Redflex's corporate expense practices and other potentially unlawful conduct to government authorities.

## REDFLEX'S FAILURE TO INDEMNIFY PLAINTIFF

20.   On or about February 14, 2013, Plaintiff made a demand under section 2802 of the California Labor Code and other applicable law for payment of legal fees and expenses that he had incurred, and is continuing to incur, including but not limited to fees and expenses incurred in connection with the Chicago IG investigation.   Such legal fees and expenses are a direct consequence of the discharge of his duties at Redflex and/or performed at the direction and impetus of his superiors at Redflex.

21.   On February 20, 2013, Redflex wrongfully refused Plaintiff's demand. Redflex has not, to this day, indemnified Plaintiff as required by California Labor Code § 2802 and other applicable law.

## FIRST CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy Against All Defendants)

22.   Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 21, inclusive, as though fully set herein.

23.   At all relevant times, Plaintiff and Redflex were in an employer-employee relationship. Redflex terminated Plaintiff's employment on February 20, 2013.

24.   Redflex violated public policy by terminating Plaintiff's employment in retaliation for Plaintiff's protected conduct as described above.

25.   As a direct and proximate result of the Redflex's of conduct, Plaintiff has suffered damages in an amount beyond the minimum jurisdictional limits of this Court and to be established by proof at trial.

## SECOND CAUSE OF ACTION

### (Violation of Labor Code § 1102.5 et al. Against All Defendants)

26.   Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 21, inclusive, as though fully set herein.

27.    At all relevant times herein, Plaintiff and Redflex were in an employer-employee relationship. Redflex terminated Plaintiff's employment on February 20, 2013.

28.    Plaintiff engaged protected activity as described above. Redflex terminated Plaintiff for engaging in such protected activity

29.    As a direct and proximate result of the Redflex's of conduct, Plaintiff has suffered damages in an amount beyond the minimum jurisdictional limits of this Court and to be established by proof at trial.

## THIRD CAUSE OF ACTION

### (Violation of Labor Code § 2802 et al.)

30.    Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 21, inclusive, as though fully set herein.

31.    Plaintiff engaged the services of legal counsel to, among other things, represent and assist him with the Chicago IG investigation. Plaintiff has incurred legal fees and expenses and continues to incur such fee and expenses. These legal expenditures were necessary and incurred as a direct consequence of Plaintiff's discharge of his duties as a Redflex employee, and performed at the direction and impetus of his superiors at Redflex.

32.    Plaintiff has refused to indemnify Plaintiff in violation Labor Code § 2802, and, as a result Redflex's refusal, Plaintiff has suffered losses in an amount to be established by proof at trial.

33.    As a direct and proximate result of the Redflex's of conduct, Plaintiff has suffered damages in an amount beyond the minimum jurisdictional limits of this Court and to be established by proof at trial.

///
///
///
///
///
///
///

## PRAYER

**WHEREFORE,** Plaintiff prays for judgment against each Defendant as follows:

1. General damages in excess of $25,000;

2. Compensatory damages;

3. Backpay and benefits;

4. Backpay and benefits under Labor Code § 98.6 et al.;

5. Loss of future earnings;

6. Pecuniary losses;

7. Damages under Labor Code § 1105 et al.;

8. Civil penalties under Labor Code § 1102.5 et al.;

9. Damages for loss of earnings and earning power;

10. Damage for emotional distress;

11. Declaratory judgment;

12. Declaratory judgment that Defendants violated Labor Code § 2802;

13. Punitive damages;

14. For interest at the maximum legal rate;

15. For costs of suit herein incurred; and

16. For such other and further relief as to the Court may deem just and proper.

DATED: February 19, 2014

BIENERT, MILLER & KATZMAN, PLC

By: _____

Thomas H. Bienert, Jr.
Michael R. Williams
Ali Matin
Attorneys for Plaintiff
AARON M. ROSENBERG

7
COMPLAINT

# EXHIBIT B

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:** REDFLEX TRAFFIC SYSTEMS, INC., an
*(AVISO AL DEMANDADO):* Arizona Corporation; REDFLEX
TRAFFIC SYSTEMS (CALIFORNIA), INC., a California
Corporation; REDFLEX TRAFFIC SYSTEMS, INC., a
Delaware Corporation; REDFLEX HOLDINGS LIMITED, an
Australian form of entity unknown; and DOES 1 through
25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** AARON M. ROSENBERG, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

FEB 19 2014

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court County of Los Angeles<br>Stanley Mosk Courthouse<br>111 N. Hill Street<br>Los Angeles, California 90012-3014 | CASE NUMBER:<br>*(Número del Caso):*<br>BC536891 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Thomas H. Bienert, Jr. (SBN 135311)        (949) 369-3700   (949) 369-3701
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673

DATE:
*(Fecha)*                    SHERRI R. CARTER, Clerk, by _____ Judi Lara _____, Deputy
                             *(Secretario)*                                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

FEB 19 2014

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): REDFLEX TRAFFIC SYSTEMS, INC. a Delaware Corporation

   under: ☒ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

## *NATIONAL REGISTERED AGENTS, INC*

### *SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM*

To:  VIRGINIA O'MALLEY
     REDFLEX GENERAL COUNSEL
     23751 N 23RD AVE #150
     PHOENIX, AZ 85085-1854

SOP Transmittal # **524788892**

800-592-9023 - Telephone

Entity Served:  REDFLEX TRAFFIC SYSTEMS, INC. (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc or its Affiliate in the State of DELAWARE on this 17 day of April, 2014. The following is a summary of the document(s) received:

1.  **Title of Action:** Aaron M. Rosenberg, etc., Pltf. vs. Redflex Traffic Systems, Inc., etc. et al., Dfts.

2.  **Document(s) Served:** COMPLAINT,SUMMONS
    Other: Cover Sheet/Addendum and Statement/Order/Notice/Attachment/Stipulation(s)

3.  **Court of Jurisdiction/Case Number:** County of Los Angeles - Stanley Mosk Courthouse, CA
    Case # BC536891

4.  **Amount Claimed, if any:** N/A

5.  **Method of Service:**

    _X_ Personally served by:          _X_ Process Server          ___ Deputy Sheriff          ___ U. S Marshall

    ___ Delivered Via:                 ___ Certified Mail          ___ Regular Mail           ___ Facsimile

    ___ Other (Explain):

6.  **Date and Time of Receipt:** 04/17/2014 10:05:00 AM CST

7.  **Appearance/Answer Date:** Within 30 days after this summons

8.  **Received From:** Thomas H. Bienert, Jr.          9.  **Federal Express Airbill #** 798581643910
    Bienert, Miller & Katzman, PLC
    903 Calle Amanecer                                10.  **Call Made to:** Not required
    Suite 350
    San Clemente, CA 92673
    949-369-3700

11.  **Special Comments:**
     SOP Papers with Transmittal, via  Fed Ex 2 Day
     Image SOP
     Email Notification, VIRGINIA O'MALLEY VOMALLEY@REDFLEX.COM
     Email Notification, SARAH CRIDER SCRIDER@REDFLEX.COM
     REMARKS : The documents received have been modified to reflect the name of the entity being served.

**NATIONAL REGISTERED AGENTS, INC**                  CopiesTo:

Transmitted by Amy McLaren

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

**ORIGINAL**

# EXHIBIT C

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:** REDFLEX TRAFFIC SYSTEMS, INC., an
*(AVISO AL DEMANDADO):* Arizona Corporation; REDFLEX
TRAFFIC SYSTEMS (CALIFORNIA), INC., a California
Corporation; REDFLEX TRAFFIC SYSTEMS, INC., a
Delaware Corporation; REDFLEX HOLDINGS LIMITED, an
Australian form of entity unknown; and DOES 1 through
25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** AARON M. ROSENBERG, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County Of Los Angeles

FEB 19 2014

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court County of Los Angeles<br>Stanley Mosk Courthouse<br>111 N. Hill Street<br>Los Angeles, California 90012-3014 | **CASE NUMBER:**<br>*(Número del Caso):*<br>BC536891 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Thomas H. Bienert, Jr. (SBN 135311)              (949) 369-3700   (949) 369-3701
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673

| DATE:<br>*(Fecha)* | SHERRI R. CARTER Clerk, by<br>*(Secretario)* | Judi Lara | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC., a
   California Corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

FEB 19 2014

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Legal
Solutions
® Plus

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

## NATIONAL REGISTERED AGENTS, INC.

### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: VIRGINIA O'MALLEY
REDFLEX GENERAL COUNSEL
23751 N 23RD AVE #150
PHOENIX, AZ 85085-1854

SOP Transmittal # 524711455

213-337-4615 - Telephone

Entity Served: REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC. (Domestic State: CALIFORNIA)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of CALIFORNIA on this 04 day of April, 2014. The following is a summary of the document(s) received:

1.  **Title of Action:** Aaron M. Rosenberg, etc., Pltf. vs. Redflex Traffic Systems, Inc., etc., et al. including Redflex Traffic Systems (California), Inc., etc., Dfts.

2.  **Document(s) Served:** SUMMONS & COMPLAINT
    Other: Cover Sheet/Addendum and Statement/Order/Notice/Instructions/Stipulation(s)

3.  **Court of Jurisdiction/Case Number:** Los Angeles County - Superior Court - Central District, CA
    Case # BC536891

4.  **Amount Claimed, if any:** N/A

5.  **Method of Service:**

    _X_ Personally served by:        _X_ Process Server        ___ Deputy Sheriff        ___ U. S Marshall

    ___ Delivered Via:        ___ Certified Mail        ___ Regular Mail        ___ Facsimile

    ___ Other (Explain):

6.  **Date and Time of Receipt:** 04/04/2014 03:10:00 PM CST

7.  **Appearance/Answer Date:** Earliest Answer Date - Within 30 days after service (Document(s) may contain additional answer dates)

8.  **Received From:**    Thomas H. Bienert, Jr.
    Bienert, Miller & Katzman, PLC
    903 Calle Amanecar, Suite 350
    San Clemente, CA 92673
    949-369-3700

9.  **Federal Express Airbill #** 798456170159

10. **Call Made to:** Not required

11. **Special Comments:**
SOP Papers with Transmittal, via Fed Ex 2 Day
Image SOP
Email Notification, VIRGINIA O'MALLEY VOMALLEY@REDFLEX.COM
Email Notification, SARAH CRIDER SCRIDER@REDFLEX.COM

**NATIONAL REGISTERED AGENTS, INC.**        Copies To:

Transmitted by Nancy Flores

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

# EXHIBIT D

**CM-010**

| |
|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Thomas H. Bienert, Jr. (SBN 135311)
Michael R. Williams (SBN 192222)
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
TELEPHONE NO: (949) 369-3700   FAX NO: (949) 369-3701
ATTORNEY FOR *(Name):* Plaintiff Aaron Rosenberg

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012-3014
BRANCH NAME: Stanley Mosk Courthouse

**CASE NAME:** Aaron Rosenberg v Redflex Traffic Systems, Inc., et al.

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

FEB 19 2014

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

**CASE NUMBER:** BC536891

| CIVIL CASE COVER SHEET | | Complex Case Designation | |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder | JUDGE: |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [X] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive

**4.** Number of causes of action *(specify):* 3

**5.** This case [ ] is [X] is not a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 19, 2014

Thomas H. Bienert, Jr. (SBN 135311)
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

# EXHIBIT E

| SHORT TITLE: Rosenberg v. Redflex Traffic Systems, Inc., et al. | CASE NUMBER BC536891 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [ ] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL ____ [ ] HOURS/ [9] DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A , the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | Civil Case Cover Sheet Category No. | Type of Action (Check only one) | Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

| SHORT TITLE: Rosenberg v. Redflex Traffic Systems, Inc., et al. | CASE NUMBER |
|---|---|

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | | |
| Wrongful Termination (36) | ☒ A6037 Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation    Number of parcels _____ | 2. |
| Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: Rosenberg v. Redflex Traffic Systems, Inc., et al. | CASE NUMBER |
| --- | --- |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Rosenberg v. Redflex Traffic Systems, Inc., et al. | CASE NUMBER |
| --- | --- |

**Item III.** *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☒2. ☒3. ☐4. ☐5. ☐6. ☐7. ☐8. ☒9. ☐10. | ADDRESS: Based on information and belief a Defendant resides in Culver City, California |
| --- | --- |
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90230 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the __Stanley Mosk__ courthouse in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 02/19/14

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

# EXHIBIT F

NOTICE SENT TO:

Bienert, Miller & Katzman, PLC
903 Calle Amanecer, Suite 350
San Clemente        CA   92673

CONFORMED COPY
ORIGINAL FILED
FILED Superior Court of California
County of Los Angeles

FEB 28 2014

Sherri R. Carter, Executive Officer/Clerk
By Mark Isunza, Deputy

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

AARON M ROSENBERG

                        Plaintiff(s),

VS.

REDFLEX TRAFFIC SYSTEMS INC ET AL
                        Defendant(s).

CASE NUMBER

BC536891

## ORDER TO SHOW CAUSE HEARING

To the party/attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on May 5, 2014 at 8:30 am in Dept. 52 of this court, Central District, 111 North Hill Street, Los Angeles, California 90012, and show cause why sanctions should not be imposed for:

Failure to file Proof of Service of [ ] Petition [✓] Summons and [✓] Complaint [ ] Cross-Complaint pursuant to California Rules of Court, rule 3.110(b) and (c) as to:

Failure to comply or appear may result in sanctions, pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✓] To avoid a mandatory appearance all required documents must be filed in [ ] this Dept [✓] Clerk's Office, Room 102 at least 5 court days prior to the date of the hearing.

[ ] The Court may infer from your failure to appear that possession of the premises is no longer at issue, and that your case is not entitled to preference in setting pursuant to Code of Civil Procedure section 1179a.

[ ] You are ordered to give notice of said hearing forthwith to any party served with summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office at least 5 court days prior to the date of the hearing.

Dated: February 28, 2014

_____
Judicial Officer

## CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Date: February 28, 2014

Sherri R. Carter, EXECUTIVE OFFICER/CLERK

By _____ , Deputy Clerk

## ORDER TO SHOW CAUSE HEARING

LACIV 166-1 (Rev. 09/08)
LASC Approved 06-04

LASC Local Rules, Chapter 7
Cal. Rules of Court, rule 2.30

# EXHIBIT G

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____

**BC536891**

#### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Terry A. Green | 14 | 300 | Hon. Michael Johnson | 56 | 514 |
| Hon. Richard Fruin | 15 | 307 | Hon Rolf M. Treu | 58 | 516 |
| Hon. Rita Miller | 16 | 306 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Mark Mooney | 68 | 617 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. William F. Fahey | 69 | 621 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Barbara Scheper | 30 | 400 | | | |
| Hon. Mary H. Strobel | 32 | 406 | | | |
| Hon. Michael P. Linfield | 34 | 408 | **Hon. Emilie H. Elias** | **324** | **CCW** |
| Hon. Gregory Alarcon | 36 | 410 | **Hon. Elihu M. Berle\*** | **323** | **CCW** |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | |
| Hon. Mel Red Recana | 45 | 529 | | | |
| Hon. Debre Katz Weintraub | 47 | 507 | | | |
| Hon. Elizabeth Allen White | 48 | 506 | | | |
| Hon. Deirdre Hill | 49 | 509 | | | |
| Hon. John L. Segal | 50 | 508 | | | |
| Hon. Mitchell L. Beckloff | 51 | 511 | | | |
| Hon. Susan Bryant-Deason | 52 | 510 | OTHER | | |
| Hon. Steven J. Kleifield | 53 | 513 | | | |

**\*Complex**

All cases designated as complex (other than class actions) are initially assigned to Judge Elihu M. Berle in Department 323 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____ FEB 19 2014

SHERRI R CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev09/13)
LASC Approved 05-06
For Optional Use

#### NOTICE OF CASE ASSIGNMENT
#### UNLIMITED CIVIL CASE

Page 1 of 2

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev09/13)
LASC Approved 05-06
For Optional Use

NOTICE OF CASE ASSIGNMENT --

UNLIMITED CIVIL CASE

Page 2 of 2

# EXHIBIT H

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

# EXHIBIT I

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:        STATE BAR NUMBER

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):            FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| | |
|---|---|
| SHORT TITLE: | CASE NUMBER: |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "Civil" and then under "General Information").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
      (INSERT DATE)                              (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

The following parties stipulate:

Date:

_____            ▶  _____
      (TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)
Date:

_____            ▶  _____
      (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____            ▶  _____
      (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____            ▶  _____
      (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____            ▶  _____
      (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)
Date:

_____            ▶  _____
      (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)
Date:

_____            ▶  _____
      (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

# EXHIBIT J

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

    i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

    ii.  Include a brief summary of the dispute and specify the relief requested; and

    iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

    i.   Also be filed on the approved form (copy attached);

    ii.  Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

     iii.    Be filed within two (2) court days of receipt of the Request; and

     iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court. .

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

>
_____
(ATTORNEY FOR PLAINTIFF)

>
_____
(ATTORNEY FOR DEFENDANT)

>
_____
(ATTORNEY FOR DEFENDANT)

>
_____
(ATTORNEY FOR DEFENDANT)

>
_____
(ATTORNEY FOR _____)

>
_____
(ATTORNEY FOR _____)

>
_____
(ATTORNEY FOR _____)

# EXHIBIT K

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

# EXHIBIT L

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER -- MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)
LASC Approved 04/11    **STIPULATION AND ORDER -- MOTIONS IN LIMINE**    Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____          _____
                                                              JUDICIAL OFFICER

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| Aaron M. Rosenberg, an individual | Redflex Traffic Systems, Inc., an Arizona corporation; Redflex Traffic Systems (California), Inc., a California corporation; Redflex Traffic Systems, Inc., a Delaware corporation, Redflex Holdings Limited, an Australian form of entity unknown; and Does 1-25, inclusive, |

| (b) County of Residence of First Listed Plaintiff   Los Angeles | County of Residence of First Listed Defendant   N/A |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| (c) Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|
| Thomas H. Bienert, Jr. (SBN 135311),<br>Michael R. Williams (SBN 192222), Ali Matin (SBN 268452)<br>Bienert, Miller & Katzman, PLC<br>903 Calle Amanecer, Suite 350<br>San Clemente, California 92673<br>Telephone: 949-369-3700 Fax: 949-369-3701 | John P. LeCrone (SBN 115875), Jonathan Segal (SBN 264238)<br>Evelyn F. Wang (SBN 273622)<br>Davis Wright Tremaine, LLP<br>865 S. Figueroa Street, Suite 2400, Los Angeles, California 90017<br>Telephone: 213-633-6800 Fax: 213-633-6899<br>(Attorneys for Defendants Redflex Traffic Systems, Inc., a Delaware corporation, and Redflex Traffic Systems (California), Inc.) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☐ 1. Original Proceeding
- ☒ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1332, 1441, 1446. Plaintiff alleges claims for wrongful termination, violation of Cal. Labor Code § 1102.5, and violation of Cal. Labor Code § 2802.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☒ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| FOR OFFICE USE ONLY: | Case Number: |
|---|---|

CV-71 (11/13)
DWT 24094937v1 0090234-000018

CIVIL COVER SHEET

CV14 - 3420

Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☒ Yes ☐ No | ☒ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? | A DEFENDANT? | |
| ☐ Yes ☒ No | Then check the box below for the county in which the majority of DEFENDANTS reside. | Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |



American LegalNet, Inc.
www.FormsWorkFlow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____  DATE: 5/2/14

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |


American LegalNet, Inc.
www.FormsWorkFlow.com