# EXHIBIT "1"



Suite 2400
865 South Figueroa Street
Los Angeles, CA  90017-2566

**John P. LeCrone**
213.633.6825 tel
213.633.6899 fax

johnlecrone@dwt.com

May 2, 2014

**Via Federal Express & Electronic Mail:** (tbienert@bmkattorneys.com);
mwilliams@bmkattorneys.com; amatin@bmkattorneys.com

Thomas H. Bienert, Jr., Esq.
Michael R. Williams, Esq.
Ali Matin, Esq.
Bienert, Miller & Katzman, PLC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673

Re:  *Aaron M. Rosenberg v. Redlfex Traffic Systems, Inc., et al.*

Dear Mr. Bienert:

    We represent Redflex Traffic Systems, Inc. ("Redflex") and Redflex Traffic Systems (California), Inc.  We advise you that Redflex has removed the Complaint you filed on behalf of Aaron Rosenberg (*Rosenberg v. Reflex Traffic Systems et al*) to the United States District Court for the Central District of California.  Pursuant to Local Rule 7-3, we are writing to meet and confer regarding a motion to dismiss, or in the alternative, transfer the Complaint, that we plan to file by Friday, May 9, 2014.

    The motion will be made on the following grounds:

1) The claims asserted in the Complaint are compulsory counterclaims that should have been brought in the pending Arizona state court action, *Redflex Traffic Systems, Inc. v. Rosenberg et al.*, Case Number CV2013-001166.  As those claims should have been asserted in the Arizona action, they cannot be brought in this second action in California.  *See In re Crown Vantage*, 421 F.3d 963, 973 n.7 (9th Cir. 2005), citing *Cheiker v. Prudential Ins. Co.*, 820 F.2d 334 (9th Cir. 1987).

2) Claims under California Labor Code Sections 1102.5 and 2802 fall squarely within the scope of a choice-of-law provision in your client's employment contract with Redflex Traffic Systems, Inc., which selects Arizona law as the governing jurisdiction for such claims.  Accordingly, your client's California statutory claims are barred by the parties' contractual choice-of-law provision.

DWT 24097535v1 0090234-000018

Anchorage | New York | Seattle
Bellevue | Portland | Shanghai
Los Angeles | San Francisco | Washington, D.C.

100%

www.dwt.com

Thomas H. Bienert, Jr., Esq
Michael R. Williams, Esq.
Ali Matin, Esq.
May 2, 2014
Page 2

3) The Complaint fails to state a claim against Redflex Traffic Systems (California), Inc., as that entity was not, and never has been, Mr. Rosenberg's employer. All of the claims in the Complaint depend on the existence of a valid employment relationship. *See* Cal. Lab. Code § 1102.5; Cal. Lab. Code § 2802; *Miklosky v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 900-01 (2008).

4) Despite answering and then asserting counterclaims in the Arizona state court action, your client chose to wait a year before filing the now-removed Complaint in California state court, alleging claims based on virtually identical facts as those at issue in the pending Arizona state court action. Given the parallel, duplicative Arizona state court litigation, these actions amount to improper forum shopping, and under the *Colorado River* doctrine, as set forth in *Colorado River Water Conservation District, et al. v. United States*, 424 U.S. 800, 817 (1976) and its progeny, such behavior warrants dismissal of the Complaint.

5) In the alternative, we seek transfer on the grounds that Plaintiff's employment contract provides that "any action or proceeding arising out of [Plaintiff's] employment contract … shall be brought or maintained exclusively in the Arizona State of Federal Courts of appropriate jurisdiction sitting in Maricopa County, Arizona."

Please call me at 213.633.6825 to discuss these issues further, and perhaps avoid needless and costly motion practice.

Very truly yours,

Davis Wright Tremaine LLP

John P. LeCrone