Thomas H. Bienert, Jr., State Bar No. 135311
tbienert@bmkattorneys.com
Michael R. Williams, State Bar No. 192222
mwilliams@bmkattorneys.com
Ali Matin, State Bar No. 268452
amatin@bmkattorneys.com
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700/Facsimile (949) 369-3701

Attorneys for Plaintiff
AARON M. ROSENBERG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON M. ROSENBERG, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>REDFLEX TRAFFIC SYSTEMS, INC., an Arizona Corporation; REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC., a California Corporation; REDFLEX TRAFFIC SYSTEMS, INC., a Delaware Corporation; REDFLEX HOLDINGS LIMITED, an Australian form of entity unknown; and DOES 1 through 25, inclusive,<br><br>    Defendants. | Case No.14-cv-003420 GW (RZx)<br><br>**EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ROBERT DEVINCENZI FILED IN SUPPORT OF DEFENDANT REDFLEX TRAFFIC SYSTEM, INC.'S NOTICE OF REMOVAL [REFERENCED IN CONNECTION WITH DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY, OR IN THE ALTERNATIVE, TRANSFER]**<br><br>**Hearing**:<br>Date:      June 19, 2014<br>Time:      8:30 a.m.<br>Crtrm:    10<br>Judge:    Hon. George H. Wu |

## I. Preliminary statement.

Defendants failed to submit clear and convincing evidence that Plaintiff was not employed by Redflex CA in conjunction with their motion to dismiss Redflex CA from the action as required under Ninth Circuit law.  Rather, they sought dismissal of Redflex CA under the inapplicable Rule 12(b)(6) standard.  Perhaps realizing that they did not make prima facie case for the requested relief in the their moving papers—as necessary per motion practice principles and the Local Rules[1]—Defendants now seek to improperly bootstrap additional "evidence" by way of their reply. Specifically, Defendants point to the Declaration of Robert DeVincenzi in Support of Removal ("DeVincenzi Removal Declaration"), Dkt. No. 4, which was not submitted in connection with their motion, as "clear and undisputed evidence that Plaintiff was not an employee of Redflex CA."  Reply 15:17-18.

As a threshold matter, the reply should be stricken for improperly presenting information that should have been submitted with the motion,[2] because it deprives Mr. Rosenberg of the opportunity to properly respond.  Even if the Court considers the DeVincenzi Removal Declaration, however, the Court should not give the testimony any weight because it lacks foundation, consists of inadmissible hearsay, and violates the secondary evidence rule, as set forth in the evidentiary objections below.  Indeed, rather than presenting clear and convincing proof, which is defined as "evidence which 'produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations

---

[1] L.R. 7-5 provides that the moving papers shall consist of "[a] brief but complete memorandum in support thereof and the points and authorities upon which the moving party will rely; and (b) [t]he evidence upon which the moving party will rely in support of the motion."

[2] Reply papers should be limited to matters raised in the opposition papers. It is improper for the moving party to shift gears and introduce new facts or different legal arguments in the reply brief than presented in the moving papers. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 894–98 (1990) (court has discretion to disregard late-filed factual matters); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("district court need not consider arguments raised for the first time in a reply brief").

1  sought to be established, evidence so clear, direct and weighty and convincing as to enable [the factfinder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue'",[3] Defendants have presented inadmissible testimony couched in "information and belief." *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (noting that declarations made on information and belief that were submitted in response to a summary judgment motion "were entitled to no weight because the declarant did not have personal knowledge"); *Washington Cent. R. Co., Inc. v. Nat'l Mediation Bd.*, 830 F. Supp. 1343, 1352-53 (E.D. Wash. 1993) ("[i]nadmissible hearsay cannot substitute for personal knowledge" and "[n]either can statements made on information and belief"). Accordingly, the Court should sustain the following objections to the DeVincenzi Removal Declaration.

## II. Evidentiary objections.

| Objection | Material objected to: | Grounds for objection: |
|---|---|---|
| **No. 1** | DeVincenzi Removal Declaration, page 1, lines 4 -6:<br><br>"In my role a Board Member for Redflex DE, I have first-hand knowledge and familiarity with the employees, officers, and corporate structure of Redflex DE." | • Irrelevant, FRE 401 – [testimony of Redflex DE board member is irrelevant to establishing whether Mr. Rosenberg was an employee of Redflex CA]<br><br>• Lack of foundation/lack of personal knowledge, FRE 602 – [declarant has not established that he has personal knowledge or competency to testify regarding Redflex CA] |
| **No. 2** | DeVincenzi Removal Declaration, page 1, lines 9 -12:<br><br>"I offer this declaration in support of defendant Redflex DE's Notice of Removal in *Aaron M. Rosenberg v. Redflex Traffic Systems, Inc. et at.*, Case No. BC536891, filed in the Superior Court of the State of California for | • Irrelevant, FRE 401 – [testimony of Redflex DE board member is irrelevant to establishing whether Mr. Rosenberg was an employee of Redflex CA]<br><br>• Lack of foundation/lack of personal knowledge, FRE 602 – [declarant |

---

[3] *Cruzan by Cruzan v. Dir., Missouri Dep't of Health*, 497 U.S. 261, 285 n. 11 (1990) (citation omitted).

| Objection | Material objected to: | Grounds for objection: |
|---|---|---|
| | the County of Los Angeles." | has not established that he has personal knowledge or competency to testify regarding Redflex CA] |
| No. 3 | DeVincenzi Removal Declaration, page 2, lines 1-4:<br><br>"Based on my review of corporate records, I am informed and believe that Mr. Rosenberg was solely employed by Redflex DE and was never an employee of Redflex Traffic Systems (California), Inc. (hereafter 'Redflex CA') or Redflex Holdings Limited." | • Hearsay, FRE 801<br><br>• Original document/"secondary evidence rule," FRE 1002 – [an original document is required to prove contents of a purported document/records]<br><br>• Lack of foundation/lack of personal knowledge, FRE 602 – [declarant has not established that he has personal knowledge or competency to testify regarding Redflex CA] |
| No. 4 | DeVincenzi Removal Declaration, page 2, lines 6-8:<br><br>"Based on my review of business records, I am informed and believe that Redflex CA does not, and at all relevant times to this action did not, employ Aaron Rosenberg." | • Hearsay, FRE 801 – [reliance on out-of-court statement for the truth of the matter]<br><br>• Original document/"secondary evidence rule," FRE 1002 – [an original document is required to prove contents of a purported document/records]<br><br>• Lack of foundation/lack of personal knowledge, FRE 602 – [declarant has not established that he has personal knowledge or competency to testify regarding Redflex CA]<br><br>• Inadmissible opinion/inadmissible expert opinion, FRE 701, 702<br><br>• Inadmissible legal conclusion, FRE 701, 702 |

| Objection | Material objected to: | Grounds for objection: |
|---|---|---|
| No. 5 | DeVincenzi Removal Declaration, page 2, lines 8 -12:<br><br>"Based upon my knowledge that Redflex CA did not employ Aaron Rosenberg, Redflex CA did not have the authority to, and did not, exercise control over Mr. Rosenberg's hours of work, type of work, place of work or working conditions. Redflex CA did not have the power to, and did not, supervise Mr. Rosenberg." | • Lack of foundation/lack of personal knowledge, FRE 602 – [declarant has not established that he has personal knowledge or competency to testify regarding Redflex CA]<br><br>• Inadmissible opinion/inadmissible expert opinion, FRE 701, 702<br><br>• Inadmissible legal conclusion, FRE 701, 702 |
| No. 6 | DeVincenzi Removal Declaration, page 2, lines 12 - 16:<br><br>"Furthermore, Redflex CA did not have the authority to, and did not, negotiate or set Mr. Rosenberg's salary or make any decisions affecting the terms and conditions of Mr. Rosenberg's employment. Redflex CA did not have the authority to, and did not, discipline Mr. Rosenberg or make the decision to separate Mr. Rosenberg from employment." | • Lack of foundation/lack of personal knowledge, FRE 602 – [declarant has not established that he has personal knowledge or competency to testify regarding Redflex CA]<br><br>• Inadmissible opinion/inadmissible expert opinion, FRE 701, 702<br><br>• Inadmissible legal conclusion, FRE 701, 702 |
| No. 7 | DeVincenzi Removal Declaration, page 3, lines 9 - 13:<br><br>"The Board of Directors for Redflex DE made the decision to separate Mr. Rosenberg from employment following an internal investigation that determined that Mr. Rosenberg had committed dishonest and unethical acts in violation of Mr. Rosenberg's agreements with, and obligations to, Redflex DE." | • Hearsay, FRE 801<br><br>• Lack of foundation/lack of personal knowledge, FRE<br><br>• Inadmissible opinion/inadmissible expert opinion, FRE 701, 702<br><br>• Inadmissible legal conclusion, FRE 701, 702 |

| Objection | Material objected to: | Grounds for objection: |
|---|---|---|
| **No. 8** | DeVincenzi Removal Declaration, page 3, lines 17 - 19:<br><br>"I am informed and believe that Redflex CA played no part in directing, and was not otherwise involved in, the internal investigation." | • Hearsay, FRE 801<br><br>• Lack of foundation/lack of personal knowledge, FRE 602<br><br>• Inadmissible opinion/inadmissible expert opinion, FRE 701, 702<br><br>• Inadmissible legal conclusion, FRE 701, 702 |
| **No. 9** | DeVincenzi Removal Declaration, page 3, lines 19 - 20:<br><br>"Rather, the internal investigation focused solely on Redflex DE and its employees." | • Hearsay, FRE 801<br><br>• Original document/"secondary evidence rule," FRE 1002 – [an original document is required to prove contents of a purported document/records]<br><br>• Lack of foundation/lack of personal knowledge, FRE 602<br><br>• Inadmissible opinion/inadmissible expert opinion, FRE 701, 702<br><br>• Inadmissible legal conclusion, FRE 701, 702 |
| **No. 10** | DeVincenzi Removal Declaration, page 3, lines 22 - 26:<br><br>"The investigation revealed that Mr. Rosenberg had engaged in a pattern of intentional and wrongful conduct in direct violation of his employment agreements with Redflex DE, including the most recent employment agreement signed by Mr. Rosenberg on September 13, 2011 and attached hereto as Exhibit A." | • Hearsay, FRE 801<br><br>• Original document/"secondary evidence rule," FRE 1002 – [an original document is required to prove contents of a purported document/records]<br><br>• Lack of foundation/lack of personal knowledge, FRE 602 |

| Objection | Material objected to: | Grounds for objection: |
|---|---|---|
|  |  | - Inadmissible opinion/inadmissible expert opinion, FRE 701, 702<br><br>- Inadmissible legal conclusion, FRE 701, 702 |

Dated:  June 12, 2014                          BIENERT, MILLER & KATZMAN, PLC


By: */s/ Michael R. Williams /s/*
    Thomas H. Bienert, Jr.
    Michael R. Williams
    Ali Matin
    Attorneys for Plaintiff
    AARON M. ROSENBERG

EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ROBERT DEVINCENZI

# CERTIFICATE OF SERVICE

I, Coleen Grogan, declare,

That I am a citizen of the United States and am a resident or employed in Orange County, California; that my business address is 903 Calle Amanecer, Suite 350, San Clemente, California 92673; that I am over the age of 18 and not a party to the above-entitled action.

That I am employed by a member of the United States District Court for the Central District of California and at whose direction I caused service of: EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ROBERT DEVINCENZI IN SUPPORT OF DEFENDANT REDFLEX TRAFFIC SYSTEM, INC.'S NOTICE OF REMOVAL [REFERENCED IN CONNECTION WITH DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY, OR IN THE ALTERNATIVE, TRANSFER on the interested parties as follows:

**X**     **BY ELECTRONIC MAIL:** by electronically filing the foregoing with the Clerk of the District Court using its ECF System pursuant to the Electronic Case Filing provision of the United States District Court General Order and the E-Government Act of 2002, which electronically notifies said parties in this case:

| | |
|---|---|
| John P. LeCrone | Jonathan L. Segal |
| johnlecrone@dwt.com | jonathansegal@dwt.com |
| | |
| Evelyn F. Wang | |
| evelynwang@dwt.com | |

This certificate was executed on June 12, 2014, at San Clemente, California.

I certify under penalty of perjury that the foregoing is true and correct.

                                                */s/ Coleen Grogan /s/*
                                                   Coleen Grogan

127845-1