| | |
|---|---|
| 1 | JOHN P. LeCRONE (State Bar No. 115875) |
|  | johnlecrone@dwt.com |
| 2 | JONATHAN L. SEGAL (State Bar No. 264238) |
|  | jonathansegal@dwt.com |
| 3 | EVELYN F. WANG (State Bar No. 273622) |
|  | evelynwang@dwt.com |
| 4 | DAVIS WRIGHT TREMAINE LLP |
|  | 865 South Figueroa Street, 24th Floor |
| 5 | Los Angeles, California  90017-2566 |
|  | Telephone:  (213) 633-6800 |
| 6 | Fax:  (213) 633-6899 |

Attorneys for Defendants
REDFLEX TRAFFIC SYSTEMS, INC. and
REDFLEX TRAFFIC SYSTEMS
(CALIFORNIA), INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON M. ROSENBERG, an individual, | Case No. **2:14−cv−03420 GW (RZx)** |
| Plaintiff, | **DEFENDANTS' REQUEST TO STRIKE PLAINTIFF'S IMPROPER SUR-REPLY AND UNTIMELY EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ROBERT DEVINCENZI [DKT. 21]** |
| vs. | |
| REDFLEX TRAFFIC SYSTEMS, INC., an Arizona corporation; REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC., a California corporation; REDFLEX TRAFFIC SYSTEMS, INC., a Delaware corporation; REDFLEX HOLDINGS LIMITED, an Australian form of entity unknown; and DOES 1 through 25, inclusive, | Date:     June 19, 2014 |
|  | Time:     8:30 a.m. |
|  | Crtrm.:   10 |
| Defendants. | |

## I. PLAINTIFF'S SUR-REPLY SHOULD BE STRICKEN

Ignoring this Court's rules expressly prohibiting sur-replies, and waiting until a mere five court days before the hearing on Defendants' Motion to Dismiss, Plaintiff filed an untimely and wholly improper sur-reply under the guise of "evidentiary objections." The local rules do not permit such gamesmanship, especially where, as here, Plaintiff's sur-reply is nothing more than a transparent attempt to correct his procedurally improper "request to remand."

### A. Plaintiff's Sur-Reply Is Improper And Untimely

This Court should strike Plaintiff's sur-reply for each of the following reasons. First, the Local Rules bar the submission of <u>any</u> papers within 14 days of a hearing. L. R. 7-10. Indeed, "[a]bsent prior written order of the Court, the opposing party shall not file a response to the reply." *Id.* Because Plaintiff's sur-reply, in the guise of "evidentiary objections," directly violates this Court's rules, the sur-reply should be disregarded in its entirety. *Ray v. Nordstrom Inc.*, 2011 U.S. Dist. LEXIS 146657, at *1 n.1 (C.D. Cal. Dec. 9, 2011) (striking "impermissible sur-reply").

Next, Plaintiff's "objections" are untimely and improper. The evidence to which Plaintiff now attempts to object – the Declaration of Robert DeVincenzi in Support of Redflex Delaware's Notice of Removal (DKT Nos. 1 & 4) – has been on file in this case *for more than a month* with no objection or any timely response from Plaintiff. Indeed, Plaintiff did not address the Notice of Removal and accompanying evidence in a properly noticed motion to remand *or* in his improper "request to remand" mentioned briefly in opposition to Defendants' Motion to Dismiss. There is no excuse for Plaintiff's dilatory and procedurally improper motion tactics, and Plaintiff's sur-reply should be stricken.

### B. The Declaration Is Referenced Solely To Address Plaintiff's Improper Remand Request

The untimely filing of meritless "evidentiary objections" simply is not justified, as Defendants referred to the DeVincenzi Declaration in Reply solely to

REQUEST TO STRIKE IMPROPER SUR-REPLY
DWT 24279354v5 0090234-000018

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

rebut Plaintiff's improper misrepresentations regarding removal. Plaintiff argues in opposition to Defendant's motion that Defendants failed to submit evidence supporting removal of this case. Yet, Defendants properly submitted evidence already in the record that clearly shows this Court has diversity jurisdiction. Plaintiff cannot have it both ways, first by arguing that Defendants failed to submit evidence and then objecting that the submission of such evidence is improper. The rules of this Court clearly state that a moving party, like Defendants here, may "serve and file a reply memorandum, <u>and declarations or other rebuttal evidence</u>." L. R. 7-10 (emphasis added).

Plaintiff also contends that Defendants sought dismissal under an "inapplicable Rule 12(b)(6) standard." As noted above, Defendants did not submit the DeVincenzi Declaration (DKT No. 4) in support of their Motion to Dismiss under Rule 12(b)(6) and they do not rely on or even address that declaration in reply regarding dismissal. *See* Defs.' Reply at § III.A.-C. (DKT No. 19). Defendants referred to the declaration (attached to Redflex Delaware's Notice of Removal – DKT. Nos. 1 & 4) *solely to address Plaintiff's improper "request to remand,"* which Plaintiff raised for the first time in opposition to Defendants' Motion to Dismiss. *See* Reply at § II.

### C. Plaintiff's Untimely Boilerplate Objections Are Without Merit

Plaintiff asserts a host of untimely and unsupported boilerplate objections to the DeVincenzi Declaration. Contrary to Plaintiff's improper objections, the DeVincenzi Declaration in Support of Redflex Delaware's Notice of Removal was properly submitted pursuant to Local Rule 7-7. Accordingly, Plaintiff's improper objections should be disregarded. Should the Court require a response to the validity of each improper objection asserted by Plaintiff, Defendants request leave for an opportunity to provide a response.

//

//

REQUEST TO STRIKE IMPROPER SUR-REPLY
DWT 24279354v5 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## II. CONCLUSION

Plaintiff's objections are untimely, misleading and improper. Plaintiff's sur-reply should be disregarded in its entirety.

DATED: June 13, 2014

DAVIS WRIGHT TREMAINE LLP
JOHN P. LeCRONE
JONATHAN L. SEGAL
EVELYN F. WANG

By: /s/ John P. LeCrone
John P. LeCrone
Attorneys for REDFLEX TRAFFIC SYSTEMS, INC. and REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC.

3

REQUEST TO STRIKE IMPROPER SUR-REPLY
DWT 24279354v5 0090234-000018

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899