JOHN P. LeCRONE (State Bar No. 115875)
 johnlecrone@dwt.com
JONATHAN L. SEGAL (State Bar No. 264238)
 jonathansegal@dwt.com
EVELYN F. WANG (State Bar No. 273622)
 evelynwang@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendants
REDFLEX TRAFFIC SYSTEMS, INC. and
REDFLEX TRAFFIC SYSTEMS
(CALIFORNIA), INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON M. ROSENBERG, an individual,<br><br>               Plaintiff,<br><br>     vs.<br><br>REDFLEX TRAFFIC SYSTEMS, INC., an Arizona corporation; REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC., a California corporation; REDFLEX TRAFFIC SYSTEMS, INC., a Delaware corporation; REDFLEX HOLDINGS LIMITED, an Australian form of entity unknown; and DOES 1 through 25, inclusive,<br><br>               Defendants. | Case No. **2:14−cv−03420 GW (RZx)**<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO REMAND; DECLARATIONS OF DONETTA ANTON, JENNIFER DWIGGINS, AND SCOTT HUSON AND EXHIBITS IN SUPPORT THEREOF**<br><br>Date:      July 7, 2014<br>Time:     8:30 a.m.<br>Crtrm.:   10 |

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ............................................................................... 1

   A.    Plaintiff Was Solely An Employee Of Redflex DE ............................ 3

   B.    Redflex CA Has No Employees And Never Has Had Any
         Employees .......................................................................... 4

III.  ARGUMENT ...................................................................................... 5

   A.    Redflex CA Is Not Plaintiff's Employer Under The Common Law
         Employment Test................................................................... 5

   B.    Redflex CA Is Not Plaintiff's Employer Under The "Integrated
         Enterprise" Test .................................................................... 7

   C.    Neither *Blazek* Nor *Troisi* Support Remand In This Case ................. 10

IV.   CONCLUSION ................................................................................. 14

i

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

<u>Page</u>

**Cases**

*Blazek, Troisi v. Cannon Equipment Co.*,
2009 U.S. Dist. LEXIS 23100 (C.D. Cal. Jan. 30, 2009), *14-15 .................. 10, 11

*Blazek v. ADESA Cal., LLC*,
2009 U.S. Dist. LEXIS 81317 (S. D. Cal. Sept. 4, 2009) ............................... 10, 12

*Daoro v. Eskaton*,
No. 2:11-cv-0960-KJM-JFM, 2013 U.S. Dist. LEXIS 28656 (E.D.
Cal. Feb. 28, 2013) ........................................................................................ 9

*Drottz v. Park Electrochemical Corp.*,
No. CV 11-1596-PHX-JAT, 2012 U.S. Dist. LEXIS 54274 (D. Ariz.
Apr. 18, 2012) ................................................................................................ 9

*Hibbs-Rines v. Seagate Technologies, LLC*,
No. C-08-05430 SI, 2009 U.S. Dist. LEXIS 19283 (N.D. Cal. Mar. 2,
2009) ........................................................................................ 6, 12, 13

*Huse v. Auburn Honda*,
2005 U.S. Dist. LEXIS 45494 (E.D. Cal. June 6, 2005) ........................................ 7

*Jones v. County of Los Angeles*,
99 Cal. App. 4th 1039 (2002) ......................................................................... 5

*Kenny v. Regis Corp.*,
No. C 06-07521 CRB, 2008 U.S. Dist. LEXIS 18373 (N.D. Cal. Mar.
10, 2008) ........................................................................................ 8, 9, 10

*Laird v. Capital Cities/ABC, Inc.*,
68 Cal. App. 4th 727 (1998) ........................................................................... 7, 9

*Maddock v. KB Homes, Inc.*,
631 F. Supp. 2d 1226 (C.D. Cal. 2007) .......................................................... 7, 8

*Miller v. Swiss Re Underwriters Agency, Inc.*,
No. CV 09-09551 DDP, 2010 U.S. Dist. LEXIS 35858 (C.D. Cal.
Mar. 15, 2010) ............................................................................................. 8, 9

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Ritchey v. Upjohn Drug Co.*,
    139 F.3d 1313 (9th Cir. 1998) ............................................................................. 14

*Thomas v. Aetna Health of Cal., Inc.*,
    No. 1:10-cv-01906-AWF-SKO, 2011 U.S. Dist. LEXIS 59377 (E.D.
    Cal. June 2, 2011)
    ................................................................................................... 7, 8, 12, 13

*TPS Utilicom Servs. V. AT&T Corp.*,
    223 F. Supp. 2d 1089 (C.D. Cal. 2002) .................................................................. 9

iii

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## I.     INTRODUCTION

At the June 19, 2014 hearing on Defendants' Motion to Dismiss or Transfer, the Court granted Defendants Redflex Traffic Systems, Inc. ("Redflex DE") and Redflex Traffic Systems (California), Inc.'s ("Redflex CA") request to file supplemental briefing directed at Plaintiff Aaron Rosenberg's ("Plaintiff") alleged employment relationship, if any, with Redflex CA.  In doing so, the Court requested that Defendants identify evidence that shows Plaintiff is not an employee of Redflex CA.

As a threshold matter, it is telling that Plaintiff has offered no evidence that he was ever an employee of Redflex CA as opposed to Redflex DE, the only entity with which Plaintiff had an employment agreement.  Indeed, Plaintiff has never even specifically alleged that he was an employee of Redflex CA – not in his Complaint, not in his Declaration in support of his remand request, and not in his detailed and sworn initial factual disclosures prepared and exchanged in connection with the previously filed Arizona Action.  As discussed below, the several Redflex CA contracts that Plaintiff signed are not evidence of an employment relationship with Redflex CA under California law.  Plaintiff signed those contracts solely at the direction of Redflex DE and as an officer of Redflex DE.  Plaintiff never was an officer of Redflex CA.  Plaintiff does not allege or state otherwise in his Declaration submitted to this Court.

In contrast to this stark absence of any evidence suggesting that Plaintiff was an employee of Redflex CA, Defendants have presented in their prior briefing and this Supplemental Brief, clear, convincing and largely undisputed evidence that Redflex CA did not employ Plaintiff at any time.  *First*, Redflex CA does not have any employees and never has had any employees.  In these circumstances, a Redflex CA employee necessarily could not have supervised or otherwise directed Plaintiff's employment activities.  Redflex CA exists essentially as a shell entity and to the extent it has any business activities, Redflex DE employees exclusively perform

SUPPLEMENTAL BRIEF IN OPPOSITION TO REMAND
DWT 24334483v9 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

those activities and Redflex DE employees also exclusively direct and supervise those activities.

*Second*, Plaintiff has essentially admitted that Redflex DE was his sole employer. In the parallel Arizona Action, as described in detail below, Plaintiff repeatedly affirmed his employment relationship with Redflex DE (never once mentioning a supposed employment relationship with Redflex CA) and that the very actions he contends he performed in California are the same duties that he contends in the Arizona Action were within the scope of his employment for Redflex DE.

*Third*, while Redflex CA is "based" in the Culver City facility in which Plaintiff maintained an office for use while he was in California (he also maintained an office in Redflex DE's Phoenix office), Redflex DE makes the rent payments on that facility and was the original lessee of that facility. Similarly, all the equipment and materials that Plaintiff used in connection with his employment, such as his computer and telephone, were either owned by or paid for by Redflex DE. In addition to Plaintiff, all other employees working out of the Culver City office, whether on a full or part time basis, were exclusively Redflex DE employees who served Redflex DE clients both inside and outside of California.

*Finally*, Plaintiff, throughout his entire employment, was paid his compensation exclusively by Redflex DE. Indeed, his payroll taxes were paid exclusively by Redflex DE, and his employee benefits were provided exclusively by Redflex DE.

This evidence clearly and convincingly establishes that Redflex CA simply was not Plaintiff's employer. Under the common-law joint employer test, no factor militates in favor of a finding that Redflex CA was a joint employer of Plaintiff, as the evidence is undisputed that Plaintiff was exclusively hired by, controlled by, and compensated by Redflex DE and not Redflex CA. Similarly, under the integrated enterprise test, because Redflex CA has no employees, Redflex DE could not have

SUPPLEMENTAL BRIEF IN OPPOSITION TO REMAND
DWT 24334483v9 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

had any control over Redflex CA's alleged labor decisions and policies, as there were no employment decisions or policies to control.

## II.     STATEMENT OF RELEVANT FACTS

### A.     Plaintiff Was Solely An Employee Of Redflex DE

The record before this Court is devoid of any statement by Plaintiff that Redflex CA was his employer or that he ever even subjectively believed that Redflex CA was his employer.  Instead, Plaintiff, in his verified disclosures in the previously filed Arizona Action, repeatedly affirmed his employment relationship with Redflex DE.  (Defs.' Request for Judicial Notice ["RJN"] at Ex. S [DKT No. 13].)  Plaintiff, in a sworn disclosure statement exceeding 20 pages, described duties that he contends in the Arizona Action were within the scope of his employment for Redflex DE – including the very actions he alleges he performed in California – without once mentioning a supposed employment relationship with Redflex CA.  (*Id.*)  Without any supporting evidence, Plaintiff now argues that the same duties somehow establish that Redflex CA was his employer.  Neither the facts nor the law support any possibility that Redflex CA was ever Plaintiff's employer.

At all times, the evidence shows that Plaintiff was solely an employee of Redflex DE and was never employed by Redflex CA.  (*See* Anton Decl. at ¶¶ 5-13 and Ex. A; Dwiggins Decl. at ¶¶ 6-8.)  At all times during his employment with Redflex DE, Plaintiff's paystubs and W-2 forms uniformly identified Plaintiff's employer as Redflex DE.  (Anton Decl. at ¶ 6 and Ex. A.)  Additionally, Plaintiff's employment agreements identified Plaintiff's employer solely as Redflex DE and he had no employment agreement with Redflex CA.  (*Id.* at ¶ 5; Dwiggins Decl. at ¶ 6; *see also* DeVincenzi Decl. ISO Notice of Removal at ¶ 7, Ex. A [DKT No. 4].]  As Redflex CA did not have any employees, Plaintiff never reported to, or was supervised by, an employee of Redflex CA.  (Anton Decl. at ¶ 7; Dwiggins Decl. at ¶ 7.)

SUPPLEMENTAL BRIEF IN OPPOSITION TO REMAND
DWT 24334483v9 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Importantly, Redflex CA never had authority to – and accordingly did not:

- hire, supervise, discipline, promote, control, or fire any employee of Redflex DE, including Plaintiff;

- set or provide the salary, employment benefits, or payroll taxes for Plaintiff or any employee of Redflex DE;

- establish Plaintiff's work location, schedules and assignments, or the work location, schedules and assignments of any employee of Redflex DE; and

- provide training for any employee of Redflex DE, including Plaintiff.

(Anton Decl. at ¶¶ 8-11.)  These employment activities rested exclusively with Plaintiff's employer, Redflex DE.  (*Id.*)

**B.    Redflex CA Has No Employees And Never Has Had Any Employees**

Redflex CA – a wholly owned subsidiary of Redflex DE – has no employees, no payroll, and never has had any employees.  (Dwiggins Decl. at ¶ 4.)  Indeed, while contracts with several of Redflex DE's California customers are in the name of Redflex CA rather than Redflex DE, all work under such contracts is provided by Redflex DE employees under the supervision of Redflex DE managers.  (*Id.* at ¶ 5; *see also* Huson Decl. at ¶ 5.)

Moreover, Redflex DE is the original lessee of Redflex CA's office in Culver City, and has always made the rent payments for that space.  (Huson Decl. at ¶ 4 and Ex. A.)  Any equipment in the Culver City office, including office computers and telephones, are owned or paid for solely by Redflex DE.  (*Id.*)  While certain Redflex DE employees on occasion work out of the Culver City office, the Redflex DE employees that used the Culver City office, including Plaintiff, serve Redflex DE clients both inside and outside California.  (Dwiggins Decl. at ¶ 7.)  During his employment with Redflex DE, Plaintiff had office space in both Redflex DE's Phoenix office and in the Culver City office.  (*Id.*)

SUPPLEMENTAL BRIEF IN OPPOSITION TO REMAND
DWT 24334483v9 0090234-000018

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

In summary, Redflex CA never had authority to – and accordingly did not – control or influence any aspect of Plaintiff's employment, or the employment of any employee of Redflex DE.  Additionally, while Plaintiff signed several contracts on behalf of Redflex CA, he signed these contracts solely at the direction of Redflex DE and only as an officer of Redflex DE.  (Dwiggins Decl. at ¶ 8.)  Plaintiff was never an officer of Redflex CA and never held a title with Redflex CA.  (*Id.*)  His performance, at all times during his employment with Redflex DE, was evaluated based solely on the performance of Redflex DE and solely for his work for that entity.  (*Id.*)

## III.   ARGUMENT

### A.   Redflex CA Is Not Plaintiff's Employer Under The Common Law Employment Test

All of the pertinent factors the Court discusses in its Tentative Rulings on: (1) Plaintiff's Request for Remand and (2) Defendants' Motion to Dismiss, Stay or Transfer ( the "Tentative Ruling") for determining whether there is a joint employment relationship militate in favor of finding that there is no employment relationship between Plaintiff and Redflex CA.

The Court outlined the following factors:

> [P]ayment of salary or other employment benefits and Social Security taxes, the ownership of the equipment necessary to performance of the job, the location where the work is performed, the obligation of the defendant to train the employee, the authority of the defendant to hire, transfer, promote, discipline or discharge the employee, the authority to establish work schedules and assignments, the defendant's discretion to determine the amount of compensation earned by the employee, the skill required of the work performed and the extent to which it is done under the direction of a supervisor, whether the work is part of the defendant's regular business operations, the skill required in the particular occupation, the duration of the relationship of the parties, and the duration of the plaintiff's employment.  Tentative Ruling at pp. 8-9; *see also Jones v. County of Los Angeles*, 99 Cal. App. 4th 1039, 1045 (2002).

SUPPLEMENTAL BRIEF IN OPPOSITION TO REMAND
DWT 24334483v9 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiff's salary and benefits were paid exclusively by Redflex DE.  (Anton. Decl. at ¶¶ 6, 9.)  Redflex DE is the original lessee for the Culver City office, and has always paid the rent for that office space.  (Huson Decl. at ¶ 4 and Ex. A.)  Plaintiff's "equipment" – basically a computer and telephone – was solely owned by Redflex DE.  (*Id.*)  Plaintiff was trained and supervised exclusively by Redflex DE employees.  (Anton. Decl. at ¶ 7-8, 11.)  At all times during his employment with Redflex DE, Plaintiff reported solely to the Chief Executive Officer of Redflex DE.  (*Id.* at ¶ 7.)  And Redflex DE had the exclusive authority to hire, transfer, promote, discipline or discharge him, and the sole authority to establish his work schedules and assignments.  (*Id.* at ¶¶ 8, 10.)  Similarly, Redflex DE had the sole authority to determine the amount of compensation that Plaintiff would be paid.  (*Id.* at ¶ 9.)  Redflex CA had nothing to do with any of these actions.  (*Id.* at ¶¶ 7-13.)

In response to this clear and convincing evidence, Plaintiff points only to several contracts that he signed on behalf of Redflex CA, Redflex DE's wholly owned subsidiary.  However, Plaintiff signed these contracts solely at the direction of Redflex DE and only as an officer of Redflex DE.  (Dwiggins Decl. at ¶ 8.)  Plaintiff was never an officer of Redflex CA and never held a title with Redflex CA.  (*Id.*)  The weight, if any, to be accorded to these contracts is further diminished by Plaintiff's admissions that his work in California was performed on behalf of Redflex DE.  (*See* RJN, at Ex. S [DKT No. 13].)  Indeed, Plaintiff has never stated that Redflex CA was his employer, or even that he subjectively believed that Redflex CA was ever his employer.  Plaintiff's complaint is purposefully vague in this regard – stating allegations against "Redflex", a combined entity of Plaintiff's construction that refers to Redflex DE, Redflex CA, Redflex Holdings Limited (an Australian company that has not been served), and Redflex Traffic Systems (Arizona), Inc., an entity that does not, and has never, existed.  Any allegations about any specific entities are merely conclusory statements of agency and alter-ego, which should be

SUPPLEMENTAL BRIEF IN OPPOSITION TO REMAND
DWT 24334483v9 0090234-000018

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

disregarded.  *See* Compl. ¶¶ 6-8; *Hibbs-Rines v. Seagate Technologies, LLC*, No. C-08-05430 SI, 2009 U.S. Dist. LEXIS 19283 (N.D. Cal. Mar. 2, 2009).

Redflex DE and Redflex CA have submitted three separate declarations, together with Redflex DE business records, all of which clearly and convincingly establish that Redflex DE was Plaintiff's sole employer and that Redflex CA never employed Plaintiff.  (*See* Anton Decl. and Ex. A; Dwiggins Decl.; Huson Decl. and Ex. A; *see also* DeVincenzi Decl. ISO Notice of Removal at ¶ 7, Ex. A [DKT No. 4].)  In fact, Redflex CA has no employees and never has had any employees.  (Dwiggins Decl. at ¶ 4.)  Accordingly, there is no possibility that Plaintiff was Redflex CA's employee.

**B.      Redflex CA Is Not Plaintiff's Employer Under The "Integrated Enterprise" Test**

The law is settled that "[r]elated corporations are presumed to be separate entities" and "the corporate form will be disregarded only when the ends of justice require this result."  *Thomas v. Aetna Health of Cal., Inc.*, No. 1:10-cv-01906-AWF-SKO, 2011 U.S. Dist. LEXIS 59377, at *22-23 (E.D. Cal. June 2, 2011); *Laird v. Capital Cities/ABC, Inc.*, 68 Cal. App. 4th 727, 737 (1998).  "In particular, there is a strong presumption that a parent company is not the employer of its subsidiary's employees" and vice versa.  *Id.* at 737.  For this reason, an employee seeking to establish "that the two corporate entities constitute a single employer has a heavy burden to meet under both California and federal law."  *Maddock v. KB Homes, Inc.*, 631 F. Supp. 2d 1226, 1239 (C.D. Cal. 2007), citing *Laird*, 68 Cal. App. at 737-38.

The "integrated enterprise" test is one theory of joint employment sometimes applied in the context of claims arising under Title VII and the California Fair Employment and Housing Act.  As this Court recognized in its Tentative Ruling, the "integrated enterprise" test involves four factors: (1) interrelated operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control.  *See* Tentative Ruling at n.11.  Under this test,

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

"common ownership or control alone is never enough"; rather, the *critical question* is what entity made the final decisions regarding employment matters related to" the plaintiff. *Maddock*, 631 F. Supp. 2d at 1241 (emphasis added) (internal quotations omitted); *see also Huse v. Auburn Honda*, No. CIV. S-04-0227 DFL/JFM, 2005 U.S. Dist. LEXIS 45494, at *12 (E.D. Cal. June 6, 2005) ("The pertinent inquiry is whether [the parent] exercised day-to-day control over [the subsidiary's] employment relations, not whether it could influence [the subsidiary] in other respects."). Therefore, the centralized control of labor relations is the "most important" factor of the "integrated enterprise" test. *Maddock*, 631 F. Supp. 2d 1240.

Here, there are no facts establishing any centralized control of labor relations or common management between Redflex DE and Redflex CA. *First*, Redflex CA does not – and has never – had any employees. Lacking any employees, it cannot fairly be disputed that the labor relations of Redflex CA and Redflex DE are unconnected. *See Miller v. Swiss Re Underwriters Agency, Inc.*, No. CV 09-09551 DDP (JEMx), 2010 U.S. Dist. LEXIS 35858, at *7 (C.D. Cal. Mar. 15, 2010) (holding that California defendant was fraudulently joined where defendant had no employees on its payroll and its only connection to foreign defendant was corporate structure).

*Second*, Redflex CA never had authority to – and accordingly did not – play any role in hiring, firing, supervising, disciplining, or promoting Plaintiff or any employee of Redflex DE. (Anton Decl. at ¶ 8.) Nor did Redflex CA have any authority to – and accordingly did not – set or pay the wages of any Redflex DE employee, including Plaintiff. (*Id.* at ¶ 9.) In addition, Redflex CA did not control the job duties or working conditions of Plaintiff or any Redflex DE employee. (*Id.* at ¶ 10.) *Lastly*, Redflex DE's Board of Directors made the decision to terminate Plaintiff's employment. Redflex CA had no involvement in or even influence on Redflex DE's decision to terminate Plaintiff. (*Id.* at ¶ 12.)

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

In summary, there is simply no evidence to suggest that Redflex CA had any control or any potential influence over Plaintiff's employment with Redflex DE.  *See Thomas, infra; see also Maddock*, 631 F. Supp. 2d at 1241-42 (no evidence to establish day-to-day control over employment decisions that would satisfy integrated enterprise test); *Kenny v. Regis Corp.*, No. C 06-07521 CRB, 2008 U.S. Dist. LEXIS 18373, at *10-11 (N.D. Cal. Mar. 10, 2008) (finding no integrated enterprise where alleged employer did not exercise day-to-day control over employment decisions in general, or over decisions with respect to plaintiff.").[1]

Moreover, with respect to the first and fourth factors of the "integrated enterprise" test, the mere fact of common ownership and financial control is insufficient.  *Laird*, 68 Cal. App. 4th at 740.  Rather, "the test hinges on whether one entity exercises an unusual degree of control over another legally separate, but related entity."  *See Miller*, 2010 U.S. Dist. LEXIS 35858, at *7.

The fact that Plaintiff signed several contracts on behalf of Redflex CA and at times used the Culver City office space, in addition to maintaining an office in Redflex DE's Phoenix office, is insufficient to satisfy the interrelated operations or common ownership prongs of the "integrated enterprise" test.  For example, in *Laird*, the Court held that plaintiff's showing that employees were instructed to hold themselves out to the public as employees of defendant did not suffice to establish an integrated enterprise.  68 Cal. App. 4th at 739.  And in *Kenny*, the Court held that there was insufficient evidence to show interrelated operations where, among other factors, the entities shared office space but each was separately registered to do

---

[1] Additionally, the Court has held that "when there is no dispute that at least one defendant qualifies as an employer under Title VII, the integrated enterprise test is inapplicable."  *Daoro v. Eskaton*, No. 2:11-cv-0960-KJM-JFM, 2013 U.S. Dist. LEXIS 28656, *10-12 (E.D. Cal. Feb. 28, 2013) *quoting Drottz v. Park Electrochemical Corp.*, No. CV 11-1596-PHX-JAT, 2012 U.S. Dist. LEXIS 54274, at *3 (D. Ariz. Apr. 18, 2012).  Here, there is no dispute that Redflex DE qualifies as Plaintiff's employer, so the integrated enterprise test should not apply.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

business in California. 2008 U.S. Dist. LEXIS 18373, at *11-12.[2] As in *Laird* and *Kenny*, Plaintiff's signing of contracts solely at the direction of Redflex DE and only as an officer of Redflex DE and his mere use at times of the Culver City office cannot establish that he was an employee of Redflex CA.

### C. Neither *Blazek* Nor *Troisi* Support Remand In This Case

Neither of the two cases that the Court cites in its Tentative Ruling – *Blazek v. ADESA Cal., LLC*, 2009 U.S. Dist. LEXIS 81317 (S. D. Cal. Sept. 4, 2009) and *Troisi v. Cannon Equip. Co.*, No. SACV-08-1377 (DOC (ANx), 2009 U.S. Dist. LEXIS 23100 (C.D. Cal. Jan. 30, 2009) – support a remand of this case.

In *Blazek v. ADESA Cal., LLC*, 2009 U.S. Dist. LEXIS 81317 (S. D. Cal. Sept. 4, 2009), Plaintiff brought suit against defendants PAR, Inc. and ADESA California for discrimination, wrongful termination, and intentional infliction of emotional distress. *Id.* at *1-2. The Court applied the common law employment and integrated enterprise tests in determining whether defendants had shown that ADESA California was fraudulently joined. *Id.* at *4-5. The *Blazek* plaintiff submitted evidence that her offer letter was on ADESA California's letterhead and indicated that ADESA California was plaintiff's employer. *Id.* at *6-7. In addition, plaintiff provided evidence that at least one of her paychecks was issued by ADESA California. *Id.* In light of this evidence, the Court found that defendants' bare statements consisting of legal conclusions that PAR and ADESA California "operate independently of one another" and "do not jointly employ any employees" were

---

[2] Should Plaintiff attempt to argue that the alter ego or agency doctrines provide separate grounds to prove joint employment, his argument necessarily fails. Courts have recognized that where the showing is "insufficient to meet the less exacting "integrated enterprise" test, it "necessarily fails to meet the alter ego test." *Laird*, 68 Cal. App. 4th at 742; *see also TPS Utilicom Servs. V. AT&T Corp.*, 223 F. Supp. 2d 1089, 1103 (C.D. Cal. 2002) (holding that "the subsidiary corporation is not liable for the acts of the parent or shareholder merely on the basis of alter ego" and finding that a subsidiary was a sham defendant) (citation and quotation omitted). Likewise, where, as here, the parent does not control a subsidiary's employment decisions, the subsidiary cannot be considered the parent's agent for purposes of imputing an employment relationship. *Laird*, 68 Cal. App. 4th at 741.

SUPPLEMENTAL BRIEF IN OPPOSITION TO REMAND
DWT 24334483v9 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

insufficient to foreclose the possibility that Plaintiff would be able to show joint employment.  *Id.*

Unlike *Blazek*, the evidence here clearly establishes that Redflex DE, and not Redflex CA, issued Plaintiff's offer letter and entered employment agreements with Plaintiff.  (RJN, at Exs. A-C [DKT No. 13].)  Plaintiff's W-2 forms and pay stubs identify Redflex DE as Plaintiff's sole employer.  (Anton Decl. at ¶ 6 and Ex. A.)  Unlike *Blazek* , there are no documents or other evidence suggesting that Redflex CA was Plaintiff's employer.  And unlike the *Blazek* defendants' bare legal conclusions, Defendants have submitted both declarations and documentary evidence that Redflex CA has no employees whatsoever.  Plaintiff admitted repeatedly in his verified disclosures in the previously filed Arizona Action that the activities allegedly leading to his termination – those that are likewise central to this action – were duties within the scope of his employment for Redflex DE.  (RJN, at Ex. S [DKT No. 13].)  Tellingly, he fails to allege even once that he was an employee of Redflex CA.  (*Id.*)

Similar to *Blazek, Troisi v. Cannon Equipment Co.*, 2009 U.S. Dist. LEXIS 23100 (C.D. Cal. Jan. 30, 2009), *14-15 is also clearly distinguishable.  In *Troisi*, the Court concluded on evidence not present here that there was a possibility the purported sham defendant "Cannon West" was plaintiff's joint employer.  *Id.*  The Court found the possibility of joint employment on specific evidence that Cannon West "owned and operated" the facility where plaintiff worked and employed sales representatives who worked side-by-side with plaintiff and were supervised by plaintiff, including a declaration from plaintiff's assistant that he was employed by Cannon West.  *Id.* ("Thus, to the extent a sales task force operated out of and was employed by Cannon West, Troisi's argument that the company was at least an indirect employer of him is bolstered.").  The Court also found that the *Troisi* plaintiff raised a possibility of an integrated enterprise where the facts demonstrated a centralized control of labor relations and common management.  *Id.* at *17-18.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Specifically, the same individual exercised shared control over employment decisions impacting employees of both entities.  *Id.*

The operative facts in *Troisi* do not exist in this case.  Unlike *Troisi*, where the California entity owned the facility and equipment used by plaintiff, here, the Culver City office was initially leased in Redflex DE's name – and Redflex DE pays for the rent and operating costs of Redflex CA.  (Huson at ¶ 4 and Ex. A.)  Additionally, it is not possible that Plaintiff worked with or supervised Redflex CA employees because Redflex CA has no employees, and never has had employees.  (Dwiggins Decl. at ¶ 4.)  And, unlike *Troisi*, no similar centralized control of labor relations or common management exists here where the evidence clearly establishes that Redflex CA had no employees and did not exert any influence on Redflex DE's employment decisions.

*Blazek* and *Troisi* are simply not on point or instructive here.  *Thomas v. Aetna Health of California, Inc.,* No. 1:10-cv-01906-AWI-SKO, 2011 U.S. Dist. LEXIS 59377 (E.D. Cal. June 2, 2011), however, bears great similarity to the present case.  In *Thomas*, plaintiff brought suit alleging various Labor Code violations against Aetna Life Insurance Company and related entity Aetna Health of California.  *Id.* at *4.  Defendants filed a notice of removal, arguing that Aetna Health of California never employed plaintiff and was fraudulently joined as a sham defendant to defeat diversity.  *Id.* at *6.  Plaintiff subsequently filed a motion to remand.  *Id.* at *7.

The Court addressed whether the common law employment and integrated enterprise tests provided a basis for finding joint employment.  In denying plaintiff's motion to remand, the Court found that plaintiff's complaint was "entirely bereft of any factual allegations indicating how [sham defendant] can be considered [plaintiff's] employer."  In *Thomas*, as in this case, the complaint merely stated that one company "'acted as the agent for the other,' 'aided and abetted the acts and

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

omissions of each and all the other Defendants,' and 'employed Plaintiff and other persons as non-exempt or hourly employees.'" *Id; Compare with* Compl. ¶¶ 6-8.

Disregarding these statements, the Court noted that "[l]egal conclusions are not entitled to the presumption of truth that is afforded to factual allegations." *Id.* at *22. Accordingly, the Court found that there was "nothing the Court can construe in a light most favorable to Plaintiff." Indeed, a mere legal conclusion stated in a complaint that there was joint employment is insufficient to overcome a motion to dismiss, let alone be considered factual evidence. *See Hibbs-Rines v. Seagate Technologies, LLC*, 2009 U.S. Dist. LEXIS 19283, at *13 (holding that a statement in a complaint that "each and all of them . . . were the joint employers, parent companies, successor companies, predecessors in interest, affiliates, agents, employees, servants, joint venturers, directors, fiduciaries, representatives, and/or coconspirators of each of the remaining [d]efendants" was insufficient to present a plausible case that there was a joint employee relationship).

In denying Plaintiff's motion to remand, the Court stressed that the defendants' corporate relationship "does not automatically turn [the California defendant] into Plaintiff's employer." *Id.* at *23. Rather, the Court in *Thomas* ruled that "[a]bsent allegations indicating that [sham defendant] controlled or affected the conditions of [plaintiff's] employment in some manner," plaintiff's claim against the sham defendant were "not legally viable . . . ." *Id.* at *24. Because the plaintiff could not state a claim, the Court found that the plaintiff's joinder was fraudulent. *Id.* at *25.

As in *Thomas*, there are no facts before this Court showing that Redflex CA controlled or influenced any aspect of Plaintiff's employment with Redflex DE. Rather, the documentary evidence and declarations submitted by Defendants conclusively establish that Plaintiff was solely an employee of Redflex DE, and was never employed by Redflex CA. Plaintiff cannot avoid the plain truth that Redflex CA has no employees and has never had any employees in order to defeat diversity

13

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

jurisdiction. Accordingly, the evidence presented by Defendants forecloses any possibility that Plaintiff can establish that he was jointly employed by Redflex CA.

## IV.  CONCLUSION

For the foregoing reasons, Redflex CA is a sham defendant whose citizenship should be disregarded for purposes of determining the Court's subject matter jurisdiction. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Accordingly, this Court has diversity jurisdiction and Defendants respectfully request that this Court deny Plaintiff's request to remand.


DATED: June 26, 2014                    DAVIS WRIGHT TREMAINE LLP
                                        JOHN P. LeCRONE

                                        By:/s/ John P. LeCrone
                                               John P. LeCrone
                                        Attorneys for Defendants
                                        REDFLEX TRAFFIC SYSTEMS, INC.
                                        and REDFLEX TRAFFIC SYSTEMS
                                        (CALIFORNIA), INC.

SUPPLEMENTAL BRIEF IN OPPOSITION TO REMAND
DWT 24334483v9 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899