1  Thomas H. Bienert, Jr., State Bar No. 135311
2  tbienert@bmkattorneys.com
   Michael R. Williams, State Bar No. 192222
3  mwilliams@bmkattorneys.com
   Ali Matin, State Bar No. 268452
4  amatin@bmkattorneys.com
   BIENERT, MILLER & KATZMAN, PLC
5  903 Calle Amanecer, Suite 350
   San Clemente, California 92673
6  Telephone (949) 369-3700/Facsimile (949) 369-3701
7
   Attorneys for Plaintiff
8  AARON M. ROSENBERG

9            UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11

12  AARON M. ROSENBERG, an individual,      Case No.14-cv-003420 GW (RZx)

13        Plaintiff,                         **PLAINTIFF'S RESPONSE TO**
                                             **DEFENDANTS' SUPPLEMENTAL**
14                                           **BRIEF IN OPPOSITION TO REMAND**
15  v.

16  REDFLEX TRAFFIC SYSTEMS, INC.,           **Hearing**:
    an Arizona Corporation; REDFLEX
17  TRAFFIC SYSTEMS (CALIFORNIA),            Date:     July 7, 2014
    INC., a California Corporation; REDFLEX  Time:     8:30 a.m.
18  TRAFFIC SYSTEMS, INC., a Delaware        Ctrm:     10
    Corporation; REDFLEX HOLDINGS
19  LIMITED, an Australian form of
20  entity unknown; and DOES 1 through 25,
    inclusive,
21
22        Defendants.
23
24
25
26
27
28

## I.     Preliminary statement.

At the prior hearing, the Court was about to grant Plaintiff's motion and remand this case to state court based on the Court's detailed tentative ruling.  The Court held off on doing so because Defendants represented that Mr. Rosenberg had admitted in an Arizona lawsuit that he was not an employee of Redflex CA.  Defendants asked the Court to continue the hearing and allow Defendants an opportunity to present those purported admissions to the Court.  The Court made clear that mere admissions by Mr. Rosenberg that he worked for Redflex DE would not be sufficient given that, as the Court had explained in its tentative ruling, an individual can be employed by more than one company at a time.  Defendants assured the Court that Mr. Rosenberg had expressly and affirmatively admitted he did not work for Redflex CA.  Based on that representation, the Court continued the remand hearing and granted Defendants leave to file a Supplemental Brief.[1]

Defendants did not do what they claimed they would.  Their Supplemental Brief ***does not cite a single admission*** by Mr. Rosenberg that he was not an employee of Redflex CA.  This is because, contrary to Defendants' representations to the Court, no such admission exists.[2]  Instead of what they promised, Defendants' Supplemental Brief is effectively an improper summary judgment motion seeking, yet again, judgment on disputed issues of fact, which as a matter of law cannot occur at this stage of the proceeding.  As they did in

---

[1] The Court provided Defendants with this opportunity only after (a) they artfully dodged the Court's inquiry regarding why Defendants had not previously cited to any such admissions and (b) they wrongly complained that they were not afforded proper notice to respond to Mr. Rosenberg's request for remand.

[2] When Defendants reference the Arizona initial disclosures, they do so in general terms, without citation to any page numbers or line numbers.  *See* Suppl. Brief 1:1, 5:7-13, 6:19-20, 11:10-12.  Moreover, Defendants reference the initial disclosures for the undisputed proposition that Mr. Rosenberg was an employee of Redfex DE.  *See, e.g.*, Suppl. Brief 5:7-9 ("Plaintiff, in his verified disclosures in the previously filed Arizona Action, repeatedly affirmed his employment relationship with Redflex DE.").  Again, and as the Court made clear at the prior hearing, this fact is of no consequence at the jurisdictional stage given that one can have dual employee status and be, in this case, an employee of both Redflex CA and Redflex DE.

**PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF**

their previously-filed reply, Defendants essentially seek to (1) dispense with discovery regarding any underlying documents, (2) forego Mr. Rosenberg's right to depose Defendant witnesses on contested matters, and (3) disregard basic due process by presenting new (and contradictory) information based on self-serving declarations.  They do this knowing that Mr. Rosenberg has had no opportunity to conduct discovery and is operating under the truncated briefing schedule.  More importantly, they do it knowing that black letter law undermines their position and compels remand here.[3]

Under the circumstances, Defendants' position cannot be viewed as reasonable.  It has been no more than an effort to (1) protract litigation, (2) needlessly force Mr. Rosenberg to spend time and resources responding to issues that cannot be resolved at the jurisdictional stage of the suit, and (3) manufacture an entirely unnecessary legal exercise given the factual issues that remain unresolved.  The Court should order Defendants to pay Mr. Rosenberg's attorneys' fees related to this motion.

## II.   Defendants state that Redflex CA has no employees, despite Redflex CA's own documents reflecting that Mr. Rosenberg was an officer and Karen Finley was its CEO.

Instead of submitting the purported admissions they claimed to have and told the Court they would submit, Defendants have submitted a series of declarations that they claim support the conclusion that "Redflex CA has no employees" and "Redflex DE could not

---

[3] *See, e.g., Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) ("In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned."); *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1170 (E.D. Cal. 2011) ("Remand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'") (citation omitted); *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) ("There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion.").

2

have had any control over Redflex CA's alleged labor decisions and policies, as there were no employment decisions or policies to control."  Suppl. Brief 2:1-3:1-2.

But Mr. Rosenberg already submitted eight contracts that he signed on Redflex CA's behalf and that identify him as an officer of that company.  *See* Opp'n 3:25-5:21.  In addition, Redflex CEO Karen Finley also signed contracts on behalf of Redflex CA.  On June 18, 2007, Ms. Finley entered into a contract between the City of Los Alamitos and "Redflex Traffic Systems, Inc. (California)" (the "Los Alamitos Contract").  She signed it as Karen Finely, "Chief Executive Officer" of "Redflex Traffic Systems, Inc. (California)."  *See* Los Alamitos Contract attached to his Response at Ex. A.  Redflex CA presumably has possession and control of the Los Alamitos Contract and a multitude of similar contracts, and it is troubling that they elected not to advise the Court of this contract.

As the Court correctly observed in its tentative ruling, these contracts at a minimum create a factual dispute about whether Mr. Rosenberg was a Redflex CA employee.  *See* Tentative Ruling at 12-13; *see also Good v. Prudential Ins. Co. of Am.*, 5 Supp. 2d 804, 807 (N.D. Cal. 1998) (in ruling on a remand motion, a district court "must resolve all disputed questions of fact" in the plaintiff's favor).  As this Court also pointed out, the fact that Redflex may dispute the significance of these contracts or posit an alternate interpretation of their meaning does not somehow eliminate the factual dispute or otherwise satisfy Defendants' burden "to present summary judgment-type evidence foreclosing any possibility that Rosenberg can show Redflex CA was his employer."  Tentative Ruling at 11.

**III.   Defendants have filed inadmissible testimony from Redflex DE employees without submitting a single Redflex CA document to support their representations.**

Defendants have filed a fourteen-page summary judgment-like motion, declarations, and accompanying exhibits, which they contend establish, by clear and convincing evidence, that Redflex CA is a sham defendant.  Yet Defendants have for the third time failed to file a single document regarding Redflex CA itself.  Instead, they rely on

3

**PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF**

declarations from Redflex DE employees improperly attesting to Redflex CA's authority to conduct business.  These declarations suffer from the same fatal evidentiary infirmities that were present in the declaration of Robert DeVincenzi, which infirmities the Court noted in its tentative.  *See* Tentative Ruling at 11.   Namely, many of the declarants' statements lack proper foundation, are not based on personal knowledge, violate the secondary evidence rule (*i.e.*, there is a complete lack of any Redflex CA documents), contain hearsay, and constitute legal conclusions.  Critically, Mr. Rosenberg has not had the opportunity to cross-examine these witnesses regarding these defects with the benefit of discovery, which is a right that he would be entitled to prior to or after the filing of a proper summary judgment motion.  *See* Fed. R. Civ. Proc. 56(d); *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988) ("We generally disfavor summary judgment where relevant evidence remains to be discovered.").

Mr. Rosenberg reserves the right to file written objections to these declarations to the extent the Court does not remand this matter at the next hearing.  Ultimately, however, Mr. Rosenberg agrees with the Court that remand does not turn on the admissibility of these declarations because they are refuted by binding contracts by Redflex CA that, at minimum, create factual disputes that preclude dismissal of Redflex CA.  *See* Tentative 12, n. 13.

## IV.    Attorneys' fees and costs are now warranted.

In its tentative ruling, the Court declined to award attorneys' fees, stating at the prior hearing that, based on the record at that time, it could not find Defendants' removal objectively unreasonable.  *See* Tentative Ruling at 13.  In light of Defendants' Supplemental Brief and what it reveals about both Defendants' prior representations to the Court and its true motives in this matter, the Court should reconsider its prior ruling and grant Mr. Rosenberg attorneys' fees.  Indeed, when viewed through the prism of their latest tactics, Defendants' conduct paints a clear picture of unreasonableness throughout this proceeding:

- On May 2, 2014, Defendants filed a Notice of Removal based on diversity jurisdiction, acknowledging that Mr. Rosenberg and Redflex CA are citizens of California

and recognizing that, on its face, the action lacks complete diversity.  Dkt. No. 1 (Notice of Removal ¶¶ 6 – 18).

• The Notice of Removal repeatedly references Redflex CA as a sham defendant.  Dkt. No. 1 (Notice of Removal ¶¶ 1-3, 9 - 10, 12 -13, 15 – 17, 22).  Thus, Defendants were fully aware at the time of removal that the Court would have subject matter jurisdiction only if Redflex CA were deemed a sham defendant.

• On May 8, 2014, Mr. Rosenberg's counsel emailed Defendants' counsel, stating, among other things, that: (1) removal premised on diversity jurisdiction is improper because of Mr. Rosenberg's employment relationship with Redflex CA; (2) establishing diversity jurisdiction based on the dismissal of a purported "sham defendant" requires clear and convincing evidence; and (3) Redflex CA cannot meet its burden given the clear evidence of an employment relationship, as shown by contracts that were signed by Mr. Rosenberg and attached to the email.  Williams Decl. Ex. 2.

• On May 9, 2014, Defendants filed their motion to dismiss Defendants, ignoring Mr. Rosenberg's email and the attached contracts.

• In their motion, Defendants provided an incorrect legal standard for dismissing a sham defendant (*i.e.*, Rule 12(b)(6)), despite being advised of the correct standard prior to filing.

• Defendants filed their motion without any admissible evidence to prove that Mr. Rosenberg was not an employee of Redflex CA, despite knowing the high evidentiary standard of proof.

• Defendants omitted reference to any contracts signed by Mr. Rosenberg as an officer of Redflex CA, despite receiving two of these contracts before they filed.

• In their reply, Defendants pointed to inadmissible testimony from a non-Redflex CA employee regarding Mr. Rosenberg's employment status, again failing to acknowledge (let alone satisfy) the clear and convincing evidence standard.

• At the prior hearing, Defendants inaccurately suggested that they were blindsided by Mr. Rosenberg's request for remand due to a lack of notice when, as noted

**PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF**

above, they were well-aware of this issue and had ample opportunity to adequately address it based on the email from Mr. Rosenberg's counsel on the subject.

- At the prior hearing, when Defendants stated that they had "admissions" from the Arizona case, the Court advised that statements simply saying Plaintiff worked for Redflex DE would not carry they day given California's recognition of joint employment. Defendants would need to present, the Court cautioned, affirmative admissions by Mr. Rosenberg that he was NOT a Redflex CA employee.

- Instead of filing a brief pointing to specific admissions in the Arizona initial disclosures, Defendants filed an improper summary-judgment like motion.

- In their brief, Defendants state that Redflex CA had no employees and no supervision, which is contradicted by the eight contracts signed by Mr. Rosenberg and the contract signed by Karen Finely as Redflex CA's CEO.

Defendants' tactics fit a bad stereotype: a big company knows its employee is exposing corporate wrongdoing. To stifle that exposure, big company illegally terminates the employee and then grinds him down by overwhelming him with delay and expense, hoping that he will cave and simply give up. Redflex learned that Mr. Rosenberg had reported the company's systemic criminal acts. It fired him, sued him in another state on artfully-crafted false facts, and issued a press release in a national publication, attempting to paint him as the "bad apple" and make him the scapegoat for the company's wrongdoing. Now, Redflex is conducting litigation to ensure maximum expense and delay by, among other things, making inaccurate representations to the Court and taking positions that are contrary to clear law. While the merits of this case will have to play out over time, the Court does have this Supplemental Brief, and the record is clear as to what happened here. Neither Defendants' original position nor their current position was objectionably reasonable, and Mr. Rosenberg should not have to pay for this. Accordingly, fees and costs are warranted under 28 U.S.C. § 1447(c).

**V.    Conclusion.**

The Court should remand this matter for the reasons stated in its tentative ruling. Defendants have submitted nothing to overcome the reasoning set forth in that ruling, let alone the purported admissions they represented to the Court they would submit.  Moreover, Defendants' multiple summary judgment-like pleadings highlight their objectively unreasonable conduct since this matter was removed.   Defendants sought yet another opportunity to ambush Mr. Rosenberg and cause expense.  Accordingly, the Court should award attorneys' fees and costs under 28 U.S.C. § 1447(c).

Dated:  July 1, 2014                        BIENERT, MILLER & KATZMAN, PLC


                                             By: */s/ Ali Matin /s/*_____
                                                  Thomas H. Bienert, Jr.
                                                  Michael R. Williams
                                                  Ali Matin
                                                  Attorneys for Plaintiff
                                                  AARON M. ROSENBERG

**PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF**

# CERTIFICATE OF SERVICE

I, Coleen Grogan, declare,

That I am a citizen of the United States and am a resident or employed in Orange County, California; that my business address is 903 Calle Amanecer, Suite 350, San Clemente, California 92673; that I am over the age of 18 and not a party to the above-entitled action.

That I am employed by a member of the United States District Court for the Central District of California and at whose direction I caused service of: PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO REMAND  on the interested parties as follows:

**X     BY ELECTRONIC MAIL:** by electronically filing the foregoing with the Clerk of the District Court using its ECF System pursuant to the Electronic Case Filing provision of the United States District Court General Order and the E-Government Act of 2002, which electronically notifies said parties in this case:

John P. LeCrone                                Jonathan L. Segal
johnlecrone@dwt.com                     jonathansegal@dwt.com

Evelyn F. Wang
evelynwang@dwt.com

This certificate was executed on July 1, 2014, at San Clemente, California.

I certify under penalty of perjury that the foregoing is true and correct.


_____*/s/ Coleen Grogan /s/*_____
Coleen Grogan

148695-2