UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3420-GW(RZx) | Date | July 7, 2014 |
|---|---|---|---|
| Title | *Aaron M. Rosenberg v. Redflex Traffic Systems, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | Katie Thibodeaux | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Ali Matin  John P. LeCrone
  Evelyn Wang

**PROCEEDINGS:** TELEPHONIC HEARING RE:

**DEFENDANTS REDFLEX TRAFFIC SYSTEMS, INC. AND REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC.'S NOTICE OF MOTION AND MOTION TO DISMISS, STAY, OR IN THE ALTERNATIVE, TRANSFER [12]**

The Court's Response to Supplemental Briefing on Plaintiff's Request for Remand is circulated and attached hereto. Court hears further argument. Limited discovery on the issue of subject matter jurisdiction will begin today until August 15, 2014. Supplemental briefs will be filed by August 22, 2014. For reasons stated on the record, Defendant's motion is continued to **August 26, 2014 at 8:30 a.m.**

: 10

Initials of Preparer  JG

***Aaron Rosenberg v. Redflex Traffic Systems, Inc., et al.***; Case No. CV-14-3420-GW(RZx)
Court's Response to Supplemental Briefing on Plaintiff's Request for Remand

## I. Background

Plaintiff Aaron Rosenberg ("Rosenberg") and Defendant Redflex Traffic Systems, Inc. ("Redflex DE") are here following supplemental briefing on Rosenberg's request that this action be remanded to state court. To recap, Rosenberg filed this employment action in state court against Defendants Redflex DE and Redflex Traffic Systems (California), Inc. ("Redflex CA"). *See* Complaint ("Compl."), Docket No. 1, Ex. A. Redflex DE removed to this Court on a fraudulent joinder theory, claiming that Redflex CA was a sham defendant. *See* Removal Notice, Docket No. 1. At the last hearing, the Court indicated it was inclined to grant Rosenberg's remand request and send the case back to state court; however, the Court granted Redflex DE's request for leave to file supplemental materials in opposition to remand. As the Court explained in its prior Tentative Order, for present purposes, the relevant legal question is: Have Defendants offered summary judgment-type evidence foreclosing *any possibility* that Rosenberg can show Redflex CA was his employer?

In support of its supplemental opposition, Redflex DE submitted declarations from Donetta Anton ("Anton Decl."),[1] Jennifer Dwiggins ("Dwiggins Decl."),[2] and Scott Huson ("Huson Decl.").[3] Docket Nos. 24-1-3. In substance, the declarations state: (1) Redflex CA is a wholly-owned Redflex DE subsidiary, Huson Decl. ¶ 4; (2) while Redflex CA maintained the California office out of which Rosenberg worked, Redflex DE has always paid the rent and supplied all of the equipment for the office, *id.*; (3) any employee working out of Redflex CA's California offices, including Rosenberg, was paid exclusively by Redflex DE, had employment taxes paid by Redflex DE, and received employee benefits from Redflex DE, Anton Decl. ¶ 4; (4) Rosenberg's paystubs and W-2 forms identified Redflex DE as his employer, *id.* ¶ 6 & Ex. A; (5) Rosenberg reported to Redflex DE's

---

[1] Anton is a Human Resources Generalist employed by Redflex DE. Anton Decl. ¶ 3.

[2] Dwiggins is a Vice President of Operations for Redflex DE. Dwiggins Decl. ¶ 1.

[3] Huson is a Vice President and Controller for Redflex DE. Huson Decl. ¶ 1.

CEO, *id.* ¶ 7; (6) Redflex DE had the authority to hire, fire, and discipline Rosenberg, *id.* ¶¶ 8-10;[4] (7) Rosenberg's written employment contracts were with Redflex DE, not Redflex CA, *id.* ¶ 5; Redflex CA had no involvement in Redflex DE's decision to fire Rosenberg, *id.* ¶ 12; (8) Redflex CA has no employees and no payroll, and never has had any employees[5], *id.* ¶ 13; (9) any action purportedly undertaken by Redflex CA is truly undertaken by Redflex DE's employees, Dwiggins Decl. ¶ 4; (10) all work performed under Redflex CA's contracts is done by Redflex DE employees at the direction of Redflex DE managers, *id.* ¶ 5; (11) when Rosenberg signed contracts on Redflex CA's behalf, he signed them as a Redflex DE officer at Redflex DE's direction, *id.* ¶ 8; and (12) Rosenberg was never a Redflex CA officer, *id.* In short, as Redflex DE puts it, "Redflex CA exists essentially as a shell entity." Supp. Br. ISO Opp. to Remand ("Supp. Opp."), Docket No. 24, at 1:27.

In support of remand, Rosenberg relies on the following facts: (1) Rosenberg worked out of Redflex CA's office; (2) Rosenberg negotiated and signed several contracts purportedly as an officer of Redflex CA and on Redflex CA's behalf; and (3) Redflex DE's CEO also signed contracts purportedly as an officer of Redflex CA and on Redflex CA's behalf, *see* Docket No. 25, Ex. A.

## II. Analysis

In its prior Order, this Court relied heavily on *Troisi v. Cannon Equip. Co.*, No. 08-CV-1377-DOC(ANx), 2009 U.S. Dist. LEXIS 23100 (C.D. Cal. Jan. 30, 2009), when explaining why it was inclined to remand the action. Despite Redflex DE's attempt to downplay *Troisi*'s significance, it is remarkably similar. In *Troisi*, Judge Carter remanded a case removed on a fraudulent joinder theory because, although the plaintiff's complaint did "not implicate all the relevant facts to determining an indirect employment relationship, his pleading at least raise[d] the possibility." *Id.* at *16. In *Troisi*, the non-diverse defendant, Cannon, sued the plaintiff in Minnesota for breaching the parties' employment agreement. *Id.* at *4-*5.[6] The plaintiff filed a parallel employment suit in

---

[4]Paragraphs 8-10 of Anton's Declaration are essentially a boilerplate recitation of the common-law employment factors. *See* Anton Decl. ¶¶ 8-10. The Court gives them very limited weight.

[5]The Court has a question as to whether a corporation which has no employees (and never had any employees) can enter into (and perform the obligations of a) binding contract. Are the entities (with whom Redflex CA contracts) informed that it is a mere shell corporation and that the performance of the contract will be carried out by some other business?

[6]The plaintiff in *Troisi* moved to dismiss or transfer the case to California, but the Minnesota district court

California state court against Cannon and Cannon West, a non-diverse defendant. *Id.* at *6-*7. Cannon removed the action to federal court, asserting that Cannon West was not the plaintiff's employer and therefore was a sham defendant. *Id.* at *7-*8. Specifically, Cannon argued that:

> Cannon West [was] a mere manufacturing facility that occasionally provide[d] Cannon sales associates with offices. [Cannon] point[ed] out that the plant manager at Cannon West . . . reported directly to [Cannon's President], and did not supervise [plaintiff]. Further, [Cannon] contend[ed] that [plaintiff's] Employment Agreement was only with Cannon Equipment and that [the plaintiff's] direct supervisors were all employed and located at Cannon in Rosemont, Minnesota. Thus, [Cannon] argue[d] that Cannon West, now a defunct corporation, can in no way be considered [plaintiff's] employer . . . or otherwise be liable for . . . his alleged injuries.

*Id.* (names altered for consistency). Cannon also argued that: "Cannon West in no way supervised [the plaintiff] and . . . did not train, hire, transfer, promote, or discipline him. [Canon] further point[ed] out that [the plaintiff's] wages [were] paid by Cannon." *Id.* at *14-*15 (names altered for consistency). In opposition, the plaintiff provided the following facts: (1) he worked out of the Cannon West facility throughout his career, (2) Cannon and Cannon West had the same President, (3) Cannon and Cannon West were affiliates, or at least in a parent-subsidiary relationship, and (4) Cannon West had at least some employees (thereby raising the possibility that the plaintiff could also be an employee). *Id.* at *11-*12. While recognizing that the plaintiff's facts did not implicate all of the relevant common-law "employment" factors, the court concluded that his submissions "at least raise[d] the possibility" that Cannon West was his "employer" under the common-law test, and accordingly remanded the action. *Id.* at *16. In so doing, the court wrote:

> [T]he standard for proving fraudulent joinder requires [Cannon] to show that Cannon West has no real connection to the action. The Court cannot see how this is the case when Cannon West is the facility out of which [the plaintiff] worked from and his direct supervisor . . . potentially acted as the president for both Cannon and Cannon West.

*Troisi*, 2009 U.S. Dist. LEXIS 23100, at *20-*21. At first blush, it might seem that this Court could again adopt reasoning similar to *Troisi* and grant Rosenberg's remand request. As in *Troisi*, Rosenberg worked out of the Redflex CA office. And, as in *Troisi*, Rosenberg has put forward

---

denied the motion based on the forum-selection and choice-of-law clauses in the plaintiff's employment contract. *Troisi*, 2009 U.S. Dist. LEXIS 23100, at *5.

evidence suggesting Redflex CA and Redflex DE had the same CEO. Docket 25, Ex. A. Moreover, Redflex DE's evidence shows that Redflex DE and Redflex CA are affiliates. In addition, Rosenberg has produced several contracts that he signed purportedly as an officer of Redflex CA. Thus, in several ways, this case is just like *Troisi*, suggesting that the same outcome would be sound.

One key difference, however, is that here, unlike in *Troisi*, Redflex DE has produced largely undisputed evidence showing that Redflex CA is "essentially a shell corporation" which apparently has no assets, no employees, no supervisors, and no independent funding. If credited, these facts, and the other facts in Redflex DE's declarations, would seem to bring this case beyond *Troisi* and *Blazek v. ADESA Cal., LLC*, No. 09-CV-1509-BTM(BLMx), 2009 U.S. Dist. LEXIS 81317 (S.D. Cal. Sept. 4, 2009), the other case on which the Court's prior Tentative Order relies. Indeed, if Redflex CA really (1) did not own any property in the California office, (2) did not pay any rent, (3) did not have any payroll, and (4) in no way supervised, controlled, or directed Rosenberg's work; and if (5) all work performed under Redflex CA's contracts was done by Redflex DE employees at the direction of Redflex DE managers; and if (6) all of Rosenberg's employment contracts were with Redflex DE, (7) all of his paychecks were issued by Redflex DE, (8) all of his taxes were paid by Redflex DE, and (9) all of his employee benefits came from Redflex DE; and if, (10) Redflex CA *truly* is a "shell corporation" for Redflex DE, then the Court would be prepared to conclude that Rosenberg could not possibly show that Redflex CA was his employer – at least under the common-law employer test. *See* Tentative Order at 8-9 (describing test). This would be true despite fully crediting Rosenberg's evidence and resolving all legal and factual ambiguities in his favor.

Before reaching that conclusion, however, the Court would ask Redflex DE to answer the following questions: Did Redflex CA and Redflex DE have overlapping officers or directors? If so, did Rosenberg report to any officers or directors who served as officers or directors to both Redflex CA and Redflex DE? For example, if Redflex DE's CEO was also Redflex CA's CEO, *see* Docket No. 25, Ex. A, and if Rosenberg reported directly to that person, Anton Decl. ¶ 7, and if that person told Rosenberg to go out and execute contracts on Redflex CA's behalf, *see* Docket No. 17, Exs. 1-8, that would seem to at least raise a factual question as to whether Rosenberg was a Redflex CA employee. *See, e.g., Troisi*, 2009 U.S. Dist. LEXIS 23100, at *15 ("In addition, they argue that any actions taken by Gruber against Troisi involve Gruber acting in his capacity as the President of

[Canon], not Cannon West. However, to the extent Gruber was able to limit Troisi's access to the [Canon West] facility and prevent him from receiving equipment from the Garden Grove facility to work at home, these actions at least implicate Gruber's power as the president of Cannon West"). Redflex DE has submitted sworn declarations stating nobody at Redflex CA had any authority to direct or control Rosenberg's employment in any way. But since Redflex CA's management structure is currently unclear, the Court would like to have the above questions answered. Also, the Court would ask whether Redflex CA received payments under the contracts Rosenberg negotiated on its behalf, or if, instead, all payments went to Redflex DE. If Rosenberg went out and negotiated contracts on Redflex CA's behalf for which Redflex CA received payment (instead of Redflex DE), that too would seem to raise a factual question as to whether Rosenberg was a Redflex CA employee. Reading Redflex DE's declarations, that would not seem possible. But, again, the Court is not entirely clear, so it would like to have that question answered, along with the ones identified above.

### III. Conclusion

The Court's conclusion will turn on Redflex DE's answers at the hearing (or, if necessary, the answers submitted in a short supplemental filing). If the Court ultimately agrees with Redflex DE, it will order Rosenberg to file any supplemental briefing in opposition to Redflex DE's Motion to Dismiss, Stay, or Transfer by July 17,[7] and Redflex DE to file any supplemental Reply by July 24.

---

[7] Rosenberg had to combine his request for remand with his opposition to Redflex DE's Motion to Dismiss, Stay, or Transfer. As a result, Rosenberg requested leave to file supplemental briefing in opposition to Redflex DE's Motion if the Court concluded that it had subject matter jurisdiction. *See* Docket No. 15 at 11:19-22.