JOHN P. LeCRONE (State Bar No. 115875)
 johnlecrone@dwt.com
JONATHAN L. SEGAL (State Bar No. 264238)
 jonathansegal@dwt.com
EVELYN F. WANG (State Bar No. 273622)
 evelynwang@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendants
REDFLEX TRAFFIC SYSTEMS, INC., and
REDFLEX TRAFFIC SYSTEMS
(CALIFORNIA), INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON M. ROSENBERG, an individual, | Case No. **2:14−cv−03420 GW (RZx)** |
| Plaintiff, | **DEFENDANTS' EX PARTE APPLICATION FOR A PROTECTIVE ORDER REGARDING NOTICED DEPOSITIONS; PLAINTIFF'S OPPOSITION** |
| vs. | |
| REDFLEX TRAFFIC SYSTEMS, INC., an Arizona corporation; REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC., a California corporation; REDFLEX TRAFFIC SYSTEMS, INC., a Delaware corporation; REDFLEX HOLDINGS LIMITED, an Australian form of entity unknown; and DOES 1 through 25, inclusive, | **[TWO PAGE JOINT STATEMENT]** **[TELEPHONIC HEARING REQUESTED]** Date:      July 28, 2014 Time:      8:30 a.m. Crtrm.:      10 |
| Defendants. | State Action Filed:  February 19, 2014 |

**<u>Defendants' Statement</u>**:

Plaintiff has gone well beyond any reasonable boundaries of the Court's order allowing "limited" jurisdictional discovery, by serving *two* separate notices for lengthy 30(b)(6) depositions with 25 broad topics, in addition to serving separate 26 written discovery requests on each defendant – *102 total requests*.  Defendants do not believe the Court envisioned these tactics when it granted focused and limited discovery, and respectfully request that the Court issue an order barring these depositions as noticed.  Indeed, in its earlier Order, the Court stated that it would allow only "limited discovery" on the issue of diversity jurisdiction, outlining specific areas where the Court believed the record was incomplete.  *See* Order at 1, 4-5.  At the hearing, the Court ordered that the Parties would have 10 days to respond to requests – a provision that deals solely with the conduct of *written* discovery.  The Court also stated it expected discovery to be complete in a month, except in the event of the parties propounding "voluminous" requests – again, expressly referring to the conduct of *written* discovery.  Because the Court never mentioned depositions while explicitly setting procedures for written discovery, Defendants believe it is unlikely that the Court contemplated multiple and lengthy depositions.[1]

Plaintiff's proposed deposition subjects also are wholly overbroad, because they go well beyond the limited issues before the Court and are duplicative of Plaintiff's written discovery.  Plaintiff's lengthy, overbroad and unnecessary discovery is plainly designed to harass Defendants and to cause a needless increase in the cost of litigation.  Exs. A – E.  *See Cram v. Elec. Data Sys. Corp.*, 2007 U.S. Dist. LEXIS 91294 (S.D. Cal. Dec. 12, 2007) (denying motion to compel jurisdictional interrogatory responses when previous responses proved the issue).  Here, written discovery will be sufficient to flesh out any desired jurisdictional facts.

---

[1] If the Court did envision the Parties conducting depositions, Defendants respectfully request that it limit the depositions to one, four-hour deposition on limited topics.

EX PARTE REGARDING DEPOSITIONS
DWT 24502387v5 0090234-000018

1

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## Plaintiff's Statement

Defendants offer two arguments: (1) the Court did not contemplate depositions when it permitted the parties' to take jurisdictional discovery; and (2) Plaintiff's Rule 30(b)(6) deposition notices are overbroad. Both arguments are meritless.

**1.      Depositions are a necessary and proper part of jurisdictional discovery.**

In support of their claim that Redflex CA is a sham defendant, Defendants rely on declaration testimony by four employees. These declarants make factual claims about, *inter alia*, the nature of Redflex CA, its relationship to other Redflex entities, the personnel who performed work for Redflex CA, the flow of money earned on Redflex CA contracts, and the management overlap among Redflex entities.

According to Defendants, the Plaintiff (and the Court) should just take these declarants at their word, with no opportunity to explore the basis (or lack thereof) for their testimony. This cannot be what the Court intended when it permitted the parties to take discovery regarding the disputed jurisdictional issues. If Defendants can rely on testimony, then Plaintiff must be entitled to test and challenge that testimony through deposition. For the sake of efficiency, Plaintiff seeks only to depose corporate representatives, rather than each declarant separately.

**2.      Plaintiffs' notices are narrowly tailored to Defendants' factual claims.**

As noted above, Defendants have made various factual assertions in this matter. These factual assertions are the sole topics addressed by Plaintiff's deposition notices.  Having relied on its own assertions about these subjects, Defendants cannot complain that Plaintiff now wants discovery about them.

Moreover, the complaints that Plaintiff served two deposition notices and that his deposition categories overlap with his document requests are baseless.  Plaintiff served two notices because there are two relevant entities – Redflex DE and Redflex CA.  If the same individual is designated for both, Plaintiff is happy to take a single deposition. The notices and document requests overlap because they both focus on the same relevant topics.  Documents and depositions are not mutually exclusive.

EX PARTE REGARDING DEPOSITIONS
DWT 24502387v5 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Respectfully Submitted by:

DATED: July 24, 2014

DAVIS WRIGHT TREMAINE LLP
JOHN P. LeCRONE
JONATHAN L. SEGAL
EVELYN F. WANG

By: */s/ John P. LeCrone*
          John P. LeCrone

Attorneys for Defendants

REDFLEX TRAFFIC SYSTEMS, INC.,
and REDFLEX TRAFFIC SYSTEMS
(CALIFORNIA), INC.

DATED:  July 24, 2014

BIENERT, MILLER & KATZMAN, PLC
THOMAS H. BIENERT, JR.
MICHAEL R. WILLIAMS
ALI MATIN

By:  */s/ Michael R. Williams*
      Michael R. Williams
      Attorneys for Plaintiff
      AARON M. ROSENBERG

EX PARTE REGARDING DEPOSITIONS
DWT 24502387v5 0090234-000018

EXHIBIT A



Suite 2400
865 South Figueroa Street
Los Angeles, CA  90017-2566

**John P. LeCrone**
213.633.6825 tel
213.633.6899 fax

johnlecrone@dwt.com

July 15, 2014

**Via U.S. Mail & Electronic Mail** (tbienert@bmkattorneys.com
mwilliams@bmkattorneys.com
amatin@bmkattorneys.com)

Thomas H. Bienert, Jr., Esq.
Michael R. Williams, Esq.
Ali Matin, Esq.
Bienert, Miller & Katzman, PLC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673

Re:   *Aaron M. Rosenberg v. Redlfex Traffic Systems, Inc., et al.*

Dear Counsel:

I am forwarding our clients' objections to Plaintiff's Rule 30(b)(6) deposition notices served late last Thursday evening.  In these notices, Plaintiff improperly seeks to take two lengthy depositions of "persons most knowledgeable" covering a long and detailed list of 25 "topics" in each notice.  The notices, and the lengthy list of deposition "topics," clearly are burdensome and compound on virtually every "topic" included in the notices.  They also are duplicative of Plaintiff's written discovery requests served with the deposition notices.

Most notably, the Rule 30(b)(6) deposition notices do not comply with the expedited, limited jurisdiction discovery ordered by the Court at the hearing last week.  Indeed, these noticed depositions will result in unnecessarily lengthy and expensive discovery.  Discovery into these noticed subjects, to the extent they are proper at all, should be conducted as part of the limited written discovery process that was ordered by the Court.

At the hearing on July 7, 2014, the Court also ordered the parties to respond to each discovery request within 10 days – referring to written discovery – and the Court set a deadline for completing discovery by August 15, 2014.  The Court noted the possibility of a "voluminous" number of requests in violation of the limited discovery order – again expressly referring to written discovery – and ordered an expedited *ex parte* process for bringing the issue to the Court's attention.

Anchorage   New York   Seattle
Bellevue   Portland   Shanghai
Los Angeles   San Francisco   Washington, D.C.

100%                                      www.dwt.com

Thomas H. Bienert, Jr., Esq.
Michael R. Williams, Esq.
Ali Matin, Esq.
July 15, 2014
Page 2


By this letter, we demand that Plaintiff agree to withdraw these deposition notices immediately.  As they are outside the scope of the Court's Order, we will not be providing witnesses as currently noticed.

We ask for your response by the close of business Wednesday, July 16, 2014.  If we do not hear back from you by then, we will seek an appropriate order from the Court in accordance with the *ex parte* process discussed at last week's hearing.


Very truly yours,

Davis Wright Tremaine LLP

John P. LeCrone

JOHN P. LeCRONE (State Bar No. 115875)
  johnlecrone@dwt.com
JONATHAN L. SEGAL (State Bar No. 264238)
  jonathansegal@dwt.com
EVELYN F. WANG (State Bar No. 273622)
  evelynwang@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
REDFLEX TRAFFIC SYSTEMS, INC. and
REDFLEX TRAFFIC SYSTEMS
(CALIFORNIA), INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON M. ROSENBERG, an individual,<br><br>                    Plaintiff,<br><br>    vs.<br><br>REDFLEX TRAFFIC SYSTEMS, INC., an Arizona corporation; REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC., a California corporation; REDFLEX TRAFFIC SYSTEMS, INC., a Delaware corporation; REDFLEX HOLDINGS LIMITED, an Australian form of entity unknown; and DOES 1 through 25, inclusive,<br><br>                    Defendants. | Case No. **2:14−cv−03420 GW (RZx)**<br><br>**DEFENDANT REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC.'S OBJECTIONS TO NOTICE OF DEPOSITION OF REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)** |

Defendant Redflex Traffic Systems (California), Inc. ("Redflex CA" or "Defendant") objects to Plaintiff Aaron M. Rosenberg's ("Plaintiff") Notice of Deposition of Redflex Traffic Systems (California), Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6) as follows:

## PRELIMINARY STATEMENT

Plaintiff's attempt to take two lengthy Defendant's 30(b)(6) depositions in the context of limited jurisdictional discovery allowed by the Court is wholly improper, unduly burdensome, and duplicative of Plaintiff's written discovery served with the 30(b)(6) notices.  Indeed, the depositions are noticed solely for the purpose of harassing Defendant and causing needless expense on a limited jurisdictional issue that has briefed extensively to date.

*First,* at the hearing on July 7, 2014, it is clear that the Court did not intend for the Parties to conduct lengthy depositions when it ordered the Parties to conduct expedited, limited discovery solely on the issue of diversity jurisdiction.  The Court stated that it would allow "limited discovery" on that issue.  *See* Order at 1.  In discussing the scope and conduct of discovery at the hearing on July 7, 2014, the Court ordered that the Parties would have 10 days to respond to discovery requests – a provision that deals solely with the conduct of *written* discovery.  The Court also set a deadline to complete discovery in five weeks, by August 15, 2014, and that the court envisioned the parties meeting that deadline, except in the event of the parties' propounding a "voluminous" number of requests – again, expressly referring to the conduct of *written* discovery.  Finally, the Court set out a procedure for resolving discovery disputes on an expedited and *ex parte* basis.  While the Court repeatedly referred to written discovery, it did not mention depositions whatsoever and certainly not the type of lengthy depositions contemplated under Rule 30(b)(6) .  Because the Court both stated that it wanted discovery to be very limited, and because it enumerated discovery procedures that concern written discovery, while not ever

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

mentioning depositions, it is unlikely that the Court contemplated that the Parties would engage in depositions.

*Second*, Plaintiff's proposed deposition subjects are so overbroad, beyond the limited jurisdictional issue before the Court, and duplicative of Plaintiff's written discovery, that Plaintiff clearly has improper reasons in seeking a 30(b)(6) deposition: namely, to harass and to cause a needless increase in the cost of litigation. In addition to Plaintiff's overbroad Notices of Deposition served on each of the Defendants, Plaintiff has propounded 12 Requests for Production and 14 Interrogatories on each of the Defendants in this action, for a total of 52 discovery requests on issues related to jurisdiction, many of which have already been briefed by the parties.  These Requests and Interrogatories cover the full spectrum of subjects that are identified in Plaintiff's 30(b)(6) notices.

In accordance with the Court's order for limited discovery in this case, Defendant will respond to written discovery that is properly within the limited scope of jurisdictional discovery and will serve appropriate written discovery responses on an expedited basis.  Plaintiff will have ample opportunity to seek to compel further responses in the unlikely event he believes that is necessary.  Accordingly, Plaintiff's request to take two lengthy depositions on an expedited basis  are wholly unjustified and improper.

## **GENERAL OBJECTIONS**

1.      Defendant objects to the Notice to the extent that it attempts or purports to impose obligations beyond those set forth in the Federal Rules of Civil Procedure and the local rules of this Court.

2.      Defendant objects to the Notice to the extent that it attempts or purports to require disclosure of privileged or confidential communications between attorney and client, disclosure of documents or information protected by the attorney work product doctrine, or any other applicable privilege.

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

3.     Defendant objects to the Notice to the extent that it attempts or purports to require Defendant to produce information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets.

4.     Defendant objects to the Notice to the extent that it seeks information that may be protected by a right of privacy under either the United States Constitution, Article 1 of the Constitution of the State of California, or any other applicable law.

5.     Defendant objects to the definitions included in the Notice to the extent that they make the categories on which testimony is sought compound, vague, ambiguous, overbroad, unduly burdensome, and oppressive.

6.     Defendant objects to the Notice to the extent that it is overbroad as to time.

7.     Defendant objects to Plaintiff's definitions of "Defendant," "you," "your," and "Redflex CA" on the grounds that such definitions are vague, overbroad and unduly burdensome and to the extent that, when applied within the context of the categories on which Plaintiff seeks testimony, they purport to require Defendant to provide information that has no relation to the limited issue of subject matter jurisdiction.

8.     Defendant objects to Plaintiff's definition of "Redflex DE" on the grounds that it is vague, overbroad and unduly burdensome and to the extent that, when applied within the context of the categories on which Plaintiff seeks testimony, they purport to require Defendant to provide information that has no relation to the limited issue of subject matter jurisdiction. Defendant further objects to these definitions to the extent they purport to require the disclosure of information that is not within the possession, custody or control of Defendant.

9.     Defendant objects to Plaintiff's definitions of "Redflex CA Contract" and "Redflex CA Contracting Party" on the grounds that such definitions are vague,

overbroad and unduly burdensome and to the extent that, when applied within the context of the categories on which Plaintiff seeks testimony, they purport to require Defendant to provide information that has no relation to the limited issue of subject matter jurisdiction.  Defendant also objects to these definitions to the extent that they purport to require Defendant to produce information protected by the attorney-client privilege and/or the attorney-work product doctrine or information created by or at the direction of an attorney in anticipation of or for the purpose of litigation, and to the extent they seek proprietary or confidential information.

10.     Defendant objects to Plaintiff's definitions of "Redflex DE Contract" and "Redflex DE Contracting Party" on the grounds that such definitions are vague, overbroad and unduly burdensome and to the extent that, when applied within the context of the categories on which Plaintiff seeks testimony, they purport to require Defendant to provide information that has no relation to the limited issue of subject matter jurisdiction.  Defendant further objects to these definitions to the extent they purport to require the disclosure of information that is not within the possession, custody or control of Defendant.  Defendant also objects to these definitions to the extent that they purport to require Defendant to produce information protected by the attorney-client privilege and/or the attorney-work product doctrine or information created by or at the direction of an attorney in anticipation of or for the purpose of litigation, and to the extent they seek proprietary or confidential information.

11.     Specific objections to the Deposition Notice, and the categories on which Plaintiff seeks testimony, are made on an individual basis in the responses below.  These General Objections are incorporated into each response set forth below as though set forth in full.  The failure to mention one of the foregoing objections and qualifications in any of the responses set forth below shall not be deemed a waiver of such objection or qualification.

OBJECTIONS TO NOTICE OF DEPOSITION OF REDFLEX (CALIFORNIA)
PURSUANT TO FED. R. CIV. P. 30(B)(6)
DWT 24453651v2 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**SPECIFIC OBJECTIONS TO MATTERS SPECIFIED FOR EXAMINATION**

**Subject Matter of Deposition Testimony**

DEPOSITION SUBJECT NO. 1: The formation, organization, structure, and operation of Redflex CA.

OBJECTION TO DEPOSITION SUBJECT NO. 1:

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order. Defendant further objects to this matter as unduly burdensome, harassing, and unreasonably duplicative in that it seeks information that is the subject matter of Plaintiff's requests for production and special interrogatories.   Defendant further objects to this matter to the extent it calls for information neither relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to the discovery of admissible evidence.   Defendant further objects to this matter on the ground that it is compound.   Defendant further objects to this matter to the extent it seeks information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets.   Defendant also objects to this matter to the extent it seeks information protected by the attorney-client privilege and/or the attorney-work product doctrine or information created by or at the direction of an attorney in anticipation of or for the purpose of litigation.

DEPOSITION SUBJECT NO. 2: The facts and circumstances regarding Redflex CA's creation.

OBJECTION TO DEPOSITION SUBJECT NO. 2:

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order. Defendant further objects to this matter as unduly burdensome, harassing, and

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  unreasonably duplicative in that it seeks information that is the subject matter of

2  Plaintiff's requests for production and special interrogatories.   Defendant further

3  objects to this matter for examination on the grounds that it is vague and ambiguous,

4  including but not limited to use of the terms "facts and circumstances regarding

5  Redflex CA's creation." Defendant further objects to this matter to the extent it calls

6  for information neither relevant to the issue of subject matter jurisdiction nor

7  reasonably calculated to lead to the discovery of admissible evidence.  Defendant

8  further objects to this matter on the ground that it is compound.  Defendant further

9  objects to this matter to the extent it seeks information which is protected from

10  disclosure and discovery by virtue of Defendant's rights to non-disclosure of

11  confidential or proprietary information, or trade secrets.  Defendant also objects to

12  this matter to the extent it seeks information protected by the attorney-client privilege

13  and/or the attorney-work product doctrine or information created by or at the

14  direction of an attorney in anticipation of or for the purpose of litigation.

15

16  <u>DEPOSITION SUBJECT NO. 3</u>: The identities of past and present directors,

17  officers, employees, or other personnel of Redflex CA.

18  <u>OBJECTION TO DEPOSITION SUBJECT NO. 3:</u>

19  Defendant objects that the matter for examination is unduly burdensome and

20  harassing in that it seeks information outside the permissible method and scope of

21  limited jurisdictional discovery provided by the Court's July 7, 2014 order.

22  Defendant further objects to this matter as unduly burdensome, harassing, and

23  unreasonably duplicative in that it seeks information that is the subject matter of

24  Plaintiff's requests for production and special interrogatories.   Defendant further

25  objects to this matter for examination on the grounds that it is vague and ambiguous,

26  including but not limited to use of the terms "other personnel" and as to time.

27  Defendant further objects to this matter to the extent it calls for information neither

28  relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the discovery of admissible evidence. Defendant further objects to this matter on the ground that it is compound. Defendant further objects to the matter on the grounds that it is overbroad as to time. Defendant further objects to this matter to the extent it seeks information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets. Defendant also objects to this matter to the extent it seeks information protected by the attorney-client privilege and/or the attorney-work product doctrine or information created by or at the direction of an attorney in anticipation of or for the purpose of litigation. Defendant further objects to this matter to the extent it seeks confidential information and/or information protected by a right of privacy under the United States Constitution, Article I of the Constitution of California, or any other applicable law.

**DEPOSITION SUBJECT NO. 4**: The identities of past and present directors, officers, employees, or other personnel of Redflex DE.

**OBJECTION TO DEPOSITION SUBJECT NO. 4:**

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order. Defendant further objects to this matter as unduly burdensome, harassing, and unreasonably duplicative in that it seeks information that is the subject matter of Plaintiff's requests for production and special interrogatories. Defendant further objects to this matter for examination on the grounds that it is vague and ambiguous, including but not limited to use of the terms "other personnel" and as to time. Defendant further objects to this matter to the extent it calls for information neither relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the matter on the grounds that it is overbroad as to time. Defendant further objects to this matter on

7

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the ground that it is compound. Defendant further objects to this matter to the extent it seeks information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets. Defendant also objects to this matter to the extent it seeks information protected by the attorney-client privilege and/or the attorney-work product doctrine or information created by or at the direction of an attorney in anticipation of or for the purpose of litigation. Defendant further objects to this matter to the extent it seeks confidential information and/or information protected by a right of privacy under the United States Constitution, Article I of the Constitution of California, or any other applicable law.

**DEPOSITION SUBJECT NO. 5**: The identities of past and present directors, employees, or other personnel located in, based in, or performing services from the Culver City Offices.

**OBJECTION TO DEPOSITION SUBJECT NO. 5:**

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order. Defendant further objects to this matter as unduly burdensome, harassing, and unreasonably duplicative in that it seeks information that is the subject matter of Plaintiff's requests for production and special interrogatories. Defendant further objects to this matter for examination on the grounds that it is vague and ambiguous, including but not limited to use of the terms "other personnel" and as to time. Defendant further objects to this matter to the extent it calls for information neither relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the matter on the grounds that it is overbroad as to time. Defendant further objects to this matter on the ground that it is compound. Defendant further objects to this matter to the extent

8

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  it seeks information which is protected from disclosure and discovery by virtue of

2  Defendant's rights to non-disclosure of confidential or proprietary information, or

3  trade secrets.  Defendant also objects to this matter to the extent it seeks information

4  protected by the attorney-client privilege and/or the attorney-work product doctrine

5  or information created by or at the direction of an attorney in anticipation of or for

6  the purpose of litigation.  Defendant further objects to this matter to the extent it

7  seeks confidential information and/or information protected by a right of privacy

8  under the United States Constitution, Article I of the Constitution of California, or

9  any other applicable law.

10

11  **DEPOSITION SUBJECT NO. 6**: The business operations performed out of the

12  Culver City Offices.

13  **OBJECTION TO DEPOSITION SUBJECT NO. 6:**

14  Defendant objects that the matter for examination is unduly burdensome and

15  harassing in that it seeks information outside the permissible method and scope of

16  limited jurisdictional discovery provided by the Court's July 7, 2014 order.

17  Defendant further objects to this matter as unduly burdensome, harassing, and

18  unreasonably duplicative in that it seeks information that is the subject matter of

19  Plaintiff's requests for production and special interrogatories.   Defendant further

20  objects to this matter for examination on the grounds that it is vague and ambiguous,

21  including but not limited to use of the terms "business operations" and as to time.

22  Defendant further objects to this matter to the extent it calls for information neither

23  relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to

24  the discovery of admissible evidence.  Defendant further objects to this matter on the

25  ground that it is compound.  Defendant further objects to this matter to the extent it

26  seeks information which is protected from disclosure and discovery by virtue of

27  Defendant's rights to non-disclosure of confidential or proprietary information, or

28  trade secrets.  Defendant also objects to this matter to the extent it seeks information

OBJECTIONS TO NOTICE OF DEPOSITION OF REDFLEX (CALIFORNIA)
PURSUANT TO FED. R. CIV. P. 30(B)(6)
DWT 24453651v2 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

protected by the attorney-client privilege and/or the attorney-work product doctrine or information created by or at the direction of an attorney in anticipation of or for the purpose of litigation.

**DEPOSITION SUBJECT NO. 7**: The business practices of Redflex CA, including its solicitation, negotiation, and execution of Redflex CA Contracts with Redflex CA Contracting Parties.

**OBJECTION TO DEPOSITION SUBJECT NO. 7:**

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order. Defendant further objects to this matter as unduly burdensome, harassing, and unreasonably duplicative in that it seeks information that is the subject matter of Plaintiff's requests for production and special interrogatories. Defendant further objects to this matter for examination on the grounds that it is vague and ambiguous, including but not limited to use of the terms "business practices," "Redflex CA Contracts," "Redflex CA Contracting Parties," and as to time and scope. Defendant further objects to this matter to the extent it calls for information neither relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this matter on the ground that it is compound. Defendant further objects to this matter to the extent it seeks information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets. Defendant also objects to this matter to the extent it seeks information protected by the attorney-client privilege and/or the attorney-work product doctrine or information created by or at the direction of an attorney in anticipation of or for the purpose of litigation. Defendant further objects to this matter to the extent it seeks confidential information and/or information protected by a right of privacy

10

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  under the United States Constitution, Article I of the Constitution of California, or
2  any other applicable law.

3

4  DEPOSITION SUBJECT NO. 8: The facts and circumstances regarding
5  Rosenberg's solicitation, negotiation, and execution of Redflex CA Contracts.
6  OBJECTION TO DEPOSITION SUBJECT NO. 8:
7  Defendant objects that the matter for examination is unduly burdensome and
8  harassing in that it seeks information outside the permissible method and scope of
9  limited jurisdictional discovery provided by the Court's July 7, 2014 order.
10  Defendant further objects to this matter as unduly burdensome, harassing, and
11  unreasonably duplicative in that it seeks information that is the subject matter of
12  Plaintiff's requests for production and special interrogatories.   Defendant further
13  objects to this matter for examination on the grounds that it is vague and ambiguous,
14  including but not limited to use of the terms "facts and circumstances," "Redflex CA
15  Contracts," and as to time and scope.  Defendant further objects to this matter to the
16  extent it calls for information neither relevant to the issue of subject matter
17  jurisdiction nor reasonably calculated to lead to the discovery of admissible evidence.
18  Defendant further objects to this matter on the ground that it is compound.
19  Defendant further objects to this matter to the extent it seeks information which is
20  protected from disclosure and discovery by virtue of Defendant's rights to non-
21  disclosure of confidential or proprietary information, or trade secrets.  Defendant also
22  objects to this matter to the extent it seeks information protected by the attorney-
23  client privilege and/or the attorney-work product doctrine or information created by
24  or at the direction of an attorney in anticipation of or for the purpose of litigation.
25  Defendant further objects to this matter to the extent it seeks confidential information
26  and/or information protected by a right of privacy under the United States
27  Constitution, Article I of the Constitution of California, or any other applicable law.
28

OBJECTIONS TO NOTICE OF DEPOSITION OF REDFLEX (CALIFORNIA)
PURSUANT TO FED. R. CIV. P. 30(B)(6)
DWT 24453651v2 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DEPOSITION SUBJECT NO. 9: The "shell entity" status of Redflex CA, as discussed in Defendants' Supplemental Brief, page 1, line 24, through page 2, line 2.

OBJECTION TO DEPOSITION SUBJECT NO. 9:

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order. Defendant further objects to this matter as unduly burdensome, harassing, and unreasonably duplicative in that it seeks information that is the subject matter of Plaintiff's requests for production and special interrogatories. Defendant further objects to this matter to the extent it calls for information neither relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this matter on the ground that it is compound. Defendant further objects to this matter to the extent it seeks information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets. Defendant also objects to this matter to the extent it seeks information protected by the attorney-client privilege and/or the attorney-work product doctrine or information created by or at the direction of an attorney in anticipation of or for the purpose of litigation.

DEPOSITION SUBJECT NO. 10: The representations and disclosures made to Redflex CA Contracting Parties regarding Reflex CA's "shell entity" status, as discussed in Defendants' Supplemental Brief, page 1, line 24, through page 2, line 2.

OBJECTION TO DEPOSITION SUBJECT NO. 10:

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order. Defendant further objects to this matter as unduly burdensome, harassing, and unreasonably duplicative in that it seeks information that is the subject matter of

12
OBJECTIONS TO NOTICE OF DEPOSITION OF REDFLEX (CALIFORNIA)
PURSUANT TO FED. R. CIV. P. 30(B)(6)
DWT 24453651v2 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiff's requests for production and special interrogatories.  Defendant further objects to this matter for examination on the grounds that it is vague and ambiguous, including but not limited to use of the terms "representations and disclosures," "Redflex CA Contracting Parties," and as to time and scope.  Defendant further objects to this matter to the extent it calls for information neither relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this matter on the ground that it is compound.  Defendant further objects to this matter to the extent it seeks information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets.  Defendant also objects to this matter to the extent it seeks information protected by the attorney-client privilege and/or the attorney-work product doctrine or information created by or at the direction of an attorney in anticipation of or for the purpose of litigation.  Defendant further objects to this matter to the extent it seeks confidential information and/or information protected by a right of privacy under the United States Constitution, Article I of the Constitution of California, or any other applicable law.

<u>DEPOSITION SUBJECT NO. 11</u>: The business relationship between Redflex CA and Redflex DE.

<u>OBJECTION TO DEPOSITION SUBJECT NO. 11</u>:

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order.  Defendant further objects to this matter as unduly burdensome, harassing, and unreasonably duplicative in that it seeks information that is the subject matter of Plaintiff's requests for production and special interrogatories.  Defendant further objects to this matter to the extent it calls for information neither relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to the discovery of

OBJECTIONS TO NOTICE OF DEPOSITION OF REDFLEX (CALIFORNIA)
PURSUANT TO FED. R. CIV. P. 30(B)(6)
DWT 24453651v2 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

admissible evidence. Defendant further objects to this matter on the ground that it is compound. Defendant further objects to this matter to the extent it seeks information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets. Defendant also objects to this matter to the extent it seeks information protected by the attorney-client privilege and/or the attorney-work product doctrine or information created by or at the direction of an attorney in anticipation of or for the purpose of litigation.

**DEPOSITION SUBJECT NO. 12**: The existence and terms of any Contracts between Redflex CA and Redflex DE.

**OBJECTION TO DEPOSITION SUBJECT NO. 12**:

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order. Defendant further objects to this matter as unduly burdensome, harassing, and unreasonably duplicative in that it seeks information that is the subject matter of Plaintiff's requests for production and special interrogatories. Defendant further objects to this matter for examination on the grounds that it is vague and ambiguous, including but not limited to use of the term "Contracts" and as to time. Defendant further objects to this matter to the extent it calls for information neither relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this matter on the ground that it is compound. Defendant further objects to this matter to the extent it seeks information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets. Defendant also objects to this matter to the extent it seeks information protected by the attorney-client privilege and/or the attorney-work product doctrine

14

OBJECTIONS TO NOTICE OF DEPOSITION OF REDFLEX (CALIFORNIA)
PURSUANT TO FED. R. CIV. P. 30(B)(6)
DWT 24453651v2 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

or information created by or at the direction of an attorney in anticipation of or for the purpose of litigation.

**DEPOSITION SUBJECT NO. 13**: Any services provided by Redflex CA to Redflex DE, including payment for such services.

**OBJECTION TO DEPOSITION SUBJECT NO. 13:**

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order. Defendant further objects to this matter as unduly burdensome, harassing, and unreasonably duplicative in that it seeks information that is the subject matter of Plaintiff's requests for production and special interrogatories. Defendant further objects to this matter for examination on the grounds that it is vague and ambiguous, including but not limited to use of the terms "services," and as to time. Defendant further objects to this matter to the extent it calls for information neither relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this matter on the ground that it is compound. Defendant further objects to this matter to the extent it seeks information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets. Defendant also objects to this matter to the extent it seeks information protected by the attorney-client privilege and/or the attorney-work product doctrine or information created by or at the direction of an attorney in anticipation of or for the purpose of litigation.

**DEPOSITION SUBJECT NO. 14**: Any services provided by Redflex DE to Redflex CA, including payment for such services.

**OBJECTION TO DEPOSITION SUBJECT NO. 14:**

15

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order. Defendant further objects to this matter as unduly burdensome, harassing, and unreasonably duplicative in that it seeks information that is the subject matter of Plaintiff's requests for production and special interrogatories. Defendant further objects to this matter for examination on the grounds that it is vague and ambiguous, including but not limited to use of the term "services," and as to time. Defendant further objects to this matter to the extent it calls for information neither relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this matter on the ground that it is compound. Defendant further objects to this matter to the extent it seeks information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets. Defendant also objects to this matter to the extent it seeks information protected by the attorney-client privilege and/or the attorney-work product doctrine or information created by or at the direction of an attorney in anticipation of or for the purpose of litigation.

DEPOSITION SUBJECT NO. 15: The manner in which services were performed under the Redflex CA Contracts.

OBJECTION TO DEPOSITION SUBJECT NO. 15:

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order. Defendant further objects to this matter as unduly burdensome, harassing, and unreasonably duplicative in that it seeks information that is the subject matter of Plaintiff's requests for production and special interrogatories. Defendant further objects to this matter for examination on the grounds that it is vague and ambiguous,

including but not limited to use of the terms "manner in which services were performed," and as to time.  Defendant further objects to this matter to the extent it calls for information neither relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this matter on the ground that it is compound.  Defendant further objects to this matter to the extent it seeks information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets.  Defendant also objects to this matter to the extent it seeks information protected by the attorney-client privilege and/or the attorney-work product doctrine or information created by or at the direction of an attorney in anticipation of or for the purpose of litigation.

**DEPOSITION SUBJECT NO. 16**: The personnel who performed services under the Redflex CA Contracts.

**OBJECTION TO DEPOSITION SUBJECT NO. 16:**

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order. Defendant further objects to this matter as unduly burdensome, harassing, and unreasonably duplicative in that it seeks information that is the subject matter of Plaintiff's requests for production and special interrogatories.  Defendant further objects to this matter for examination on the grounds that it is vague and ambiguous, including but not limited to use of the term "Redflex CA Contracts," and as to time. Defendant further objects to this matter to the extent it calls for information neither relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to the matter on the grounds that it is overbroad as to time.  Defendant further objects to this matter on the ground that it is compound.  Defendant further objects to this matter to the extent

17

OBJECTIONS TO NOTICE OF DEPOSITION OF REDFLEX (CALIFORNIA) PURSUANT TO FED. R. CIV. P. 30(B)(6)
DWT 24453651v2 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  it seeks information which is protected from disclosure and discovery by virtue of

2  Defendant's rights to non-disclosure of confidential or proprietary information, or

3  trade secrets. Defendant also objects to this matter to the extent it seeks information

4  protected by the attorney-client privilege and/or the attorney-work product doctrine

5  or information created by or at the direction of an attorney in anticipation of or for

6  the purpose of litigation. Defendant further objects to this matter to the extent it

7  seeks confidential information and/or information protected by a right of privacy

8  under the United States Constitution, Article I of the Constitution of California, or

9  any other applicable law.

10

11  DEPOSITION SUBJECT NO. 17: The disposition of payments received on

12  account of Redflex CA Contracts.

13  OBJECTION TO DEPOSITION SUBJECT NO. 17:

14  Defendant objects that the matter for examination is unduly burdensome and

15  harassing in that it seeks information outside the permissible method and scope of

16  limited jurisdictional discovery provided by the Court's July 7, 2014 order.

17  Defendant further objects to this matter as unduly burdensome, harassing, and

18  unreasonably duplicative in that it seeks information that is the subject matter of

19  Plaintiff's requests for production and special interrogatories. Defendant further

20  objects to this matter for examination on the grounds that it is vague and ambiguous,

21  including but not limited to use of the term "Redflex CA Contracts," and as to time.

22  Defendant further objects to this matter to the extent it calls for information neither

23  relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to

24  the discovery of admissible evidence. Defendant further objects to the matter on the

25  grounds that it is overbroad as to time and scope. Defendant further objects to this

26  matter on the ground that it is compound. Defendant further objects to this matter to

27  the extent it seeks information which is protected from disclosure and discovery by

28  virtue of Defendant's rights to non-disclosure of confidential or proprietary

18

OBJECTIONS TO NOTICE OF DEPOSITION OF REDFLEX (CALIFORNIA)
PURSUANT TO FED. R. CIV. P. 30(B)(6)
DWT 24453651v2 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  information, or trade secrets. Defendant also objects to this matter to the extent it

2  seeks information protected by the attorney-client privilege and/or the attorney-work

3  product doctrine or information created by or at the direction of an attorney in

4  anticipation of or for the purpose of litigation.

5

6  <u>DEPOSITION SUBJECT NO. 18</u>: The methods by which Redflex CA

7  invoiced, billed, or otherwise sought payment from Redflex CA Contracting Parties.

8  <u>OBJECTION TO DEPOSITION SUBJECT NO. 18:</u>

9  Defendant objects that the matter for examination is unduly burdensome and

10 harassing in that it seeks information outside the permissible method and scope of

11 limited jurisdictional discovery provided by the Court's July 7, 2014 order.

12 Defendant further objects to this matter as unduly burdensome, harassing, and

13 unreasonably duplicative in that it seeks information that is the subject matter of

14 Plaintiff's requests for production and special interrogatories.  Defendant further

15 objects to this matter for examination on the grounds that it is vague and ambiguous,

16 including but not limited to use of the term "Redflex CA Contracts," and as to time.

17 Defendant further objects to this matter to the extent it calls for information neither

18 relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to

19 the discovery of admissible evidence.  Defendant further objects to this matter on the

20 ground that it is compound.  Defendant further objects to this matter to the extent it

21 seeks information which is protected from disclosure and discovery by virtue of

22 Defendant's rights to non-disclosure of confidential or proprietary information, or

23 trade secrets.  Defendant also objects to this matter to the extent it seeks information

24 protected by the attorney-client privilege and/or the attorney-work product doctrine

25 or information created by or at the direction of an attorney in anticipation of or for

26 the purpose of litigation.  Defendant further objects to this matter to the extent it

27 seeks confidential information and/or information protected by a right of privacy

28

OBJECTIONS TO NOTICE OF DEPOSITION OF REDFLEX (CALIFORNIA)
PURSUANT TO FED. R. CIV. P. 30(B)(6)
DWT 24453651v2 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

under the United States Constitution, Article I of the Constitution of California, or any other applicable law.

DEPOSITION SUBJECT NO. 19: The methods by which Redflex DE invoiced, billed, or otherwise sought payment from Redflex CA Contracting Parties.

OBJECTION TO DEPOSITION SUBJECT NO. 19:

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order. Defendant further objects to this matter as unduly burdensome, harassing, and unreasonably duplicative in that it seeks information that is the subject matter of Plaintiff's requests for production and special interrogatories.  Defendant further objects to this matter for examination on the grounds that it is vague and ambiguous, including but not limited to use of the term "Redflex CA Contracting Parties," and as to time.  Defendant further objects to this matter to the extent it calls for information neither relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this matter on the ground that it is compound.  Defendant further objects to this matter to the extent it seeks information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets.  Defendant also objects to this matter to the extent it seeks information protected by the attorney-client privilege and/or the attorney-work product doctrine or information created by or at the direction of an attorney in anticipation of or for the purpose of litigation.

DEPOSITION SUBJECT NO. 20: The facts and circumstances regarding Redflex CA's collection of receivables and payments related to Redflex CA Contracts.

20

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## OBJECTION TO DEPOSITION SUBJECT NO. 20:

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order. Defendant further objects to this matter as unduly burdensome, harassing, and unreasonably duplicative in that it seeks information that is the subject matter of Plaintiff's requests for production and special interrogatories.   Defendant further objects to this matter for examination on the grounds that it is vague and ambiguous, including but not limited to use of the term "Redflex CA Contracts," and as to time. Defendant further objects to this matter to the extent it calls for information neither relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this matter on the ground that it is compound.  Defendant further objects to the matter on the grounds that it is overbroad as to time and scope.  Defendant further objects to this matter to the extent it seeks information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets.  Defendant also objects to this matter to the extent it seeks information protected by the attorney-client privilege and/or the attorney-work product doctrine or information created by or at the direction of an attorney in anticipation of or for the purpose of litigation.

**DEPOSITION SUBJECT NO. 21**: The facts and circumstances regarding Redflex DE's collection of receivables and payments related to Redflex CA Contracts.

## OBJECTION TO DEPOSITION SUBJECT NO. 21:

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order.

OBJECTIONS TO NOTICE OF DEPOSITION OF REDFLEX (CALIFORNIA)
PURSUANT TO FED. R. CIV. P. 30(B)(6)
DWT 24453651v2 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Defendant further objects to this matter as unduly burdensome, harassing, and

2  unreasonably duplicative in that it seeks information that is the subject matter of

3  Plaintiff's requests for production and special interrogatories.   Defendant further

4  objects to this matter for examination on the grounds that it is vague and ambiguous,

5  including but not limited to use of the term "Redflex CA Contracts," and as to time.

6  Defendant further objects to this matter to the extent it calls for information neither

7  relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to

8  the discovery of admissible evidence.  Defendant further objects to this matter on the

9  ground that it is compound.  Defendant further objects to the matter on the grounds

10  that it is overbroad as to time and scope.  Defendant further objects to this matter to

11  the extent it seeks information which is protected from disclosure and discovery by

12  virtue of Defendant's rights to non-disclosure of confidential or proprietary

13  information, or trade secrets.  Defendant also objects to this matter to the extent it

14  seeks information protected by the attorney-client privilege and/or the attorney-work

15  product doctrine or information created by or at the direction of an attorney in

16  anticipation of or for the purpose of litigation.

17

18  DEPOSITION SUBJECT NO. 22: The facts and circumstances regarding

19  Redflex CA's issuances of invoices, bills, and any other requests for payment

20  regarding Redflex CA Contracts.

21  OBJECTION TO DEPOSITION SUBJECT NO. 22:

22  Defendant objects that the matter for examination is unduly burdensome and

23  harassing in that it seeks information outside the permissible method and scope of

24  limited jurisdictional discovery provided by the Court's July 7, 2014 order.

25  Defendant further objects to this matter as unduly burdensome, harassing, and

26  unreasonably duplicative in that it seeks information that is the subject matter of

27  Plaintiff's requests for production and special interrogatories.   Defendant further

28  objects to this matter for examination on the grounds that it is vague and ambiguous,

22

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

including but not limited to use of the term "Redflex CA Contracts," and as to time.
Defendant further objects to this matter on the ground that it is compound.
Defendant further objects to this matter to the extent it calls for information neither
relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to
the discovery of admissible evidence.  Defendant further objects to the matter on the
grounds that it is overbroad as to time and scope.  Defendant further objects to this
matter to the extent it seeks information which is protected from disclosure and
discovery by virtue of Defendant's rights to non-disclosure of confidential or
proprietary information, or trade secrets.  Defendant also objects to this matter to the
extent it seeks information protected by the attorney-client privilege and/or the
attorney-work product doctrine or information created by or at the direction of an
attorney in anticipation of or for the purpose of litigation.

**DEPOSITION SUBJECT NO. 23**: The facts and circumstances regarding
Redflex DE's issuances of invoices, bills, and any other requests for payment
regarding Redflex CA Contracts.

OBJECTION TO DEPOSITION SUBJECT NO. 23:

Defendant objects that the matter for examination is unduly burdensome and
harassing in that it seeks information outside the permissible method and scope of
limited jurisdictional discovery provided by the Court's July 7, 2014 order.
Defendant further objects to this matter as unduly burdensome, harassing, and
unreasonably duplicative in that it seeks information that is the subject matter of
Plaintiff's requests for production and special interrogatories.  Defendant further
objects to this matter for examination on the grounds that it is vague and ambiguous,
including but not limited to use of the term "Redflex CA Contracts," and as to time.
Defendant further objects to this matter to the extent it calls for information neither
relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to
the discovery of admissible evidence.  Defendant further objects to this matter on the

23
OBJECTIONS TO NOTICE OF DEPOSITION OF REDFLEX (CALIFORNIA)
PURSUANT TO FED. R. CIV. P. 30(B)(6)
DWT 24453651v2 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

ground that it is compound. Defendant further objects to the matter on the grounds that it is overbroad as to time and scope. Defendant further objects to this matter to the extent it seeks information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets. Defendant also objects to this matter to the extent it seeks information protected by the attorney-client privilege and/or the attorney-work product doctrine or information created by or at the direction of an attorney in anticipation of or for the purpose of litigation.

**DEPOSITION SUBJECT NO. 24**: The banking practices of Redflex CA.

**OBJECTION TO DEPOSITION SUBJECT NO. 24:**

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order. Defendant further objects to this matter as unduly burdensome, harassing, and unreasonably duplicative in that it seeks information that is the subject matter of Plaintiff's requests for production and special interrogatories. Defendant further objects to this matter for examination on the grounds that it is vague and ambiguous, including but not limited to use of the term "banking practices," and as to time. Defendant further objects to this matter to the extent it calls for information neither relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this matter on the ground that it is compound. Defendant further objects to the matter on the grounds that it is overbroad as to time and scope. Defendant further objects to this matter to the extent it seeks information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets. Defendant also objects to this matter to the extent it seeks information protected by the attorney-client privilege and/or the attorney-work

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

product doctrine or information created by or at the direction of an attorney in anticipation of or for the purpose of litigation.

**DEPOSITION SUBJECT NO. 25**: The banking practices of Redflex DE.

**OBJECTION TO DEPOSITION SUBJECT NO. 25:**

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order. Defendant further objects to this matter as unduly burdensome, harassing, and unreasonably duplicative in that it seeks information that is the subject matter of Plaintiff's requests for production and special interrogatories.   Defendant further objects to this matter for examination on the grounds that it is vague and ambiguous, including but not limited to use of the term "banking practices," and as to time. Defendant further objects to this matter to the extent it calls for information neither relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to the matter on the grounds that it is overbroad as to time and scope.  Defendant further objects to this matter on the ground that it is compound.  Defendant further objects to this matter to the extent it seeks information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets.

//

//

//

OBJECTIONS TO NOTICE OF DEPOSITION OF REDFLEX (CALIFORNIA)
PURSUANT TO FED. R. CIV. P. 30(B)(6)
DWT 24453651v2 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Defendant also objects to this matter to the extent it seeks information protected by

2  the attorney-client privilege and/or the attorney-work product doctrine or information

3  created by or at the direction of an attorney in anticipation of or for the purpose of

4  litigation.

5

6  DATED: July 15, 2014                    DAVIS WRIGHT TREMAINE LLP
                                           JOHN P. LeCRONE
7                                          JONATHAN L. SEGAL
                                           EVELYN F. WANG
8

9
                                           By:_____
10                                                    John P. LeCrone
                                           Attorneys for Defendants
11                                         REDFLEX TRAFFIC SYSTEMS, INC.
                                           and REDFLEX TRAFFIC SYSTEMS
12                                         (CALIFORNIA), INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

26

## PROOF OF SERVICE BY ELECTRONIC MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On July 15, 2014, I served the foregoing document(s) described as:

**DEFENDANT REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC.'S OBJECTIONS TO NOTICE OF DEPOSITION OF REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)** on the interested parties to this action, by **Electronic Mail** by attaching a **true copy** of said document(s) to each addressee named below:

tbienert@bmkattorneys.com
mwilliams@bmkattorneys.com
amatin@bmkattorneys.com

**(ELECTRONIC MAIL)** – I served a true and correct copy by electronic delivery, to the interested parties in this action as indicated above.

Executed on July 15, 2014, Los Angeles, California.as follows:

|   | State | I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. |
|---|---|---|
| x | Federal | I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made. |

Lisa Hernandez
Print Name

Signature

OBJECTIONS TO NOTICE OF DEPOSITION OF REDFLEX (CALIFORNIA)
PURSUANT TO FED. R. CIV. P. 30(B)(6)
DWT 24453651v2 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

JOHN P. LeCRONE (State Bar No. 115875)
 johnlecrone@dwt.com
JONATHAN L. SEGAL (State Bar No. 264238)
 jonathansegal@dwt.com
EVELYN F. WANG (State Bar No. 273622)
 evelynwang@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
REDFLEX TRAFFIC SYSTEMS, INC. and
REDFLEX TRAFFIC SYSTEMS
(CALIFORNIA), INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| AARON M. ROSENBERG, an individual,<br><br>                      Plaintiff,<br><br>        vs.<br><br>REDFLEX TRAFFIC SYSTEMS, INC., an Arizona corporation; REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC., a California corporation; REDFLEX TRAFFIC SYSTEMS, INC., a Delaware corporation; REDFLEX HOLDINGS LIMITED, an Australian form of entity unknown; and DOES 1 through 25, inclusive,<br><br>                      Defendants. | Case No. **2:14−cv−03420 GW (RZx)**<br><br>**DEFENDANT REDFLEX TRAFFIC SYSTEMS, INC.'S OBJECTIONS TO NOTICE OF DEPOSITION OF REDFLEX TRAFFIC SYSTEMS, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)** |

1  Defendant Redflex Traffic Systems, Inc. ("Redflex DE" or "Defendant")

2  objects to Plaintiff Aaron M. Rosenberg's ("Plaintiff") Notice of Deposition of

3  Redflex Traffic Systems, Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6) as

4  follows:

## PRELIMINARY STATEMENT

6  Plaintiff's attempt to take two lengthy Defendant's 30(b)(6) depositions in the

7  context of limited jurisdictional discovery allowed by the Court is wholly improper,

8  unduly burdensome, and duplicative of Plaintiff's written discovery served with the

9  30(b)(6) notices.  Indeed, the depositions are noticed solely for the purpose of

10  harassing Defendant and causing needless expense on a limited jurisdictional issue

11  that has briefed extensively to date.

12  *First,* at the hearing on July 7, 2014, it is clear that the Court did not intend for

13  the Parties to conduct lengthy depositions when it ordered the Parties to conduct

14  expedited, limited discovery solely on the issue of diversity jurisdiction.  The Court

15  stated that it would allow "limited discovery" on that issue. *See* Order at 1.  In

16  discussing the scope and conduct of discovery at the hearing on July 7, 2014, the

17  Court ordered that the Parties would have 10 days to respond to discovery requests –

18  a provision that deals solely with the conduct of *written* discovery.  The Court also

19  set a deadline to complete discovery in five weeks, by August 15, 2014, and that the

20  court envisioned the parties meeting that deadline, except in the event of the parties'

21  propounding a "voluminous" number of requests – again, expressly referring to the

22  conduct of *written* discovery.  Finally, the Court set out a procedure for resolving

23  discovery disputes on an expedited and *ex parte* basis.  While the Court repeatedly

24  referred to written discovery, it did not mention depositions whatsoever and certainly

25  not the type of lengthy depositions contemplated under Rule 30(b)(6) .  Because the

26  Court both stated that it wanted discovery to be very limited, and because it

27  enumerated discovery procedures that concern written discovery, while not ever

28

1

OBJECTIONS TO NOTICE OF DEPOSITION OF REDFLEX (DE) PURSUANT
TO FED. R. CIV. P. 30(B)(6)
DWT 24454374v4 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  mentioning depositions, it is unlikely that the Court contemplated that the Parties

2  would engage in depositions.

3     *Second*, Plaintiff's proposed deposition subjects are so overbroad, beyond the

4  limited jurisdictional issue before the Court, and duplicative of Plaintiff's written

5  discovery, that Plaintiff clearly has improper reasons in seeking a 30(b)(6)

6  deposition: namely, to harass and to cause a needless increase in the cost of litigation.

7  In addition to Plaintiff's overbroad Notices of Deposition served on each of the

8  Defendants, Plaintiff has propounded 12 Requests for Production and 14

9  Interrogatories on each of the Defendants in this action, for a total of 52 discovery

10  requests on issues related to jurisdiction, many of which have already been briefed by

11  the parties.  These Requests and Interrogatories cover the full spectrum of subjects

12  that are identified in Plaintiff's 30(b)(6) notices.

13     In accordance with the Court's order for limited discovery in this case,

14  Defendant will respond to written discovery that is properly within the limited scope

15  of jurisdictional discovery and will serve appropriate written discovery responses on

16  an expedited basis.  Plaintiff will have ample opportunity to seek to compel further

17  responses in the unlikely event he believes that is necessary.  Accordingly, Plaintiff's

18  request to take two lengthy depositions on an expedited basis, especially his demand

19  that executives of a Delaware corporation headquartered in Arizona sit for deposition

20  in Los Angeles, are wholly unjustified and improper.

## GENERAL OBJECTIONS

22     1.     Defendant objects to the Deposition Notice as unduly burdensome and

23  subjecting Redflex DE to unnecessary expense because it states that the deposition

24  will take place at the offices of Bienert, Miller & Katzman, PLC located at 903 Calle

25  Amanecer, Suite 350, San Clemente, California.  California is not the proper location

26  for a deposition of Redflex DE's corporate designee.  *See, e.g., Salter v. Upjohn Co.*,

27  593 F.2d 649, 651 (5th Cir. 1979) (citing 8 Wright & Miller, *Federal Practice and*

28  *Procedure: Civil* § 2112, at 410 (2d ed. 1970), and 4 *Moore's Federal Practice*

2
OBJECTIONS TO NOTICE OF DEPOSITION OF REDFLEX (DE) PURSUANT
TO FED. R. CIV. P. 30(B)(6)
DWT 24454374v4 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

¶ 26.70 (3d ed. 1976)); *Dwelly v. Yamaha Motor Corp.*, 214 F.R.D. 537, 541 (D. Minn. 2003); *Moore v. Pyrotech Corp.*, 137 F.R.D. 356, 357 (D. Kan. 1991); *Zuckert v. Berkliff Corp.*, 96 F.R.D. 161, 162 (N.D. Ill. 1982); *Dunn v. Standard Fire Ins. Co.*, 92 F.R.D. 31, 32 (E.D. Tenn. 1981).

2.     Defendant objects to the Notice to the extent that it attempts or purports to impose obligations beyond those set forth in the Federal Rules of Civil Procedure and the local rules of this Court.

3.     Defendant objects to the Notice to the extent that it attempts or purports to require disclosure of privileged or confidential communications between attorney and client, disclosure of documents or information protected by the attorney work product doctrine, or any other applicable privilege.

4.     Defendant objects to the Notice to the extent that it attempts or purports to require Defendant to produce information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets.

5.     Defendant objects to the Notice to the extent that it seeks information that may be protected by a right of privacy under either the United States Constitution, Article 1 of the Constitution of the State of California, or any other applicable law.

6.     Defendant objects to the definitions included in the Notice to the extent that they make the categories on which testimony is sought compound, vague, ambiguous, overbroad, unduly burdensome, and oppressive.

7.     Defendant objects to the Notice to the extent that it is overbroad as to time.

8.     Defendant objects to Plaintiff's definitions of "Defendant," "you," "your," and "Redflex DE" on the grounds that such definitions are vague, overbroad and unduly burdensome and to the extent that, when applied within the context of the categories on which Plaintiff seeks testimony, they purport to require Defendant

3
OBJECTIONS TO NOTICE OF DEPOSITION OF REDFLEX (DE) PURSUANT
TO FED. R. CIV. P. 30(B)(6)
DWT 24454374v4 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

provide information that has no relation to the limited issue of subject matter jurisdiction.

9. Defendant objects to Plaintiff's definition of "Redflex CA" on the grounds that it is vague, overbroad and unduly burdensome and to the extent that, when applied within the context of the categories on which Plaintiff seeks testimony, they purport to require Defendant to provide information that has no relation to the limited issue of subject matter jurisdiction. Defendant further objects to these definitions to the extent they purport to require the disclosure of information that is not within the possession, custody or control of Defendant.

10. Defendant objects to Plaintiff's definitions of "Redflex CA Contract" and "Redflex CA Contracting Party" on the grounds that such definitions are vague, overbroad and unduly burdensome and to the extent that, when applied within the context of the categories on which Plaintiff seeks testimony, they purport to require Defendant to provide information that has no relation to the limited issue of subject matter jurisdiction. Defendant further objects to these definitions to the extent they purport to require the disclosure of information that is not within the possession, custody or control of Defendant. Defendant also objects to these definitions to the extent that they purport to require Defendant to produce information protected by the attorney-client privilege and/or the attorney-work product doctrine or information created by or at the direction of an attorney in anticipation of or for the purpose of litigation, and to the extent they seek proprietary or confidential information.

11. Defendant objects to Plaintiff's definitions of "Redflex DE Contract" and "Redflex DE Contracting Party" on the grounds that such definitions are vague, overbroad and unduly burdensome and to the extent that, when applied within the context of the categories on which Plaintiff seeks testimony, they purport to require Defendant to provide information that has no relation to the limited issue of subject matter jurisdiction. Defendant also objects to these definitions to the extent that they purport to require Defendant to produce information protected by the attorney-client

privilege and/or the attorney-work product doctrine or information created by or at the direction of an attorney in anticipation of or for the purpose of litigation, and to the extent they seek proprietary or confidential information.

12. Specific objections to the Deposition Notice, and the categories on which Plaintiff seeks testimony, are made on an individual basis in the responses below. These General Objections are incorporated into each response set forth below as though set forth in full. The failure to mention one of the foregoing objections and qualifications in any of the responses set forth below shall not be deemed a waiver of such objection or qualification.

## SPECIFIC OBJECTIONS TO MATTERS SPECIFIED FOR EXAMINATION

### Subject Matter of Deposition Testimony

DEPOSITION SUBJECT NO. 1: The formation, organization, structure, and operation of Redflex CA.

OBJECTION TO DEPOSITION SUBJECT NO. 1:

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order. Defendant further objects to this matter as unduly burdensome, harassing, and unreasonably duplicative in that it seeks information that is the subject matter of Plaintiff's requests for production and special interrogatories. Defendant further objects to this matter to the extent it calls for information neither relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this matter on the ground that it is compound. Defendant further objects to this matter to the extent it seeks information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets. Defendant further objects to this matter to the extent it seeks information that is not within

5
OBJECTIONS TO NOTICE OF DEPOSITION OF REDFLEX (DE) PURSUANT
TO FED. R. CIV. P. 30(B)(6)
DWT 24454374v4 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Defendant's possession, custody, or control. Defendant also objects to this matter to

2  the extent it seeks information protected by the attorney-client privilege and/or the

3  attorney-work product doctrine or information created by or at the direction of an

4  attorney in anticipation of or for the purpose of litigation.

5

6  <u>DEPOSITION SUBJECT NO. 2</u>: The facts and circumstances regarding

7  Redflex CA's creation.

8  <u>OBJECTION TO DEPOSITION SUBJECT NO. 2</u>:

9  Defendant objects that the matter for examination is unduly burdensome and

10  harassing in that it seeks information outside the permissible method and scope of

11  limited jurisdictional discovery provided by the Court's July 7, 2014 order.

12  Defendant further objects to this matter as unduly burdensome, harassing, and

13  unreasonably duplicative in that it seeks information that is the subject matter of

14  Plaintiff's requests for production and special interrogatories.  Defendant further

15  objects to this matter for examination on the grounds that it is vague and ambiguous,

16  including but not limited to use of the terms "facts and circumstances regarding

17  Redflex CA's creation."  Defendant further objects to this matter to the extent it calls

18  for information neither relevant to the issue of subject matter jurisdiction nor

19  reasonably calculated to lead to the discovery of admissible evidence.  Defendant

20  further objects to this matter on the ground that it is compound.  Defendant further

21  objects to this matter to the extent it seeks information which is protected from

22  disclosure and discovery by virtue of Defendant's rights to non-disclosure of

23  confidential or proprietary information, or trade secrets.  Defendant further objects to

24  this matter to the extent it seeks information that is not within Defendant's

25  possession, custody, or control.  Defendant also objects to this matter to the extent it

26  seeks information protected by the attorney-client privilege and/or the attorney-work

27  product doctrine or information created by or at the direction of an attorney in

28  anticipation of or for the purpose of litigation.

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

<u>DEPOSITION SUBJECT NO. 3</u>: The identities of past and present directors, officers, employees, or other personnel of Redflex CA.

<u>OBJECTION TO DEPOSITION SUBJECT NO. 3</u>:

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order. Defendant further objects to this matter as unduly burdensome, harassing, and unreasonably duplicative in that it seeks information that is the subject matter of Plaintiff's requests for production and special interrogatories. Defendant further objects to this matter for examination on the grounds that it is vague and ambiguous, including but not limited to use of the terms "other personnel" and as to time. Defendant further objects to this matter to the extent it calls for information neither relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the matter on the grounds that it is overbroad as to time. Defendant further objects to this matter on the ground that it is compound. Defendant further objects to this matter to the extent it seeks information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets. Defendant further objects to this matter to the extent it seeks information that is not within Defendant's possession, custody, or control. Defendant also objects to this matter to the extent it seeks information protected by the attorney-client privilege and/or the attorney-work product doctrine or information created by or at the direction of an attorney in anticipation of or for the purpose of litigation. Defendant further objects to this matter to the extent it seeks confidential information and/or information protected by a right of privacy under the United States Constitution, Article I of the Constitution of California, or any other applicable law.

7

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1
2   **DEPOSITION SUBJECT NO. 4**: The identities of past and present directors,
3   officers, employees, or other personnel of Redflex DE.
4   OBJECTION TO DEPOSITION SUBJECT NO. 4:
5        Defendant objects that the matter for examination is unduly burdensome and
6   harassing in that it seeks information outside the permissible method and scope of
7   limited jurisdictional discovery provided by the Court's July 7, 2014 order.
8   Defendant further objects to this matter as unduly burdensome, harassing, and
9   unreasonably duplicative in that it seeks information that is the subject matter of
10  Plaintiff's requests for production and special interrogatories.   Defendant further
11  objects to this matter for examination on the grounds that it is vague and ambiguous,
12  including but not limited to use of the terms "other personnel" and as to time.
13  Defendant further objects to this matter to the extent it calls for information neither
14  relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to
15  the discovery of admissible evidence.  Defendant further objects to the matter on the
16  grounds that it is overbroad as to time.  Defendant further objects to this matter on
17  the ground that it is compound.  Defendant further objects to this matter to the extent
18  it seeks information which is protected from disclosure and discovery by virtue of
19  Defendant's rights to non-disclosure of confidential or proprietary information, or
20  trade secrets.  Defendant also objects to this matter to the extent it seeks information
21  protected by the attorney-client privilege and/or the attorney-work product doctrine
22  or information created by or at the direction of an attorney in anticipation of or for
23  the purpose of litigation. Defendant further objects to this matter to the extent it seeks
24  confidential information and/or information protected by a right of privacy under the
25  United States Constitution, Article I of the Constitution of California, or any other
26  applicable law.
27
28

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  **DEPOSITION SUBJECT NO. 5**: The identities of past and present directors,

2  employees, or other personnel located in, based in, or performing services from the

3  Culver City Offices.

4  **OBJECTION TO DEPOSITION SUBJECT NO. 5:**

5  Defendant objects that the matter for examination is unduly burdensome and

6  harassing in that it seeks information outside the permissible method and scope of

7  limited jurisdictional discovery provided by the Court's July 7, 2014 order.

8  Defendant further objects to this matter as unduly burdensome, harassing, and

9  unreasonably duplicative in that it seeks information that is the subject matter of

10  Plaintiff's requests for production and special interrogatories.   Defendant further

11  objects to this matter for examination on the grounds that it is vague and ambiguous,

12  including but not limited to use of the terms "other personnel" and as to time.

13  Defendant further objects to this matter to the extent it calls for information neither

14  relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to

15  the discovery of admissible evidence.  Defendant further objects to the matter on the

16  grounds that it is overbroad as to time.  Defendant further objects to this matter on

17  the ground that it is compound.  Defendant further objects to this matter to the extent

18  it seeks information which is protected from disclosure and discovery by virtue of

19  Defendant's rights to non-disclosure of confidential or proprietary information, or

20  trade secrets.  Defendant also objects to this matter to the extent it seeks information

21  protected by the attorney-client privilege and/or the attorney-work product doctrine

22  or information created by or at the direction of an attorney in anticipation of or for

23  the purpose of litigation.  Defendant further objects to this matter to the extent it

24  seeks confidential information and/or information protected by a right of privacy

25  under the United States Constitution, Article I of the Constitution of California, or

26  any other applicable law.

27

28

OBJECTIONS TO NOTICE OF DEPOSITION OF REDFLEX (DE) PURSUANT
TO FED. R. CIV. P. 30(B)(6)
DWT 24454374v4 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DEPOSITION SUBJECT NO. 6: The business operations performed out of the Culver City Offices.

OBJECTION TO DEPOSITION SUBJECT NO. 6:

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order. Defendant further objects to this matter as unduly burdensome, harassing, and unreasonably duplicative in that it seeks information that is the subject matter of Plaintiff's requests for production and special interrogatories. Defendant further objects to this matter for examination on the grounds that it is vague and ambiguous, including but not limited to use of the terms "business operations" and as to time. Defendant further objects to this matter to the extent it calls for information neither relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this matter on the ground that it is compound. Defendant further objects to this matter to the extent it seeks information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets. Defendant also objects to this matter to the extent it seeks information protected by the attorney-client privilege and/or the attorney-work product doctrine or information created by or at the direction of an attorney in anticipation of or for the purpose of litigation.

DEPOSITION SUBJECT NO. 7: The business practices of Redflex CA, including its solicitation, negotiation, and execution of Redflex CA Contracts with Redflex CA Contracting Parties.

OBJECTION TO DEPOSITION SUBJECT NO. 7:

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of

OBJECTIONS TO NOTICE OF DEPOSITION OF REDFLEX (DE) PURSUANT
TO FED. R. CIV. P. 30(B)(6)
DWT 24454374v4 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   limited jurisdictional discovery provided by the Court's July 7, 2014 order.

2   Defendant further objects to this matter as unduly burdensome, harassing, and

3   unreasonably duplicative in that it seeks information that is the subject matter of

4   Plaintiff's requests for production and special interrogatories.   Defendant further

5   objects to this matter for examination on the grounds that it is vague and ambiguous,

6   including but not limited to use of the terms "business practices," "Redflex CA

7   Contracts," "Redflex CA Contracting Parties," and as to time and scope.   Defendant

8   further objects to this matter to the extent it calls for information neither relevant to

9   the issue of subject matter jurisdiction nor reasonably calculated to lead to the

10  discovery of admissible evidence.   Defendant further objects to this matter on the

11  ground that it is compound.   Defendant further objects to this matter to the extent it

12  seeks information which is protected from disclosure and discovery by virtue of

13  Defendant's rights to non-disclosure of confidential or proprietary information, or

14  trade secrets.   Defendant also objects to this matter to the extent it seeks information

15  protected by the attorney-client privilege and/or the attorney-work product doctrine

16  or information created by or at the direction of an attorney in anticipation of or for

17  the purpose of litigation.   Defendant further objects to this matter to the extent it

18  seeks confidential information and/or information protected by a right of privacy

19  under the United States Constitution, Article I of the Constitution of California, or

20  any other applicable law.

21

22  <u>DEPOSITION SUBJECT NO. 8</u>: The facts and circumstances regarding

23  Rosenberg's solicitation, negotiation, and execution of Redflex CA Contracts.

24  <u>OBJECTION TO DEPOSITION SUBJECT NO. 8</u>:

25       Defendant objects that the matter for examination is unduly burdensome and

26  harassing in that it seeks information outside the permissible method and scope of

27  limited jurisdictional discovery provided by the Court's July 7, 2014 order.

28  Defendant further objects to this matter as unduly burdensome, harassing, and

11

OBJECTIONS TO NOTICE OF DEPOSITION OF REDFLEX (DE) PURSUANT
TO FED. R. CIV. P. 30(B)(6)
DWT 24454374v4 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

unreasonably duplicative in that it seeks information that is the subject matter of
Plaintiff's requests for production and special interrogatories.   Defendant further
objects to this matter for examination on the grounds that it is vague and ambiguous,
including but not limited to use of the terms "facts and circumstances," "Redflex CA
Contracts," and as to time and scope.  Defendant further objects to this matter to the
extent it calls for information neither relevant to the issue of subject matter
jurisdiction nor reasonably calculated to lead to the discovery of admissible evidence.
Defendant further objects to this matter on the ground that it is compound.
Defendant further objects to this matter to the extent it seeks information which is
protected from disclosure and discovery by virtue of Defendant's rights to non-
disclosure of confidential or proprietary information, or trade secrets.  Defendant also
objects to this matter to the extent it seeks information protected by the attorney-
client privilege and/or the attorney-work product doctrine or information created by
or at the direction of an attorney in anticipation of or for the purpose of litigation.
Defendant further objects to this matter to the extent it seeks confidential information
and/or information protected by a right of privacy under the United States
Constitution, Article I of the Constitution of California, or any other applicable law.

DEPOSITION SUBJECT NO. 9: The "shell entity" status of Redflex CA, as
discussed in Defendants' Supplemental Brief, page 1, line 24, through page 2, line 2.

OBJECTION TO DEPOSITION SUBJECT NO. 9:

Defendant objects that the matter for examination is unduly burdensome and
harassing in that it seeks information outside the permissible method and scope of
limited jurisdictional discovery provided by the Court's July 7, 2014 order.
Defendant further objects to this matter as unduly burdensome, harassing, and
unreasonably duplicative in that it seeks information that is the subject matter of
Plaintiff's requests for production and special interrogatories.   Defendant further
objects to this matter to the extent it calls for information neither relevant to the issue

1  of subject matter jurisdiction nor reasonably calculated to lead to the discovery of

2  admissible evidence.  Defendant further objects to this matter on the ground that it is

3  compound.  Defendant further objects to this matter to the extent it seeks information

4  which is protected from disclosure and discovery by virtue of Defendant's rights to

5  non-disclosure of confidential or proprietary information, or trade secrets.  Defendant

6  also objects to this matter to the extent it seeks information protected by the attorney-

7  client privilege and/or the attorney-work product doctrine or information created by

8  or at the direction of an attorney in anticipation of or for the purpose of litigation.

9

10  **DEPOSITION SUBJECT NO. 10**: The representations and disclosures made

11  to Redflex CA Contracting Parties regarding Reflex CA's "shell entity" status, as

12  discussed in Defendants' Supplemental Brief, page 1, line 24, through page 2, line 2.

13  **OBJECTION TO DEPOSITION SUBJECT NO. 10**:

14  Defendant objects that the matter for examination is unduly burdensome and

15  harassing in that it seeks information outside the permissible method and scope of

16  limited jurisdictional discovery provided by the Court's July 7, 2014 order.

17  Defendant further objects to this matter as unduly burdensome, harassing, and

18  unreasonably duplicative in that it seeks information that is the subject matter of

19  Plaintiff's requests for production and special interrogatories.   Defendant further

20  objects to this matter for examination on the grounds that it is vague and ambiguous,

21  including but not limited to use of the terms "representations and disclosures,"

22  "Redflex CA Contracting Parties," and as to time and scope.  Defendant further

23  objects to this matter to the extent it calls for information neither relevant to the issue

24  of subject matter jurisdiction nor reasonably calculated to lead to the discovery of

25  admissible evidence.  Defendant further objects to this matter on the ground that it is

26  compound.  Defendant further objects to this matter to the extent it seeks information

27  which is protected from disclosure and discovery by virtue of Defendant's rights to

28  non-disclosure of confidential or proprietary information, or trade secrets.  Defendant

1  also objects to this matter to the extent it seeks information protected by the attorney-
2  client privilege and/or the attorney-work product doctrine or information created by
3  or at the direction of an attorney in anticipation of or for the purpose of litigation.
4  Defendant further objects to this matter to the extent it seeks confidential information
5  and/or information protected by a right of privacy under the United States
6  Constitution, Article I of the Constitution of California, or any other applicable law.
7
8  **DEPOSITION SUBJECT NO. 11**: The business relationship between Redflex
9  CA and Redflex DE.
10  **OBJECTION TO DEPOSITION SUBJECT NO. 11:**
11  Defendant objects that the matter for examination is unduly burdensome and
12  harassing in that it seeks information outside the permissible method and scope of
13  limited jurisdictional discovery provided by the Court's July 7, 2014 order.
14  Defendant further objects to this matter as unduly burdensome, harassing, and
15  unreasonably duplicative in that it seeks information that is the subject matter of
16  Plaintiff's requests for production and special interrogatories.   Defendant further
17  objects to this matter to the extent it calls for information neither relevant to the issue
18  of subject matter jurisdiction nor reasonably calculated to lead to the discovery of
19  admissible evidence.  Defendant further objects to this matter on the ground that it is
20  compound.  Defendant further objects to this matter to the extent it seeks information
21  which is protected from disclosure and discovery by virtue of Defendant's rights to
22  non-disclosure of confidential or proprietary information, or trade secrets.  Defendant
23  also objects to this matter to the extent it seeks information protected by the attorney-
24  client privilege and/or the attorney-work product doctrine or information created by
25  or at the direction of an attorney in anticipation of or for the purpose of litigation.
26
27  **DEPOSITION SUBJECT NO. 12**: The existence and terms of any Contracts
28  between Redflex CA and Redflex DE.

14

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## OBJECTION TO DEPOSITION SUBJECT NO. 12:

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order. Defendant further objects to this matter as unduly burdensome, harassing, and unreasonably duplicative in that it seeks information that is the subject matter of Plaintiff's requests for production and special interrogatories. Defendant further objects to this matter for examination on the grounds that it is vague and ambiguous, including but not limited to use of the term "Contracts" and as to time. Defendant further objects to this matter to the extent it calls for information neither relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this matter on the ground that it is compound. Defendant further objects to this matter to the extent it seeks information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets. Defendant also objects to this matter to the extent it seeks information protected by the attorney-client privilege and/or the attorney-work product doctrine or information created by or at the direction of an attorney in anticipation of or for the purpose of litigation.

**DEPOSITION SUBJECT NO. 13**: Any services provided by Redflex CA to Redflex DE, including payment for such services.

## OBJECTION TO DEPOSITION SUBJECT NO. 13:

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order. Defendant further objects to this matter as unduly burdensome, harassing, and unreasonably duplicative in that it seeks information that is the subject matter of

15

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiff's requests for production and special interrogatories.  Defendant further objects to this matter for examination on the grounds that it is vague and ambiguous, including but not limited to use of the terms "services," and as to time.  Defendant further objects to this matter to the extent it calls for information neither relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this matter on the ground that it is compound.  Defendant further objects to this matter to the extent it seeks information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets.  Defendant also objects to this matter to the extent it seeks information protected by the attorney-client privilege and/or the attorney-work product doctrine or information created by or at the direction of an attorney in anticipation of or for the purpose of litigation.

DEPOSITION SUBJECT NO. 14: Any services provided by Redflex DE to Redflex CA, including payment for such services.

OBJECTION TO DEPOSITION SUBJECT NO. 14:

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order. Defendant further objects to this matter as unduly burdensome, harassing, and unreasonably duplicative in that it seeks information that is the subject matter of Plaintiff's requests for production and special interrogatories.  Defendant further objects to this matter for examination on the grounds that it is vague and ambiguous, including but not limited to use of the term "services," and as to time.  Defendant further objects to this matter to the extent it calls for information neither relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this matter on the

16

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

ground that it is compound.  Defendant further objects to this matter to the extent it seeks information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets.  Defendant also objects to this matter to the extent it seeks information protected by the attorney-client privilege and/or the attorney-work product doctrine or information created by or at the direction of an attorney in anticipation of or for the purpose of litigation.

**DEPOSITION SUBJECT NO. 15**: The manner in which services were performed under the Redflex CA Contracts.

**OBJECTION TO DEPOSITION SUBJECT NO. 15**:

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order. Defendant further objects to this matter as unduly burdensome, harassing, and unreasonably duplicative in that it seeks information that is the subject matter of Plaintiff's requests for production and special interrogatories.  Defendant further objects to this matter for examination on the grounds that it is vague and ambiguous, including but not limited to use of the terms "manner in which services were performed," and as to time.  Defendant further objects to this matter to the extent it calls for information neither relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this matter on the ground that it is compound.  Defendant further objects to this matter to the extent it seeks information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets.  Defendant also objects to this matter to the extent it seeks information protected by the attorney-client privilege

OBJECTIONS TO NOTICE OF DEPOSITION OF REDFLEX (DE) PURSUANT
TO FED. R. CIV. P. 30(B)(6)
DWT 24454374v4 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  and/or the attorney-work product doctrine or information created by or at the

2  direction of an attorney in anticipation of or for the purpose of litigation.

3

4  **DEPOSITION SUBJECT NO. 16**: The personnel who performed services

5  under the Redflex CA Contracts.

6  **OBJECTION TO DEPOSITION SUBJECT NO. 16:**

7      Defendant objects that the matter for examination is unduly burdensome and

8  harassing in that it seeks information outside the permissible method and scope of

9  limited jurisdictional discovery provided by the Court's July 7, 2014 order.

10  Defendant further objects to this matter as unduly burdensome, harassing, and

11  unreasonably duplicative in that it seeks information that is the subject matter of

12  Plaintiff's requests for production and special interrogatories.   Defendant further

13  objects to this matter for examination on the grounds that it is vague and ambiguous,

14  including but not limited to use of the term "Redflex CA Contracts," and as to time.

15  Defendant further objects to this matter to the extent it calls for information neither

16  relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to

17  the discovery of admissible evidence.   Defendant further objects to the matter on the

18  grounds that it is overbroad as to time.   Defendant further objects to this matter on

19  the ground that it is compound.   Defendant further objects to this matter to the extent

20  it seeks information which is protected from disclosure and discovery by virtue of

21  Defendant's rights to non-disclosure of confidential or proprietary information, or

22  trade secrets.   Defendant also objects to this matter to the extent it seeks information

23  protected by the attorney-client privilege and/or the attorney-work product doctrine

24  or information created by or at the direction of an attorney in anticipation of or for

25  the purpose of litigation.   Defendant further objects to this matter to the extent it

26  seeks confidential information and/or information protected by a right of privacy

27  under the United States Constitution, Article I of the Constitution of California, or

28  any other applicable law.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**DEPOSITION SUBJECT NO. 17:** The disposition of payments received on account of Redflex CA Contracts.

**OBJECTION TO DEPOSITION SUBJECT NO. 17:**

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order. Defendant further objects to this matter as unduly burdensome, harassing, and unreasonably duplicative in that it seeks information that is the subject matter of Plaintiff's requests for production and special interrogatories. Defendant further objects to this matter for examination on the grounds that it is vague and ambiguous, including but not limited to use of the term "Redflex CA Contracts," and as to time. Defendant further objects to this matter to the extent it calls for information neither relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the matter on the grounds that it is overbroad as to time and scope. Defendant further objects to this matter on the ground that it is compound. Defendant further objects to this matter to the extent it seeks information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets. Defendant also objects to this matter to the extent it seeks information protected by the attorney-client privilege and/or the attorney-work product doctrine or information created by or at the direction of an attorney in anticipation of or for the purpose of litigation.

**DEPOSITION SUBJECT NO. 18:** The methods by which Redflex CA invoiced, billed, or otherwise sought payment from Redflex CA Contracting Parties.

**OBJECTION TO DEPOSITION SUBJECT NO. 18:**

19

OBJECTIONS TO NOTICE OF DEPOSITION OF REDFLEX (DE) PURSUANT TO FED. R. CIV. P. 30(B)(6)
DWT 24454374v4 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order. Defendant further objects to this matter as unduly burdensome, harassing, and unreasonably duplicative in that it seeks information that is the subject matter of Plaintiff's requests for production and special interrogatories.  Defendant further objects to this matter for examination on the grounds that it is vague and ambiguous, including but not limited to use of the term "Redflex CA Contracts," and as to time. Defendant further objects to this matter to the extent it calls for information neither relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this matter on the ground that it is compound.  Defendant further objects to this matter to the extent it seeks information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets.  Defendant also objects to this matter to the extent it seeks information protected by the attorney-client privilege and/or the attorney-work product doctrine or information created by or at the direction of an attorney in anticipation of or for the purpose of litigation.  Defendant further objects to this matter to the extent it seeks confidential information and/or information protected by a right of privacy under the United States Constitution, Article I of the Constitution of California, or any other applicable law.

**DEPOSITION SUBJECT NO. 19**: The methods by which Redflex DE invoiced, billed, or otherwise sought payment from Redflex CA Contracting Parties.

**OBJECTION TO DEPOSITION SUBJECT NO. 19:**

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order.

20

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendant further objects to this matter as unduly burdensome, harassing, and unreasonably duplicative in that it seeks information that is the subject matter of Plaintiff's requests for production and special interrogatories.   Defendant further objects to this matter for examination on the grounds that it is vague and ambiguous, including but not limited to use of the term "Redflex CA Contracting Parties," and as to time.  Defendant further objects to this matter to the extent it calls for information neither relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this matter on the ground that it is compound.  Defendant further objects to this matter to the extent it seeks information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets.  Defendant also objects to this matter to the extent it seeks information protected by the attorney-client privilege and/or the attorney-work product doctrine or information created by or at the direction of an attorney in anticipation of or for the purpose of litigation.

**DEPOSITION SUBJECT NO. 20**: The facts and circumstances regarding Redflex CA's collection of receivables and payments related to Redflex CA Contracts.

**OBJECTION TO DEPOSITION SUBJECT NO. 20:**

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order. Defendant further objects to this matter as unduly burdensome, harassing, and unreasonably duplicative in that it seeks information that is the subject matter of Plaintiff's requests for production and special interrogatories.   Defendant further objects to this matter for examination on the grounds that it is vague and ambiguous, including but not limited to use of the term "Redflex CA Contracts," and as to time.

21

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 | Defendant further objects to this matter to the extent it calls for information neither
2 | relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to
3 | the discovery of admissible evidence.  Defendant further objects to this matter on the
4 | ground that it is compound.  Defendant further objects to the matter on the grounds
5 | that it is overbroad as to time and scope.  Defendant further objects to this matter to
6 | the extent it seeks information which is protected from disclosure and discovery by
7 | virtue of Defendant's rights to non-disclosure of confidential or proprietary
8 | information, or trade secrets.  Defendant also objects to this matter to the extent it
9 | seeks information protected by the attorney-client privilege and/or the attorney-work
10 | product doctrine or information created by or at the direction of an attorney in
11 | anticipation of or for the purpose of litigation.

12 |

13 | <u>DEPOSITION SUBJECT NO. 21</u>: The facts and circumstances regarding
14 | Redflex DE's collection of receivables and payments related to Redflex CA
15 | Contracts.

16 | <u>OBJECTION TO DEPOSITION SUBJECT NO. 21:</u>

17 | Defendant objects that the matter for examination is unduly burdensome and
18 | harassing in that it seeks information outside the permissible method and scope of
19 | limited jurisdictional discovery provided by the Court's July 7, 2014 order.
20 | Defendant further objects to this matter as unduly burdensome, harassing, and
21 | unreasonably duplicative in that it seeks information that is the subject matter of
22 | Plaintiff's requests for production and special interrogatories.   Defendant further
23 | objects to this matter for examination on the grounds that it is vague and ambiguous,
24 | including but not limited to use of the term "Redflex CA Contracts," and as to time.
25 | Defendant further objects to this matter to the extent it calls for information neither
26 | relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to
27 | the discovery of admissible evidence.  Defendant further objects to this matter on the
28 | ground that it is compound.  Defendant further objects to the matter on the grounds

22

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

that it is overbroad as to time and scope. Defendant further objects to this matter to the extent it seeks information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets. Defendant also objects to this matter to the extent it seeks information protected by the attorney-client privilege and/or the attorney-work product doctrine or information created by or at the direction of an attorney in anticipation of or for the purpose of litigation.

**DEPOSITION SUBJECT NO. 22:** The facts and circumstances regarding Redflex CA's issuances of invoices, bills, and any other requests for payment regarding Redflex CA Contracts.

**OBJECTION TO DEPOSITION SUBJECT NO. 22:**

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order. Defendant further objects to this matter as unduly burdensome, harassing, and unreasonably duplicative in that it seeks information that is the subject matter of Plaintiff's requests for production and special interrogatories. Defendant further objects to this matter for examination on the grounds that it is vague and ambiguous, including but not limited to use of the term "Redflex CA Contracts," and as to time. Defendant further objects to this matter to the extent it calls for information neither relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this matter on the ground that it is compound. Defendant further objects to the matter on the grounds that it is overbroad as to time and scope. Defendant further objects to this matter to the extent it seeks information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets. Defendant also objects to this matter to the extent it

OBJECTIONS TO NOTICE OF DEPOSITION OF REDFLEX (DE) PURSUANT
TO FED. R. CIV. P. 30(B)(6)
DWT 24454374v4 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   seeks information protected by the attorney-client privilege and/or the attorney-work

2   product doctrine or information created by or at the direction of an attorney in

3   anticipation of or for the purpose of litigation.

4

5       **DEPOSITION SUBJECT NO. 23**: The facts and circumstances regarding

6   Redflex DE's issuances of invoices, bills, and any other requests for payment

7   regarding Redflex CA Contracts.

8       OBJECTION TO DEPOSITION SUBJECT NO. 23:

9       Defendant objects that the matter for examination is unduly burdensome and

10  harassing in that it seeks information outside the permissible method and scope of

11  limited jurisdictional discovery provided by the Court's July 7, 2014 order.

12  Defendant further objects to this matter as unduly burdensome, harassing, and

13  unreasonably duplicative in that it seeks information that is the subject matter of

14  Plaintiff's requests for production and special interrogatories.   Defendant further

15  objects to this matter for examination on the grounds that it is vague and ambiguous,

16  including but not limited to use of the term "Redflex CA Contracts," and as to time.

17  Defendant further objects to this matter to the extent it calls for information neither

18  relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to

19  the discovery of admissible evidence.   Defendant further objects to this matter on the

20  ground that it is compound.   Defendant further objects to the matter on the grounds

21  that it is overbroad as to time and scope.   Defendant further objects to this matter to

22  the extent it seeks information which is protected from disclosure and discovery by

23  virtue of Defendant's rights to non-disclosure of confidential or proprietary

24  information, or trade secrets.   Defendant also objects to this matter to the extent it

25  seeks information protected by the attorney-client privilege and/or the attorney-work

26  product doctrine or information created by or at the direction of an attorney in

27  anticipation of or for the purpose of litigation.

28

24

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**DEPOSITION SUBJECT NO. 24:** The banking practices of Redflex CA.

**OBJECTION TO DEPOSITION SUBJECT NO. 24:**

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order. Defendant further objects to this matter as unduly burdensome, harassing, and unreasonably duplicative in that it seeks information that is the subject matter of Plaintiff's requests for production and special interrogatories. Defendant further objects to this matter for examination on the grounds that it is vague and ambiguous, including but not limited to use of the term "banking practices," and as to time. Defendant further objects to this matter to the extent it calls for information neither relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this matter on the ground that it is compound. Defendant further objects to the matter on the grounds that it is overbroad as to time and scope. Defendant further objects to this matter to the extent it seeks information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets. Defendant also objects to this matter to the extent it seeks information protected by the attorney-client privilege and/or the attorney-work product doctrine or information created by or at the direction of an attorney in anticipation of or for the purpose of litigation.

**DEPOSITION SUBJECT NO. 25:** The banking practices of Redflex DE.

**OBJECTION TO DEPOSITION SUBJECT NO. 25:**

Defendant objects that the matter for examination is unduly burdensome and harassing in that it seeks information outside the permissible method and scope of limited jurisdictional discovery provided by the Court's July 7, 2014 order. Defendant further objects to this matter as unduly burdensome, harassing, and

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

unreasonably duplicative in that it seeks information that is the subject matter of Plaintiff's requests for production and special interrogatories.   Defendant further objects to this matter for examination on the grounds that it is vague and ambiguous, including but not limited to use of the term "banking practices," and as to time. Defendant further objects to this matter to the extent it calls for information neither relevant to the issue of subject matter jurisdiction nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this matter on the ground that it is compound.  Defendant further objects to the matter on the grounds that it is overbroad as to time and scope.  Defendant further objects to this matter to the extent it seeks information which is protected from disclosure and discovery by virtue of Defendant's rights to non-disclosure of confidential or proprietary information, or trade secrets.  Defendant also objects to this matter to the extent it seeks information protected by the attorney-client privilege and/or the attorney-work product doctrine or information created by or at the direction of an attorney in anticipation of or for the purpose of litigation.

DATED: July 15, 2014

DAVIS WRIGHT TREMAINE LLP
JOHN P. LeCRONE
JONATHAN L. SEGAL
EVELYN F. WANG

By: _____
           John P. LeCrone
Attorneys for Defendants
REDFLEX TRAFFIC SYSTEMS, INC.
and REDFLEX TRAFFIC SYSTEMS
(CALIFORNIA), INC.

OBJECTIONS TO NOTICE OF DEPOSITION OF REDFLEX (DE) PURSUANT
TO FED. R. CIV. P. 30(B)(6)
DWT 24454374v4 0090234-000018

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## PROOF OF SERVICE BY ELECTRONIC MAIL

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On July 15, 2014, I served the foregoing document(s) described as:

**DEFENDANT REDFLEX TRAFFIC SYSTEMS, INC.'S OBJECTIONS TO NOTICE OF DEPOSITION OF REDFLEX TRAFFIC SYSTEMS, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)** on the interested parties to this action, by **Electronic Mail** by attaching a **true copy** of said document(s) to each addressee named below:

tbienert@bmkattorneys.com
mwilliams@bmkattorneys.com
amatin@bmkattorneys.com

**(ELECTRONIC MAIL)** – I served a true and correct copy by electronic delivery, to the interested parties in this action as indicated above.

Executed on July 15, 2014, Los Angeles, California.as follows:

| | | |
|---|---|---|
| | State | I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. |
| x | Federal | I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made. |

Lisa Hernandez
Print Name
Signature

27

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

EXHIBIT B

1  Thomas H. Bienert, Jr., State Bar No. 135311
   tbienert@bmkattorneys.com
2  Michael R. Williams, State Bar No. 192222
   mwilliams@bmkattorneys.com
3  Ali Matin, State Bar No. 268452
   amatin@bmkattorneys.com
4  BIENERT, MILLER & KATZMAN, PLC
5  903 Calle Amanecer, Suite 350
   San Clemente, California 92673
6  Telephone (949) 369-3700/Facsimile (949) 369-3701
7
   Attorneys for Plaintiff
8  AARON M. ROSENBERG

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12 AARON M. ROSENBERG, an individual,   Case No.14-cv-03420 GW (RZx)

13        Plaintiff,                     **FIRST REQUEST FOR PRODUCTION**
                                         **OF DOCUMENTS PROPOUNDED BY**
14                                       **PLAINTIFF AARON M. ROSENBERG**
   v.                                    **TO REDFLEX TRAFFIC SYSTEMS**
15                                       **(CALIFORNIA), INC.**
16 REDFLEX TRAFFIC SYSTEMS, INC.,
   an Arizona Corporation; REDFLEX
17 TRAFFIC SYSTEMS (CALIFORNIA),
   INC., a California Corporation; REDFLEX
18 TRAFFIC SYSTEMS, INC., a Delaware
   Corporation; REDFLEX HOLDINGS
19 LIMITED, an Australian form of
20 entity unknown; and DOES 1 through 25,
   inclusive,
21
22        Defendants.
23
24
25 **PROPOUNDING PARTY:    PLAINTIFF AARON M. ROSENBERG**
26 **RESPONDING PARTY:     DEFENDANT   REDFLEX   TRAFFIC   SYSTEMS**
27                        **(CALIFORNIA), INC.**
28 **SET NUMBER:           ONE [Requests 1 through 12]**

1

1    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff AARON M.
2  ROSENBERG    requests    that    Defendant    REDFLEX    TRAFFIC    SYSTEMS
3  (CALIFORNIA), INC., a Delaware corporation, produce and permit the inspection and/or
4  photocopying of the following DOCUMENTS and writings in the possession or under the
5  control of REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC., its agents, attorneys,
6  accountants, employees or other persons, acting or purporting to act on his behalf.

7    AARON M. ROSENBERG requests that the inspection and copying of such
8  DOCUMENTS take place within 10 days, pursuant to Court order, at the law offices of
9  Bienert, Miller & Katzman, PLC located at 903 Calle Amanecer, Suite 350, San Clemente,
10  California. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, you are required
11  to serve a written response to this request at the time of the production of the DOCUMENTS
12  responsive to this request. Any electronic DOCUMENTS produced in response to this
13  Request for Production of DOCUMENTS shall be produced in the form in which it is
14  ordinarily maintained.

15                          **DEFINITIONS AND INSTRUCTIONS**

16    1.    "YOU" or "YOUR" means Defendant REDFLEX TRAFFIC SYSTEMS
17  (CALIFORNIA), INC., including without limitation YOUR past and present officers,
18  directors, agents, employees, representatives, consultants, attorneys and others acting or
19  purporting to act on YOUR behalf.

20    2.    "REDFLEX CA" means Defendant REDFLEX TRAFFIC SYSTEMS
21  (CALIFORNIA), INC., including without limitation REDFLEX CA's past and present
22  officers, directors, agents, employees, representatives, consultants, attorneys and others
23  acting or purporting to act on behalf of REDFLEX CA.

24    3.    "REDFLEX DE" means Defendant REDFLEX TRAFFIC SYSTEMS, INC.,
25  a Delaware corporation, including without limitation REDFLEX DE's past and present
26  officers, directors, agents, employees, representatives, consultants, attorneys and others
27  acting or purporting to act on behalf of REDFLEX DE.

28  ///

2

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PLAINTIFF
AARON M. ROSENBERG TO REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC.

1      4.    "CONTRACT" means any contract, amendment to a contract, modification of

2  a contract, renewal of a contract, agreement, or understanding.

3      5.    "CONTRACTING PARTY" means any city, municipality, contractor,

4  subcontractor, vendor, client, customer, supplier, distributor, partnership, firm, association,

5  organization, business, trust group, governmental entity, quasi-public entity, and any other

6  form of legal entity, and their respective directors, officers, agents, employees,

7  representatives, and attorneys.

8      6.    "DEFENDANT" means each defendant named in the complaint filed in the

9  above-referenced matter, and each of its predecessors, successors, parent company(ies) or

10  subsidiaries, and their respective directors, officers, agents, employees, representatives,

11  attorneys, accountants, contractors and investigators, when acting in such capacity on behalf

12  of such DEFENDANT.

13      7.    "EMPLOYEE(S)" means any person who provided services requested by or

14  on behalf of YOU, including any PERSON who was paid wages or salary by YOU, which

15  includes YOUR independent contractors.

16      8.    "PERSON" means natural person, corporation, partnership, firm, association,

17  organization, business, trust group, governmental entity, quasi-public entity, and any other

18  form of legal entity, including their directors, officers, employees, subsidiaries, affiliates,

19  related entities, and agents.

20      9.    "RELATE TO" or "RELATING TO" or "RELATE" or "RELATING" or

21  "CONCERN" or "CONCERNING" are meant to be construed broadly and included within

22  their scope the terms supports, evidences, describes, summarizes, mentions, refers to,

23  contradicts, comprises, referring to, alluding to, responding to, regarding, pertaining to,

24  connected with, commenting on, in respect to, discussing, showing, reflecting, analyzing,

25  projecting, and constituting.

26      10.    "DOCUMENT" means any written or electronically stored information,

27  including writings, drawings, graphs, charts, photographs, sound recordings, images and

28  other data or data compilations, stored in any medium from which information can be

1    obtained either directly or, if necessary, after translation by the responding party into a

2    reasonably usable form, as well as any "writing" or "recording" as defined in Rule 1001(1)

3    of the Federal Rules of Evidence (the "FRE"), the "original" of any item defined in Rule

4    1001(1) of the FRE as provided in Rule 1001(3) of the FRE, and the "duplicate" of any item

5    defined in Rule 1001(1) of the FRE as provided in Rule 1001(4) of the FRE. This definition

6    encompasses any copies of an original DOCUMENT containing or having attached thereto

7    any alterations, notes, comments or other material not appearing on the original. This

8    definition also includes any files located on any media, including computer hard drives,

9    computer discs, computer tapes, computer compact discs, laptop or notebook computers,

10    and any home computers on which any business-related files reside. The term

11    "DOCUMENTS" also includes any and all drafts of, amendments, or supplements to any

12    of the foregoing, whether prepared by YOU or any other person, as well as copies of the

13    DOCUMENT that differs from the copy being produced (e.g., different copy is one that

14    contains handwritten notes, interlineations, or underlinings, or the like).

15    11.    "COMMUNICATION" means any oral or written statement, notation,

16    utterance, dialogue, colloquiums, discussion, conversation, agreement, or expression of any

17    nature whatsoever, by and to whomsoever made, including, but not limited to,

18    correspondence, conversation, telephone calls (including, without limitation, interoffice

19    telephone calls), meetings, dialogues, discussions, interviews, consultations, agreements,

20    and other understandings between or among two or more persons.

21    12.    As used here, the singular includes the plural, the plural includes the singular,

22    and the masculine, feminine, and neutral includes each of the other genders.

23    13.    The terms "and" as well as "or" shall be construed either disjunctively or

24    conjunctively as necessary to bring within scope any information which might otherwise be

25    construed to be outside the scope of this discovery request.

26    14.    The term "any" shall be understood to include and encompass "all" and vice

27    versa.

28    ///

4

1    15.    Each DOCUMENT is to be produced from the file in which such
2  DOCUMENT has been maintained and in the order within each file in which such
3  DOCUMENT has been maintained.

4    16.    YOU shall produce the original of each DOCUMENT described below or if
5  the original is not in his custody, then a copy thereof, and in any event, all non-identical
6  copies which differ from the original or from the other copies produced for any reason,
7  including, but not limited to, the making of notes thereon.

8    17.    If any DOCUMENT is withheld under a claim of privilege, so as to aid the
9  Court and the parties hereto to determine the validity of the claim of privilege, provide the
10 following information with respect thereto:

11       a.  The identity of the person who signed it or over whose name it was sent or
12           issued;

13       b.  The identity of the person to whom it was directed;

14       c.  The nature and substance of the DOCUMENT with sufficient particularity to
15           enable the Court and the parties to identify the DOCUMENT;

16       d.  The date of the DOCUMENT;

17       e.  The identity of the person who has custody of or control over the DOCUMENT
18           and each copy thereof;

19       f.  The identity of each other person to whom copies of the DOCUMENT were
20           furnished, together with their job title at the time they obtained the
21           DOCUMENT;

22       g.  The number of pages in the DOCUMENT;

23       h.  The basis on which any privilege is claimed; and

24       i.  Whether any non-privileged matter is included in the DOCUMENT.

25    18.    Whenever a DOCUMENT is not produced in full or is produced in redacted
26  form, so indicate on the DOCUMENT and state with particularity the reason or reasons it
27  ///
28  ///

5

1  is not being produced in full and describe to the best of your knowledge, information and
2  belief, and with as much particularity as possible, those portions of the DOCUMENT which
3  are not being produced.

4      19.    If a DOCUMENT responsive to these requests was at any time in YOUR
5  possession, custody or control but is no longer available for production, as to each such
6  DOCUMENT state the following information:

7          j.    Whether the DOCUMENT is missing or lost;
8          k.    Whether the DOCUMENT has been destroyed;
9          l.    Whether the DOCUMENT has been transferred or delivered to another person
10             and, if so, at whose request;
11         m. Whether the DOCUMENT has been otherwise disposed of; and
12         n.    A precise statement of the circumstances surrounding the disposition of the
13             DOCUMENT and the date of its disposition.

14     20.    With respect to any category of DOCUMENTS, the production of which YOU
15 contend is in some way "burdensome" or "oppressive," please state the specific reasons for
16 that objection.

17     21.    The relevant time period, unless otherwise indicated, shall be from January 1,
18 2002, through and including the date of Aaron Rosenberg's termination, and shall include
19 all DOCUMENTS and information which relate in whole or in part to such period, or to
20 events or circumstances during such period, even though dated, prepared, generated or
21 received prior or subsequent to that period.

22                   **REQUESTS**

23 **REQUEST FOR PRODUCTION NO. 1:**

24     All DOCUMENTS and COMMUNICATIONS that RELATE TO the formation,
25 organization, structure, and operation of REDFLEX CA, including without limitation
26 articles of incorporation, bylaws, board resolutions, and corporate governance manuals.
27 ///
28 ///

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS and COMMUNICATIONS that RELATE TO any direction given to Aaron Rosenberg to sign CONTRACTS on behalf of REDFLEX CA.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and COMMUNICATIONS stating or describing the reasons, basis, or rationale for having REDFLEX CA enter into CONTRACTS with California municipalities.

**REQUEST FOR PRODUCTION NO. 4:**

All CONTRACTS between REDFLEX CA and a CONTRACTING PARTY.

**REQUEST FOR PRODUCTION NO. 5:**

All CONTRACTS between REDFLEX DE and REDFLEX CA.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS that RELATE TO CONTRACTS between REDFLEX DE and REDFLEX CA.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS and COMMUNICATIONS that RELATE TO any CONTRACTS between REDFLEX CA and a CONTRACTING PARTY.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS and COMMUNICATIONS that RELATE TO REDFLEX CA invoicing, billing, and requests for payments to CONTRACTING PARTIES.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS and COMMUNICATIONS that RELATE TO any payments to REDFLEX CA on account of CONTRACTS between REDFLEX CA and CONTRACTING PARTIES.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS and COMMUNICATIONS that RELATE TO any payments to REDFLEX DE on account of CONTRACTS between REDFLEX CA and CONTRACTING PARTIES.

7

**REQUEST FOR PRODUCTION NO. 11:**

All financial reports and statements for REDFLEX CA, including without limitation quarterly and yearly financial reports.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all DOCUMENTS informing, advising, or disclosing to third parties, including without limitation the California municipalities with which REDFLEX CA entered into CONTRACTS, that REDFLEX CA is a "shell entity," that REDFLEX CA has no employees, and that Aaron Rosenberg never reported to or was supervised by REDFLEX CA.

Dated: July 11, 2014          BIENERT, MILLER & KATZMAN, PLC

By: _____
    Thomas H. Bienert, Jr.
    Michael R. Williams
    Ali Matin
    Attorneys for Plaintiff
    AARON M. ROSENBERG

## CERTIFICATE OF SERVICE

I, Coleen Grogan, declare,

That I am a citizen of the United States and am a resident or employed in Orange County, California; that my business address is 903 Calle Amanecer, Suite 350, San Clemente, California 92673; that I am over the age of 18 and not a party to the above-entitled action.

That I am employed by a member of the United States District Court for the Central District of California and at whose direction I caused service of: FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PLAINTIFF AARON M. ROSENBERG TO REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC., on the interested parties as follows:

[X]   **BY MAIL** - I deposited such envelope in the mail at San Clemente, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Clemente, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

JOHN P. LeCRONE
JONATHAN L. SEGAL
EVELYN F. WANG
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566

[X]   **BY ELECTRONIC TRANSMISSION** - I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated.

John P. LeCrone                    Jonathan L. Segal
johnlecrone@dwt.com                jonathansegal@dwt.com

Evelyn F. Wang
evelynwang@dwt.com

[  ]   (State)      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

1

1   [X]   (Federal)   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

2

3   Executed on July 11, 2014, at San Clemente, California.

4

5                                                    _____

6                                                        Coleen Grogan

7

8

9

10  151117-1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                    2

EXHIBIT C

1    Thomas H. Bienert, Jr., State Bar No. 135311
     tbienert@bmkattorneys.com
2    Michael R. Williams, State Bar No. 192222
3    mwilliams@bmkattorneys.com
     Ali Matin, State Bar No. 268452
4    amatin@bmkattorneys.com
     BIENERT, MILLER & KATZMAN, PLC
5    903 Calle Amanecer, Suite 350
6    San Clemente, California 92673
     Telephone (949) 369-3700/Facsimile (949) 369-3701
7
     Attorneys for Plaintiff
8    AARON M. ROSENBERG

9               UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12    AARON M. ROSENBERG, an individual,    Case No.14-cv-03420 GW (RZx)

13       Plaintiff,

14                        **FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PLAINTIFF AARON M. ROSENBERG TO REDFLEX TRAFFIC SYSTEMS, INC.**

15    v.

16    REDFLEX TRAFFIC SYSTEMS, INC.,
17    an Arizona Corporation; REDFLEX
     TRAFFIC SYSTEMS (CALIFORNIA),
18    INC., a California Corporation; REDFLEX
19    TRAFFIC SYSTEMS, INC., a Delaware
     Corporation; REDFLEX HOLDINGS
20    LIMITED, an Australian form of
21    entity unknown; and DOES 1 through 25,
     inclusive,
22
23       Defendants.

24

25    **PROPOUNDING PARTY:**    **PLAINTIFF AARON M. ROSENBERG**

26    **RESPONDING PARTY:**    **DEFENDANT REDFLEX TRAFFIC SYSTEMS, INC.**

27    **SET NUMBER:**    **ONE [Requests 1 through 12]**

28    ///

1

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PLAINTIFF
AARON M. ROSENBERG TO REDFLEX TRAFFIC SYSTEMS, INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff AARON M. ROSENBERG requests that Defendant REDFLEX TRAFFIC SYSTEMS, INC., a Delaware corporation, produce and permit the inspection and/or photocopying of the following DOCUMENTS and writings in the possession or under the control of REDFLEX TRAFFIC SYSTEMS, INC., its agents, attorneys, accountants, employees or other persons, acting or purporting to act on his behalf.

AARON M. ROSENBERG requests that the inspection and copying of such DOCUMENTS take place within 10 days, pursuant to Court order, at the law offices of Bienert, Miller & Katzman, PLC located at 903 Calle Amanecer, Suite 350, San Clemente, California. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, you are required to serve a written response to this request at the time of the production of the DOCUMENTS responsive to this request. Any electronic DOCUMENTS produced in response to this Request for Production of DOCUMENTS shall be produced in the form in which it is ordinarily maintained.

## DEFINITIONS AND INSTRUCTIONS

1.     "YOU" or "YOUR" means Defendant REDFLEX TRAFFIC SYSTEMS, INC., a Delaware corporation, including without limitation YOUR past and present officers, directors, agents, employees, representatives, consultants, attorneys and others acting or purporting to act on YOUR behalf.

2.     "REDFLEX CA" means Defendant REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC., including without limitation REDFLEX CA's past and present officers, directors, agents, employees, representatives, consultants, attorneys and others acting or purporting to act on behalf of REDFLEX CA.

3.     "REDFLEX DE" means Defendant REDFLEX TRAFFIC SYSTEMS, INC., a Delaware corporation, including without limitation REDFLEX DE's past and present officers, directors, agents, employees, representatives, consultants, attorneys and others acting or purporting to act on behalf of REDFLEX DE.

///

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PLAINTIFF
AARON M. ROSENBERG TO REDFLEX TRAFFIC SYSTEMS, INC.

4.     "CONTRACT" means any contract, amendment to a contract, modification of a contract, renewal of a contract, agreement, or understanding.

5.     "CONTRACTING PARTY" means any city, municipality, contractor, subcontractor, vendor, client, customer, supplier, distributor, partnership, firm, association, organization, business, trust group, governmental entity, quasi-public entity, and any other form of legal entity, and their respective directors, officers, agents, employees, representatives, and attorneys.

6.     "DEFENDANT" means each defendant named in the complaint filed in the above-referenced matter, and each of its predecessors, successors, parent company(ies) or subsidiaries, and their respective directors, officers, agents, employees, representatives, attorneys, accountants, contractors and investigators, when acting in such capacity on behalf of such DEFENDANT.

7.     "EMPLOYEE(S)" means any person who provided services requested by or on behalf of YOU, including any PERSON who was paid wages or salary by YOU, which includes YOUR independent contractors.

8.     "PERSON" means natural person, corporation, partnership, firm, association, organization, business, trust group, governmental entity, quasi-public entity, and any other form of legal entity, including their directors, officers, employees, subsidiaries, affiliates, related entities, and agents.

9.     "RELATE TO" or "RELATING TO" or "RELATE" or "RELATING" or "CONCERN" or "CONCERNING" are meant to be construed broadly and included within their scope the terms supports, evidences, describes, summarizes, mentions, refers to, contradicts, comprises, referring to, alluding to, responding to, regarding, pertaining to, connected with, commenting on, in respect to, discussing, showing, reflecting, analyzing, projecting, and constituting.

10.    "DOCUMENT" means any written or electronically stored information, including writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations, stored in any medium from which information can be

obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any "writing" or "recording" as defined in Rule 1001(1) of the Federal Rules of Evidence (the "FRE"), the "original" of any item defined in Rule 1001(1) of the FRE as provided in Rule 1001(3) of the FRE, and the "duplicate" of any item defined in Rule 1001(1) of the FRE as provided in Rule 1001(4) of the FRE. This definition encompasses any copies of an original DOCUMENT containing or having attached thereto any alterations, notes, comments or other material not appearing on the original. This definition also includes any files located on any media, including computer hard drives, computer discs, computer tapes, computer compact discs, laptop or notebook computers, and any home computers on which any business-related files reside. The term "DOCUMENTS" also includes any and all drafts of, amendments, or supplements to any of the foregoing, whether prepared by YOU or any other person, as well as copies of the DOCUMENT that differs from the copy being produced (e.g., different copy is one that contains handwritten notes, interlineations, or underlinings, or the like).

11. "COMMUNICATION" means any oral or written statement, notation, utterance, dialogue, colloquiums, discussion, conversation, agreement, or expression of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversation, telephone calls (including, without limitation, interoffice telephone calls), meetings, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

12. As used here, the singular includes the plural, the plural includes the singular, and the masculine, feminine, and neutral includes each of the other genders.

13. The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within scope any information which might otherwise be construed to be outside the scope of this discovery request.

14. The term "any" shall be understood to include and encompass "all" and vice versa.

///

15.   Each DOCUMENT is to be produced from the file in which such DOCUMENT has been maintained and in the order within each file in which such DOCUMENT has been maintained.

16.   YOU shall produce the original of each DOCUMENT described below or if the original is not in his custody, then a copy thereof, and in any event, all non-identical copies which differ from the original or from the other copies produced for any reason, including, but not limited to, the making of notes thereon.

17.   If any DOCUMENT is withheld under a claim of privilege, so as to aid the Court and the parties hereto to determine the validity of the claim of privilege, provide the following information with respect thereto:

    a. The identity of the person who signed it or over whose name it was sent or issued;

    b. The identity of the person to whom it was directed;

    c. The nature and substance of the DOCUMENT with sufficient particularity to enable the Court and the parties to identify the DOCUMENT;

    d. The date of the DOCUMENT;

    e. The identity of the person who has custody of or control over the DOCUMENT and each copy thereof;

    f. The identity of each other person to whom copies of the DOCUMENT were furnished, together with their job title at the time they obtained the DOCUMENT;

    g. The number of pages in the DOCUMENT;

    h. The basis on which any privilege is claimed; and

    i. Whether any non-privileged matter is included in the DOCUMENT.

18.   Whenever a DOCUMENT is not produced in full or is produced in redacted form, so indicate on the DOCUMENT and state with particularity the reason or reasons it is not being produced in full and describe to the best of your knowledge, information and

///

5

belief, and with as much particularity as possible, those portions of the DOCUMENT which are not being produced.

19.    If a DOCUMENT responsive to these requests was at any time in YOUR possession, custody or control but is no longer available for production, as to each such DOCUMENT state the following information:

j.    Whether the DOCUMENT is missing or lost;

k.    Whether the DOCUMENT has been destroyed;

l.    Whether the DOCUMENT has been transferred or delivered to another person and, if so, at whose request;

m.    Whether the DOCUMENT has been otherwise disposed of; and

n.    A precise statement of the circumstances surrounding the disposition of the DOCUMENT and the date of its disposition.

20.    With respect to any category of DOCUMENTS, the production of which YOU contend is in some way "burdensome" or "oppressive," please state the specific reasons for that objection.

21.    The relevant time period, unless otherwise indicated, shall be from January 1, 2002, through and including the date of Aaron Rosenberg's termination, and shall include all DOCUMENTS and information which relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period.

## REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS and COMMUNICATIONS that RELATE TO the formation, organization, structure, and operation of REDFLEX DE, including without limitation articles of incorporation, bylaws, board resolutions, and corporate governance manuals.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS and COMMUNICATIONS that RELATE TO any direction given to Aaron Rosenberg to sign CONTRACTS on behalf of REDFLEX CA.

6

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and COMMUNICATIONS stating or describing the reasons, basis, or rationale for having REDFLEX CA enter into CONTRACTS with California municipalities.

**REQUEST FOR PRODUCTION NO. 4:**

All CONTRACTS between REDFLEX CA and a CONTRACTING PARTY.

**REQUEST FOR PRODUCTION NO. 5:**

All CONTRACTS between REDFLEX DE and REDFLEX CA.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS that RELATE TO CONTRACTS between REDFLEX DE and REDFLEX CA.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS and COMMUNICATIONS that RELATE TO any CONTRACTS between REDFLEX CA and a CONTRACTING PARTY.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS and COMMUNICATIONS that RELATE TO REDFLEX CA invoicing, billing, and requests for payments to CONTRACTING PARTIES.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS and COMMUNICATIONS that RELATE TO any payments to REDFLEX CA on account of CONTRACTS between REDFLEX CA and CONTRACTING PARTIES.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS and COMMUNICATIONS that RELATE TO any payments to REDFLEX DE on account of CONTRACTS between REDFLEX CA and CONTRACTING PARTIES.

**REQUEST FOR PRODUCTION NO. 11:**

All financial reports and statements for REDFLEX DE, including without limitation quarterly and yearly financial reports.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all DOCUMENTS informing, advising, or disclosing to third parties, including without limitation the California municipalities with which REDFLEX CA entered into CONTRACTS, that REDFLEX CA is a "shell entity," that REDFLEX CA has no employees, and that Aaron Rosenberg never reported to or was supervised by REDFLEX CA.

Dated:  July 11, 2014                               BIENERT, MILLER & KATZMAN, PLC


                                                    By: _Ali Matin (AM)_____
                                                        Thomas H. Bienert, Jr.
                                                        Michael R. Williams
                                                        Ali Matin
                                                        Attorneys for Plaintiff
                                                        AARON M. ROSENBERG

## CERTIFICATE OF SERVICE

I, Coleen Grogan, declare,

That I am a citizen of the United States and am a resident or employed in Orange County, California; that my business address is 903 Calle Amanecer, Suite 350, San Clemente, California 92673; that I am over the age of 18 and not a party to the above-entitled action.

That I am employed by a member of the United States District Court for the Central District of California and at whose direction I caused service of: FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PLAINTIFF AARON M. ROSENBERG TO REDFLEX TRAFFIC SYSTEMS, INC., on the interested parties as follows:

[X] **BY MAIL** - I deposited such envelope in the mail at San Clemente, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Clemente, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

JOHN P. LeCRONE
JONATHAN L. SEGAL
EVELYN F. WANG
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566

[X] **BY ELECTRONIC TRANSMISSION** - I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated.

John P. LeCrone
johnlecrone@dwt.com

Jonathan L. Segal
jonathansegal@dwt.com

Evelyn F. Wang
evelynwang@dwt.com

[ ]  (State)   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

1

1     [X]     (Federal)     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

2

3     Executed on July 11, 2014, at San Clemente, California.

4

5

6                                     Coleen Grogan

7

8

9

10     151117-1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PLAINTIFF
AARON M. ROSENBERG TO REDFLEX TRAFFIC SYSTEMS, INC.

EXHIBIT D

1  Thomas H. Bienert, Jr., State Bar No. 135311
2  tbienert@bmkattorneys.com
   Michael R. Williams, State Bar No. 192222
3  mwilliams@bmkattorneys.com
   Ali Matin, State Bar No. 268452
4  amatin@bmkattorneys.com
   BIENERT, MILLER & KATZMAN, PLC
5  903 Calle Amanecer, Suite 350
   San Clemente, California 92673
6  Telephone (949) 369-3700/Facsimile (949) 369-3701
7
   Attorneys for Plaintiff
8  AARON M. ROSENBERG

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12  AARON M. ROSENBERG, an individual,     Case No.14-cv-03420 GW (RZx)

13         Plaintiff,                      **PLAINTIFF AARON M. ROSENBERG'S**
                                           **SPECIAL INTERROGATORIES TO**
14                                         **DEFENDANT REDFLEX TRAFFIC**
    v.                                     **SYSTEMS (CALIFORNIA), INC.**
15                                         **(JURISDICTION)**
16  REDFLEX TRAFFIC SYSTEMS, INC.,
    an Arizona Corporation; REDFLEX
17  TRAFFIC SYSTEMS (CALIFORNIA),
    INC., a California Corporation; REDFLEX
18  TRAFFIC SYSTEMS, INC., a Delaware
    Corporation; REDFLEX HOLDINGS
19  LIMITED, an Australian form of
20  entity unknown; and DOES 1 through 25,
    inclusive,
21
22
         Defendants.
23

24

25  **PROPOUNDING PARTY:**    **PLAINTIFF AARON M. ROSENBERG**

26  **RESPONDING PARTY:**     **DEFENDANT   REDFLEX   TRAFFIC   SYSTEMS**

27                           **(CALIFORNIA), INC.**

28  **SET NUMBER:**           **JURISDICTION**

                                    1

Pursuant to Rule 33 of Federal Rules of Civil Procedure, Plaintiff AARON M. ROSENBERG requests that Defendant REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC. respond to each of the following Special Interrogatories within 10 days, pursuant to Court order.

## DEFINITIONS AND INSTRUCTIONS

1.     "YOU" or "YOUR" means Defendant REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC., including without limitation YOUR past and present officers, directors, agents, employees, representatives, consultants, attorneys and others acting or purporting to act on YOUR behalf.

2.     "REDFLEX CA" means Defendant REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC., including without limitation REDFLEX CA's past and present officers, directors, agents, employees, representatives, consultants, attorneys and others acting or purporting to act on behalf of REDFLEX CA.

3.     "REDFLEX DE" means Defendant REDFLEX TRAFFIC SYSTEMS, INC., a Delaware Corporation, including without limitation REDFLEX DE's past and present officers, directors, agents, employees, representatives, consultants, attorneys and others acting or purporting to act on behalf of REDFLEX DE.

4.     "CONTRACT" means any contract, amendment to a contract, modification of a contract, renewal of a contract, agreement, or understanding.

5.     "CONTRACTING PARTY" means any city, municipality, contractor, subcontractor, vendor, client, customer, supplier, distributor, partnership, firm, association, organization, business, trust group, governmental entity, quasi-public entity, and any other form of legal entity, and their respective directors, officers, agents, employees, representatives, and attorneys.

6.     "DEFENDANT" means each defendant named in the Complaint filed in the above-referenced matter, and each of its predecessors, successors, parent company(ies) or subsidiaries, and their respective directors, officers, agents, employees, representatives,

///

2

PLAINTIFF AARON M. ROSENBERG'S SPECIAL INTERROGATORIES TO DEFENDANT
REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC. (JURISDICTION)

attorneys, accountants, contractors and investigators, when acting in such capacity on behalf of such DEFENDANT.

7.     "EMPLOYEE(S)" means any person who provided services requested by or on behalf of YOU, including any PERSON who was paid wages or salary by YOU, which includes YOUR independent contractors.

8.     "PERSON" means natural person, corporation, partnership, firm, association, organization, business, trust group, governmental entity, quasi-public entity, and any other form of legal entity, including their directors, officers, employees, subsidiaries, affiliates, related entities, and agents.

9.     The terms "RELATE TO" or "RELATING TO" or "RELATE" or "RELATING" or "CONCERN" or "CONCERNING" are meant to be construed broadly and included within their scope the terms supports, evidences, describes, summarizes, mentions, refers to, contradicts, comprises, referring to, alluding to, responding to, regarding, pertaining to, connected with, commenting on, in respect to, discussing, showing, reflecting, analyzing, projecting, and constituting.

10.    The term "IDENTIFY" refers to a request that YOU specify and describe, in detail, all facts and circumstances that RELATE TO the subject matter or event at issue. When "IDENTIFY" is used with respect to a PERSON, it means to state the PERSON's full name (in English, and also in the PERSON's native language if the name is not a native English name), present or last known home and office address, any known email addresses used by such individual, office and mobile telephone number of such individual, the occupation or business in which the individual is engaged, the individual's present or, if not available, last known employer and job title or position. When "IDENTIFY" is used with respect to an entity, it means to state the entity's full name, form of organization, jurisdiction of organization, present or last known address or principal place of business and telephone number, address and telephone number of place of business during the period covered by these interrogatories, and the type and nature of its business. When "IDENTIFY" is used with respect to a document, it means to state, to the extent known, the (i) type of document,

(ii) subject matter, (iii) date of the document, (iv) author(s), addressee(s), and recipient(s), (v) Bates number (if applicable), and the PERSON(S) who currently has possession, custody or control of the document.

11.    If YOU object to any portion of any interrogatory, respond to the portions to which YOUR objection(s) does not apply.

12.    These interrogatories are continuing in nature and require supplemental or additional responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

13.    If YOU believe a term, phrase or interrogatory is too ambiguous or vague to answer, state YOUR reasonable interpretation of it and answer based on that interpretation.

14.    If YOU are unable to answer any of the following interrogatories fully and completely, after exercising due diligence to secure the information necessary to make full and complete answers, so state.  In addition, answer each such interrogatory to the fullest extent possible, specifying YOUR knowledge and inability to answer the remainder, and state whatever information or knowledge YOU may have concerning the unanswered portions of the interrogatory.

15.    YOUR response to each interrogatory includes such information as is within YOUR custody, possession, or control, including available with reasonable diligence, or within the custody, possession, or control of YOUR attorneys, investigators, agents, employees, or other representatives.

16.    The words "and," "or," and "including," and similar words of guidance, are intended merely as such and should not be construed as words of limitation; the word "or," for example, includes the word "and," as appropriate and vice versa, and the word "including" shall not be used to limit any general category description that precedes it.

17.    The singular and feminine form of any noun or pronoun embraces the plural, masculine, and the neuter, except where circumstances clearly make it inappropriate, and vice versa.

18.    The words "any" and "each" encompasses "any," "anyone of," "each," or "all," whichever makes the request herein more inclusive.

4

19.     All other terms and phrases contained in the Interrogatories below shall be given their standard industry definition and/or their commonsense meaning, and shall be construed as broadly as possible.

20.     Unless otherwise indicated in a specific interrogatory, the relevant time period for these interrogatories is January 1, 2002 through the date of Aaron Rosenberg's termination.

### SPECIAL INTERROGATORIES

**(Jurisdiction)**

**SPECIAL INTERROGATORY NO. 1:**

IDENTIFY each PERSON who provided information or otherwise provided any assistance in the preparation of YOUR responses to these interrogatories, the title of each PERSON who provided information or assistance, and the interrogatory response(s) for which each PERSON provided information or assistance.

**SPECIAL INTERROGATORY NO. 2:**

IDENTIFY each PERSON who served as an officer of REDFLEX CA and the time period during which each PERSON served as an officer.

**SPECIAL INTERROGATORY NO. 3:**

IDENTIFY each PERSON who served as a board member of REDFLEX CA and the time period during which each PERSON served as a board member.

**SPECIAL INTERROGATORY NO. 4:**

IDENTIFY each PERSON who served as an employee of REDFLEX CA and the time period during which each PERSON served as an employee.

**SPECIAL INTERROGATORY NO. 5:**

IDENTIFY each CONTRACT between REDFLEX CA and a CONTRACTING PARTY, the PERSON who signed each CONTRACT on behalf of REDFLEX CA, and the date of each CONTRACT.

///

///

**SPECIAL INTERROGATORY NO. 6:**

DEFENDANTS' Supplemental Brief states: "Additionally, while Plaintiff signed several contracts on behalf of Redflex CA, he signed these contracts solely at the direction Redflex DE and only as an officer of Redflex DE." Suppl. Brief 5:3-5. IDENTIFY each PERSON at REDFLEX DE whom you contend directed Aaron Rosenberg to sign a CONTRACT on behalf of REDFLEX CA and the date that such direction was given.

**SPECIAL INTERROGATORY NO. 7:**

IDENTIFY each REDFLEX CA bylaw, corporate resolution, or other document that authorizes REDFLEX DE board members, officers, or employees to execute CONTRACTS on behalf of REDFLEX CA.

**SPECIAL INTERROGATORY NO. 8:**

IDENTIFY each REDFLEX DE bylaw, corporate resolution, or other document that authorizes REDFLEX DE board members, officers, or employees to execute contracts on behalf of REDFLEX CA.

**SPECIAL INTERROGATORY NO. 9:**

IDENTIFY each CONTRACT between REDFLEX CA and a CONTRACTING PARTY.

**SPECIAL INTERROGATORY NO. 10:**

IDENTIFY each payment made to REDFLEX CA that RELATES TO any CONTRACT between REDFLEX CA and a CONTRACTING PARTY.

**SPECIAL INTERROGATORY NO. 11:**

IDENTIFY each PERSON, other than REDFLEX CA, who received any payment that RELATES TO any CONTRACT between REDFLEX CA and a CONTRACTING PARTY.

**SPECIAL INTERROGATORY NO. 12:**

IDENTIFY each PERSON at REDFLEX CA who directed, supervised, or otherwise instructed Aaron Rosenberg, the title of each such PERSON, and the time period during which each such PERSON directed, supervised, or instructed Aaron Rosenberg.

1  **SPECIAL INTERROGATORY NO. 13:**

2        IDENTIFY each PERSON at REDFLEX DE who directed, supervised, or otherwise

3  instructed ROSENBERG, the title of each such PERSON, and the time period during which

4  each such PERSON directed, supervised, or instructed ROSENBERG.

5  **SPECIAL INTERROGATORY NO. 14:**

6        IDENTIFY each PERSON whom Aaron Rosenberg reported to at REDFLEX CA

7  and REDFLEX DE and the time period during which he reported to each PERSON.

8

9  Dated:  July 11, 2014                    BIENERT, MILLER & KATZMAN, PLC

10

11

12                                    By: _____
                                          Thomas H. Bienert, Jr.
13                                        Michael R. Williams
                                          Ali Matin
14                                        Attorneys for Plaintiff
                                          AARON M. ROSENBERG
15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF AARON M. ROSENBERG'S SPECIAL INTERROGATORIES TO DEFENDANT
REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC. (JURISDICTION)

# CERTIFICATE OF SERVICE

I, Coleen Grogan, declare,

That I am a citizen of the United States and am a resident or employed in Orange County, California; that my business address is 903 Calle Amanecer, Suite 350, San Clemente, California 92673; that I am over the age of 18 and not a party to the above-entitled action.

That I am employed by a member of the United States District Court for the Central District of California and at whose direction I caused service of: PLAINTIFF AARON M. ROSENBERG'S SPECIAL INTERROGATORIES TO DEFENDANT REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC. (JURISDICTION) on the interested parties as follows:

[X]   **BY MAIL** - I deposited such envelope in the mail at San Clemente, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Clemente, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

JOHN P. LeCRONE
JONATHAN L. SEGAL
EVELYN F. WANG
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566

[X]   **BY ELECTRONIC TRANSMISSION** - I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated.

John P. LeCrone
johnlecrone@dwt.com

Jonathan L. Segal
jonathansegal@dwt.com

Evelyn F. Wang
evelynwang@dwt.com

[ ]   (State)   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X]   (Federal)   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 11, 2014, at San Clemente, California.

_____
Coleen Grogan

EXHIBIT E

Thomas H. Bienert, Jr., State Bar No. 135311
tbienert@bmkattorneys.com
Michael R. Williams, State Bar No. 192222
mwilliams@bmkattorneys.com
Ali Matin, State Bar No. 268452
amatin@bmkattorneys.com
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700/Facsimile (949) 369-3701

Attorneys for Plaintiff
AARON M. ROSENBERG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON M. ROSENBERG, an individual, | Case No.14-cv-03420 GW (RZx) |
| Plaintiff, | **PLAINTIFF AARON M. ROSENBERG'S SPECIAL INTERROGATORIES TO DEFENDANT REDFLEX TRAFFIC SYSTEMS, INC. (JURISDICTION)** |
| v. | |
| REDFLEX TRAFFIC SYSTEMS, INC., an Arizona Corporation; REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC., a California Corporation; REDFLEX TRAFFIC SYSTEMS, INC., a Delaware Corporation; REDFLEX HOLDINGS LIMITED, an Australian form of entity unknown; and DOES 1 through 25, inclusive, | |
| Defendants. | |

**PROPOUNDING PARTY:** **PLAINTIFF AARON M. ROSENBERG**

**RESPONDING PARTY:** **DEFENDANT REDFLEX TRAFFIC SYSTEMS, INC.**

**SET NUMBER:** **JURISDICTION**

///

1

Pursuant to Rule 33 of Federal Rules of Civil Procedure, Plaintiff AARON M. ROSENBERG requests that Defendant REDFLEX TRAFFIC SYSTEMS, INC. respond to each of the following Special Interrogatories within 10 days, pursuant to Court order.

## DEFINITIONS AND INSTRUCTIONS

1. "YOU" or "YOUR" means Defendant REDFLEX TRAFFIC SYSTEMS, INC., a Delaware corporation, including without limitation YOUR past and present officers, directors, agents, employees, representatives, consultants, attorneys and others acting or purporting to act on YOUR behalf.

2. "REDFLEX CA" means Defendant REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC., including without limitation REDFLEX CA's past and present officers, directors, agents, employees, representatives, consultants, attorneys and others acting or purporting to act on behalf of REDFLEX CA.

3. "REDFLEX DE" means Defendant REDFLEX TRAFFIC SYSTEMS, INC., a Delaware corporation, including without limitation REDFLEX DE's past and present officers, directors, agents, employees, representatives, consultants, attorneys and others acting or purporting to act on behalf of REDFLEX DE.

4. "CONTRACT" means any contract, amendment to a contract, modification of a contract, renewal of a contract, agreement, or understanding.

5. "CONTRACTING PARTY" means any city, municipality, contractor, subcontractor, vendor, client, customer, supplier, distributor, partnership, firm, association, organization, business, trust group, governmental entity, quasi-public entity, and any other form of legal entity, and their respective directors, officers, agents, employees, representatives, and attorneys.

6. "DEFENDANT" means each defendant named in the Complaint filed in the above-referenced matter, and each of its predecessors, successors, parent company(ies) or subsidiaries, and their respective directors, officers, agents, employees, representatives, attorneys, accountants, contractors and investigators, when acting in such capacity on behalf of such DEFENDANT.

1    7.    "EMPLOYEE(S)" means any person who provided services requested by or

2    on behalf of YOU, including any PERSON who was paid wages or salary by YOU, which

3    includes YOUR independent contractors.

4    8.    "PERSON" means natural person, corporation, partnership, firm, association,

5    organization, business, trust group, governmental entity, quasi-public entity, and any other

6    form of legal entity, including their directors, officers, employees, subsidiaries, affiliates,

7    related entities, and agents.

8    9.    The terms "RELATE TO" or "RELATING TO" or "RELATE" or

9    "RELATING" or "CONCERN" or "CONCERNING" are meant to be construed broadly

10   and included within their scope the terms supports, evidences, describes, summarizes,

11   mentions, refers to, contradicts, comprises, referring to, alluding to, responding to,

12   regarding, pertaining to, connected with, commenting on, in respect to, discussing, showing,

13   reflecting, analyzing, projecting, and constituting.

14   10.   The term "IDENTIFY" refers to a request that YOU specify and describe, in

15   detail, all facts and circumstances that RELATE TO the subject matter or event at issue.

16   When "IDENTIFY" is used with respect to a PERSON, it means to state the PERSON's

17   full name (in English, and also in the PERSON's native language if the name is not a native

18   English name), present or last known home and office address, any known email addresses

19   used by such individual, office and mobile telephone number of such individual, the

20   occupation or business in which the individual is engaged, the individual's present or, if not

21   available, last known employer and job title or position. When "IDENTIFY" is used with

22   respect to an entity, it means to state the entity's full name, form of organization, jurisdiction

23   of organization, present or last known address or principal place of business and telephone

24   number, address and telephone number of place of business during the period covered by

25   these interrogatories, and the type and nature of its business. When "IDENTIFY" is used

26   with respect to a document, it means to state, to the extent known, the (i) type of document,

27   ///

28   ///

1  (ii) subject matter, (iii) date of the document, (iv) author(s), addressee(s), and recipient(s),

2  (v) Bates number (if applicable), and the PERSON(S) who currently has possession,

3  custody or control of the document.

4      11.    If YOU object to any portion of any interrogatory, respond to the portions to

5  which YOUR objection(s) does not apply.

6      12.    These interrogatories are continuing in nature and require supplemental or

7  additional responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

8      13.    If YOU believe a term, phrase or interrogatory is too ambiguous or vague to

9  answer, state YOUR reasonable interpretation of it and answer based on that interpretation.

10      14.    If YOU are unable to answer any of the following interrogatories fully and

11  completely, after exercising due diligence to secure the information necessary to make full

12  and complete answers, so state.  In addition, answer each such interrogatory to the fullest

13  extent possible, specifying YOUR knowledge and inability to answer the remainder, and

14  state whatever information or knowledge YOU may have concerning the unanswered

15  portions of the interrogatory.

16      15.    YOUR response to each interrogatory includes such information as is within

17  YOUR custody, possession, or control, including available with reasonable diligence, or

18  within the custody, possession, or control of YOUR attorneys, investigators, agents,

19  employees, or other representatives.

20      16.    The words "and," "or," and "including," and similar words of guidance, are

21  intended merely as such and should not be construed as words of limitation; the word "or,"

22  for example, includes the word "and," as appropriate and vice versa, and the word

23  "including" shall not be used to limit any general category description that precedes it.

24      17.    The singular and feminine form of any noun or pronoun embraces the plural,

25  masculine, and the neuter, except where circumstances clearly make it inappropriate, and

26  vice versa.

27      18.    The words "any" and "each" encompasses "any," "anyone of," "each," or

28  "all," whichever makes the request herein more inclusive.

19.     All other terms and phrases contained in the Interrogatories below shall be given their standard industry definition and/or their commonsense meaning, and shall be construed as broadly as possible.

20.     Unless otherwise indicated in a specific interrogatory, the relevant time period for these interrogatories is January 1, 2002 through the date of Aaron Rosenberg's termination.

## SPECIAL INTERROGATORIES

### (Jurisdiction)

**SPECIAL INTERROGATORY NO. 1:**

IDENTIFY each PERSON who provided information or otherwise provided any assistance in the preparation of YOUR responses to these interrogatories, the title of each PERSON who provided information or assistance, and the interrogatory response(s) for which each PERSON provided information or assistance.

**SPECIAL INTERROGATORY NO. 2:**

IDENTIFY each PERSON who served as an officer of REDFLEX DE and the time period during which each PERSON served as an officer.

**SPECIAL INTERROGATORY NO. 3:**

IDENTIFY each PERSON who served as a board member of REDFLEX DE and the time period during which each PERSON served as a board member.

**SPECIAL INTERROGATORY NO. 4:**

IDENTIFY each PERSON who served as an employee of REDFLEX DE and the time period during which each PERSON served as an employee.

**SPECIAL INTERROGATORY NO. 5:**

IDENTIFY each CONTRACT between REDFLEX CA and a CONTRACTING PARTY, the PERSON who signed each CONTRACT on behalf of REDFLEX CA, and the date of each CONTRACT.

///

///

**SPECIAL INTERROGATORY NO. 6:**

DEFENDANTS' Supplemental Brief states: "Additionally, while Plaintiff signed several contracts on behalf of Redflex CA, he signed these contracts solely at the direction Redflex DE and only as an officer of Redflex DE." Suppl. Brief 5:3-5. IDENTIFY each PERSON at REDFLEX DE whom you contend directed Aaron Rosenberg to sign a CONTRACT on behalf of REDFLEX CA and the date that such direction was given.

**SPECIAL INTERROGATORY NO. 7:**

IDENTIFY each REDFLEX CA bylaw, corporate resolution, or other document that authorizes REDFLEX DE board members, officers, or employees to execute CONTRACTS on behalf of REDFLEX CA.

**SPECIAL INTERROGATORY NO. 8:**

IDENTIFY each REDFLEX DE bylaw, corporate resolution, or other document that authorizes REDFLEX DE board members, officers, or employees to execute contracts on behalf of REDFLEX CA.

**SPECIAL INTERROGATORY NO. 9:**

IDENTIFY each CONTRACT between REDFLEX CA and a CONTRACTING PARTY.

**SPECIAL INTERROGATORY NO. 10:**

IDENTIFY each payment made to REDFLEX CA that RELATES TO any CONTRACT between REDFLEX CA and a CONTRACTING PARTY.

**SPECIAL INTERROGATORY NO. 11:**

IDENTIFY each PERSON, other than REDFLEX CA, who received any payment that RELATES TO any CONTRACT between REDFLEX CA and a CONTRACTING PARTY.

**SPECIAL INTERROGATORY NO. 12:**

IDENTIFY each PERSON at REDFLEX CA who directed, supervised, or otherwise instructed Aaron Rosenberg, the title of each such PERSON, and the time period during which each such PERSON directed, supervised, or instructed Aaron Rosenberg.

**SPECIAL INTERROGATORY NO. 13:**

IDENTIFY each PERSON at REDFLEX DE who directed, supervised, or otherwise instructed Aaron Rosenberg, the title of each such PERSON, and the time period during which each such PERSON directed, supervised, or instructed Aaron Rosenberg.

**SPECIAL INTERROGATORY NO. 14:**

IDENTIFY each PERSON whom Aaron Rosenberg reported to at REDFLEX CA and REDFLEX DE and the time period during which he reported to each PERSON.

Dated:  July 11, 2014                         BIENERT, MILLER & KATZMAN, PLC


                                              By: _____
                                                 Thomas H. Bienert, Jr.
                                                 Michael R. Williams
                                                 Ali Matin
                                                 Attorneys for Plaintiff
                                                 AARON M. ROSENBERG

PLAINTIFF AARON M. ROSENBERG'S SPECIAL INTERROGATORIES TO DEFENDANT
REDFLEX TRAFFIC SYSTEMS, INC. (JURISDICTION)

## CERTIFICATE OF SERVICE

I, Coleen Grogan, declare,

That I am a citizen of the United States and am a resident or employed in Orange County, California; that my business address is 903 Calle Amanecer, Suite 350, San Clemente, California 92673; that I am over the age of 18 and not a party to the above-entitled action.

That I am employed by a member of the United States District Court for the Central District of California and at whose direction I caused service of: PLAINTIFF AARON M. ROSENBERG'S SPECIAL INTERROGATORIES TO DEFENDANT REDFLEX TRAFFIC SYSTEMS, INC. (JURISDICTION) on the interested parties as follows:

[X] **BY MAIL** - I deposited such envelope in the mail at San Clemente, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Clemente, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

JOHN P. LeCRONE
JONATHAN L. SEGAL
EVELYN F. WANG
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566

[X] **BY ELECTRONIC TRANSMISSION** - I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated.

John P. LeCrone                    Jonathan L. Segal
johnlecrone@dwt.com                jonathansegal@dwt.com

Evelyn F. Wang
evelynwang@dwt.com

[ ]   (State)      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

---

1    [X]    (Federal)    I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct.

2

3      Executed on July 11, 2014, at San Clemente, California.

4

5                      _____

6                          Coleen Grogan

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28