# EXHIBIT "A"

# BIENERT, MILLER & KATZMAN
A Professional Law Corporation

July 16, 2014

**Via E-Mail** (johnlecrone@dwt.com)

John P. LeCrone, Esq.
Davis Wright Tremaine LLP
865 South Figueroa Street
Los Angeles, CA 90017

    In re:   *Rosenberg v. Redflex et al.*

Dear John:

    I write in response to your letter and discovery objections served yesterday.

    On July 7, the Court permitted the parties to engage in discovery on the issue of subject matter jurisdiction. Contrary to your position, the Court did not prohibit the parties—either at the hearing or pursuant to its minute order—from taking depositions. Thus, Defendants' refusal to allow Rule 30(b)(6) depositions from proceeding is contrary to the Court's July 7 order.

    As you know, documents, interrogatories, and oral examinations are different types of discovery that serve different functions. They are not, as Defendants suggest, duplicative of one another. Depositions are a necessary component of discovery because they provide an opportunity to question witnesses regarding pertinent documents and elicit complete answers. Depositions are especially important here because Defendants have filed four declarations from Redflex employees regarding issues that the Court has indicated it views as relevant to determining the employment relationship between Mr. Rosenberg and Redflex CA. Indeed, the declarations reveal, among other things, that much of the relevant testimonial and documentary evidence is within Defendants' exclusive control. Under the Court's July 7 order, Mr. Rosenberg is entitled to an opportunity to cross examine these witnesses.

    The topics in the Rule 30(b)(6) notices are squarely directed at the issue of the Court's jurisdiction. Each of them relates to one or more statements made by Redflex's declarants. To help illustrate this point, below please find a chart containing excerpts of the testimony offered by Redflex's declarants and the corresponding Rule 30(b)(6) topics. Please note that the chart is merely a sampling and not intended to be exhaustive.

**BIENERT, MILLER & KATZMAN**
A Professional Law Corporation

John P. LeCrone, Esq.
July 16, 2014
Page 2

| Declarant | Testimony | Topics for Redflex CA Rule 30(b)(6) | Topics for Redflex DE Rule 30(b)(6) |
|---|---|---|---|
| DeVincenzi Decl. ¶ 5 | Based on my review of business records, I am informed and believe that Redflex CA does not, and at all relevant times to this action did not, employ Aaron Rosenberg. Based upon my knowledge that Redflex CA did not employ Aaron Rosenberg, Redflex CA did not have the authority to, and did not, exercise control over Mr. Rosenberg's hours of work, type of work, place of work or working conditions.  Redflex CA did not have the power to, and did not, supervise Mr. Rosenberg. Furthermore, Redflex CA did not have the authority to, and did not, negotiate or set Mr. Rosenberg's salary or make any decisions affecting the terms and conditions of Mr. Rosenberg's employment. Redflex CA did not have the authority to, and did not, discipline Mr. Rosenberg or make the decision to separate Mr. Rosenberg from employment. | Nos. 1-6 | Nos. 1-6 |
| DeVincenzi Decl. ¶ 7 | In his position as Executive Vice President of Sales and Business, Mr. Rosenberg reported to Karen Finley, the former Chief Executive Officer of Redflex DE. | Nos. 1-6 | Nos. 1-6 |
| DeVincenzi Decl. ¶ 8 | Redflex DE had the authority to, and did, exercise control over Mr. Rosenberg's hours of work, type of work, place of work and working conditions.  While Redflex DE permitted Mr. Rosenberg to work, in part, from California, where he maintains his residence, Mr. Rosenberg at all times reported to supervisors at Redflex DE. | Nos. 1-6 | Nos. 1-6 |

**BIENERT, MILLER & KATZMAN**
A Professional Law Corporation

John P. LeCrone, Esq.
July 16, 2014
Page 3

| Anton Dec. ¶ 4 | I am unaware of Red flex CA ever having an employee and I am unaware of any employment records that would suggest otherwise. | Nos. 1-9 | Nos. 1-9 |
|---|---|---|---|
| Anton Decl. ¶ 7 | At all times during his employment with Redflex DE, Plaintiff reported solely to the Chief Executive Officer of Redflex DE. As Redflex CA did not have any employees, Plaintiff never replied to or was supervised by an employee of Redflex CA. | Nos. 1-9 | Nos. 1-9 |
| Anton Decl. ¶ 8 | Redflex DE had the exclusive authority to hire, supervise, discipline, promote, control or discharge Plaintiff. Redflex CA never had authority to—and accordingly did not—hire, supervise, discipline, promote, control, or discharge any employee of Redflex DE, including Plaintiff. | Nos. 1-9 | Nos. 1-9 |
| Anton Decl. ¶ 9 | Redflex CA never had authority to—and accordingly did not—provide training for any employee of Redflex DE, including Plaintiff. | Nos. 5-6 | Nos. 5-6 |
| Anton Decl. ¶ 10 | Redflex DE exclusively assigned Plaintiff his work location and established Plaintiffs work schedule and assignments. Redflex CA never had authority to—and accordingly did not—establish Plaintiff's work schedules and assignments, or the work schedules and assignments of any employee of Redflex DE. | Nos. 1-9 | Nos. 1-9 |
| Anton Decl. ¶ 13 | As Redflex CA has no employees, no payroll, and never has had any employees, Plaintiff never supervised any employee of Redflex CA. | Nos. 1-9 | Nos. 1-9 |
| Dwiggns Decl. ¶ 4 | Redflex CA has no employees, no payroll, and never has had any employees. All actions of Redflex CA are undertaken by Redflex DE employees under the supervision of Redflex | Nos. 1-9 | Nos. 1-9 |

**BIENERT, MILLER & KATZMAN**
A Professional Law Corporation

John P. LeCrone, Esq.
July 16, 2014
Page 4

| | | | |
|---|---|---|---|
| | DE employees. | | |
| Dwiggns Dec. ¶ 5 | Several contracts with Redflex DE California customers are in the name of Redflex CA rather than Redflex DE. All work under such contracts is provided by Redflex DE employees and supervised by Redflex DE managers. | Nos. 1-16 | Nos. 1-16 |
| Dwiggns Decl. ¶ 8 | As an officer of Redflex DE, Plaintiff signed several contracts on behalf of Redflex CA. He signed these contracts solely at the direction of Redflex DE and only as an officer of Redflex DE. Plaintiff was never an officer of Redflex CA and never held a title with Redflex CA. | Nos. 1-16 | Nos. 1-16 |
| Huson Decl. ¶ 5 | As Controller and in the course of performing my duties as Controller for Redflex DE, I have personal knowledge that several contracts with Redflex DE California customers are in the name of Red flex CA rather than Redflex DE. All work under such contracts is performed solely by Redflex DE employees and supervised solely by Redflex DE managers. Redflex CA has no employees and no payroll. | Nos. 1-16 | Nos. 1-16 |

In addition, many of the topics contained in the notices also relate to representations made at the most recent telephonic hearing, including that Redflex CA did not receive any of the revenue generated under the contracts it entered into with California cities. This representation is specifically addressed by topics 17 through 25 of each notice. The notices also contain topics relating directly to assertions contained in Defendants' briefs, including the claim that Redflex CA is nothing but a "shell entity." This claim is expressly addressed by topics 9 and 10.

As shown above, the notices properly relate to the issue of subject matter jurisdiction. Thus, Defendants' generalized, boilerplate objections to all listed topics in the Rule 30(b)(6) notices are improper. *See, e.g., Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all.").

**BIENERT, MILLER & KATZMAN**
A Professional Law Corporation

John P. LeCrone, Esq.
July 16, 2014
Page 5

      We are willing to meet and confer regarding issues that you may have regarding specific topics. All you have offered so far, however, is a blanket objection, and we are not willing forego our right to depose witnesses. Indeed, we explicitly raised the need to depose relevant witnesses in his most recent supplemental briefing with the Court. Defendants' suggestion that the Court has either explicitly or implicitly excluded one of the primary methods of discovery is incorrect.

      Finally, Defendants are not the sole parties that have to bear the costs of depositions. Mr. Rosenberg seeks necessary discovery because Defendants removed this action on the basis of his alleged lack of employment with Redflex CA. But for Defendants' efforts, discovery would not be required at this stage in the litigation.

      To the extent Defendants attempt to relieve themselves from proffering witnesses through the *ex parte* process, Defendants would be causing unnecessary expense. Mr. Rosenberg's right to depose appropriate witnesses regarding issues raised by Defendants is an uncontroversial proposition. Accordingly, we request that you reconsider your refusal to produce witnesses and cooperate with discovery. Instead, we ask that you work with us to coordinate necessary depositions so that discovery can be completed within the timeframe envisioned by the Court to the benefit of all parties.

      Very truly yours,

      BIENERT, MILLER & KATZMAN, PLC

      Michael R. Williams

cc:    Jonathan Segal, Esq. (jonathansegal@dwt.com)
       Evelyn Wang, Esq. (evelynwang@dwt.com)

152184-1